MALCOLM A. HEINICKE (State Bar No. 194174)
TYLER ROOZEN (State Bar No. 248669)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4001
E-mail:          Malcolm.Heinicke@mto.com

TERRY SANCHEZ (State Bar No. 101318)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702
E-mail:          Terry.Sanchez@mto.com

Attorneys for Defendant
SHEA MORTGAGE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY R. CARR individually, and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    vs.<br><br>SHEA MORTGAGE INC.<br><br>           Defendant. | CASE NO. C07-04230 (BZ)<br><br>**DEFENDANT SHEA MORTGAGE INC.'S ANSWER TO PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |

Defendant Shea Mortgage Inc. (herein "Shea Mortgage" or "the Company") hereby answers the allegations contained in Plaintiff Sherry R. Carr's ("Plaintiff" or "Plaintiff Carr") Class/Collective Action Complaint For Damages, Injunctive Relief and Restitution ("Complaint") as follows:

## PRELIMINARY STATEMENT

1. The allegations in Paragraph No. 1 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 1, and in particular, denies that this action is appropriate for class or collective action treatment.

2. The allegations in Paragraph No. 2 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage admits that the Court currently has jurisdiction over Plaintiff's state law claims, but denies that these claims are valid.

3. Paragraph No. 3 of the Complaint states the time period that Plaintiff has assigned to the term "California class period" and therefore no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 3, and in particular, denies that this action is appropriate for class or collective action treatment and denies that it has violated any California wages and hours law at any time, including during the alleged "California class period."

4. Paragraph No. 4 of the Complaint states the time period that Plaintiff has assigned to the term "FLSA class period" and therefore no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 4, and in particular, denies that this action is appropriate for class or collective action treatment, denies that it has violated the FLSA at any time, including during the "FLSA class period," and denies that any violations of the FLSA, if established, were willful.

5. Shea Mortgage admits that individuals employed by the Company in the position of Loan Counselor ("Loan Counselors") were classified as "exempt" and not paid premium hourly overtime wages. Shea Mortgage further admits that because it classified its Loan

Counselors as "exempt" employees, the Company did not provide Loan Counselors with semimonthly statements reflecting the total number of hours worked and the hourly rates in effect during that time period in the same manner they provided such information to "non-exempt" employees. Shea Mortgage denies the remaining allegations in Paragraph No. 5 of the Complaint.

**INTRODUCTION**

6. The allegations in Paragraph No. 6 of the Complaint state purported summaries of law to which no response is required. To the extent a response is required, Shea Mortgage responds that the text and history of the pertinent law speak for themselves.

7. The allegations in Paragraph No. 7 of the Complaint state purported summaries of law to which no response is required. To the extent a response is required, Shea Mortgage responds that the text and history of the pertinent law speak for themselves.

8. The allegations in Paragraph No. 8 of the Complaint state purported summaries of law to which no response is required. To the extent a response is required, Shea Mortgage responds that the text and history of the pertinent law speak for themselves.

9. The allegations in Paragraph No. 9 of the Complaint regarding the conclusions of certain unidentified "federal and California studies" are imprecise and general in nature and on that basis, Shea Mortgage denies those allegations.

10. Shea Mortgage denies that it is a subsidiary and owned principally by J.F. Shea Co., Inc. Shea Mortgage further denies that Shea Homes, Inc. is a subsidiary of J.F. Shea Co., Inc. Shea Mortgage admits that J.F. Shea Co., Inc. is a privately-held corporation. Shea Mortgage further admits that Shea Homes Limited Partnership, d.b.a. Shea Homes, is a builder of residential communities in a limited number of states throughout the United States. Specifically, Shea Mortgage admits that Shea Homes has built residential communities in Arizona, California, Colorado, North Carolina, South Carolina, and Washington.

11. Shea Mortgage admits that it offers financing services, including mortgage products, to purchasers of residential properties built by Shea Homes. Shea Mortgage further admits that it is licensed to do business in Arizona, California, Colorado, North Carolina, South

1  Carolina, and Washington, among other states.  The remaining allegations in Paragraph No. 11 of
2  the Complaint are imprecise and general in nature and on that basis, Shea Mortgage denies those
3  remaining allegations.

4          12.     Shea Mortgage admits that it has and continues to operate branch offices
5  located in different parts of California and in states outside of California that offer financing
6  services, including mortgage products, to purchasers of residential properties built by Shea
7  Homes.  Plaintiff's allegation that Shea Mortgage "has employed scores of individuals in recent
8  years as Loan Counselors" is imprecise and general in nature and on that basis, Shea Mortgage
9  denies that allegation.  The remaining allegations in Paragraph No. 12 of the Complaint state
10 conclusions of law to which no response is required.  To the extent a response is required, Shea
11 Mortgage denies the remaining allegations in Paragraph No. 12.

12         13.     Shea Mortgage denies the allegations in Paragraph No. 13 of the
13 Complaint.

14         14.     Shea Mortgage denies the allegations in Paragraph No. 14 of the
15 Complaint.

16         15.     Shea Mortgage admits that Loan Counselors were classified as "exempt"
17 and not paid premium hourly overtime wages.  Shea Mortgage denies the remaining allegations in
18 Paragraph No. 15 of the Complaint.

19 **JURISDICTION AND VENUE**

20         16.     The allegations in Paragraph No. 16 of the Complaint state conclusions of
21 law to which no response is required.  To the extent a response is required, Shea Mortgage admits
22 that the Court has jurisdiction over the federal and state claims Plaintiff has asserted in her
23 Complaint.

24         17.     The allegations in Paragraph No. 17 of the Complaint state conclusions of
25 law to which no response is required.  To the extent a response is required, Shea Mortgage admits
26 that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391.  Shea
27 Mortgage further admits that it maintains offices, transacts business, and has agents within the
28 Northern District of California and is within this Court's jurisdiction for purposes of service of

1  process. Shea Mortgage further admits that it has employed Loan Counselors in this judicial
2  district, in other districts in California, and in districts outside of California. Plaintiff's allegation
3  that "Shea Mortgage operates said facilities and has employed numerous class members in this
4  judicial district as well as throughout the state of California and beyond" is imprecise and general
5  in nature and on that basis, Shea Mortgage denies that allegation. Shea Mortgage denies the
6  remaining allegations in Paragraph No. 17.

## PLAINTIFF(S)

8        18.    Shea Mortgage admits that Plaintiff Carr was employed by Shea Mortgage
9  as a Loan Counselor at one or more of the Company's California branch offices during some
10 portion of the time periods alleged to be relevant in the Complaint. Shea Mortgage denies the
11 remaining allegations in Paragraph No. 18 of the Complaint.

12       19.    Shea Mortgage denies the allegations in Paragraph No. 19 of the
13 Complaint.

14       20.    The allegations in Paragraph No. 20 of the Complaint describe the
15 definition that Plaintiff has assigned to the terms "Plaintiff(s)" and "classes" as used in her
16 Complaint to which no response is required. To the extent a response is required, Shea Mortgage
17 denies the allegations in Paragraph No. 20, and in particular, denies that this action is appropriate
18 for class or collective action treatment.

19       21.    The allegations in Paragraph No. 21 of the Complaint describe the
20 definition that Plaintiff has assigned to the terms "FLSA class" and "California class" as used in
21 her complaint to which no response is required. To the extent a response is required, Shea
22 Mortgage denies the allegations in Paragraph No. 21, and in particular, denies that this action is
23 appropriate for class or collective action treatment.

24       22.    Shea Mortgage admits that Plaintiff Carr was employed as a Loan
25 Counselor by Shea Mortgage Inc. out of one or more California branch offices at some point
26 during the periods alleged to be relevant in the Complaint. Shea Mortgage denies, however, that
27 this action is appropriate for class or collective action treatment.
28

**DEFENDANT**

23. Shea Mortgage admits that, at all times relevant to this suit, Shea Mortgage was and is a corporation and/or other business entity, duly licensed, with offices located in this judicial district, in other judicial districts in California, and in judicial districts in states outside of California. Shea Mortgage further admits that it has offices or business locations in California as well as other states in the nation.

24. The allegations in Paragraph No. 24 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 24.

**CLASS ACTION ALLEGATIONS**

25. The allegations in Paragraph No. 25 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, Shea Mortgage denies that this lawsuit is appropriate for class or collective action treatment or that "the FLSA class" or the "California class," as those terms are defined in Plaintiff's Complaint, are proper classes.

26. The allegations in Paragraph No. 26 of the Complaint state Plaintiff's intent to exclude Shea Mortgage, its officers, and directors from each of the putative classes described in Paragraph No. 25 of the Complaint to which no response is required. To the extent a response is required, Shea Mortgage denies that this lawsuit is appropriate for class or collective action treatment.

27. The allegations in Paragraph No. 27 of the Complaint and its subsections state conclusions of law and class allegations to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 27 and its subsections, and in particular, Shea Mortgage denies that this action is appropriate for class action or collective action treatment.

**COMMON FACTUAL ALLEGATIONS**

28. Shea Mortgage denies the allegations in Paragraph No. 28 of the Complaint.

1    29.    Shea Mortgage denies the allegations in Paragraph No. 29 of the
2    Complaint.

3    30.    Shea Mortgage denies the allegations in Paragraph No. 30 of the
4    Complaint.

5    31.    The allegations in Paragraph No. 31 of the Complaint contain an alleged
6    paraphrasing of the California Labor Code (including §§ 201, 202, and 203) to which no response
7    is required.  To the extent a response is required, Shea Mortgage responds that the terms of the
8    statute speak for themselves, and it denies that it violated these statutes.

9    32.    Shea Mortgage admits that because it classified its Loan Counselors as
10   "exempt" employees, it did not keep hourly time records for Loan Counselors in the same manner
11   that the Company kept hourly time records for "non-exempt" employees.  Shea Mortgage further
12   admits that because it classified its Loan Counselors as "exempt" employees, it did not provide
13   Loan Counselors semimonthly statements reflecting the total number of hours worked and the
14   hourly rates in effect during that time period in the same manner that they provided such
15   information to "non-exempt" employees.  The remaining allegations in Paragraph No. 32 of the
16   Complaint state conclusions of law to which no response is required.  To the extent a response is
17   required, Shea Mortgage denies the remaining allegations in Paragraph No. 32.

18   33.    Shea Mortgage denies the allegations in Paragraph No. 33 of the
19   Complaint.

20   34.    Shea Mortgage admits that more than 30 days have passed since Plaintiff
21   Carr left Shea Mortgage's employ.  Shea Mortgage further admits that more than 30 days have
22   passed since certain other Loan Counselors who fall within the alleged "California class," as that
23   term is defined in Plaintiff's Complaint, left their employment with the Company.

24   35.    Shea Mortgage denies the allegations in Paragraph No. 35 of the
25   Complaint.

26   36.    Shea Mortgage denies the allegations in Paragraph No. 36 of the
27   Complaint.
28

37. Shea Mortgage denies the allegations in Paragraph No. 37 of the Complaint.

38. Shea Mortgage denies the allegations in Paragraph No. 38 of the Complaint.

39. Paragraph No. 39 of the Complaint states Plaintiff Carr's intent to seek certain types of remedies to which no response is required. To the extent a response is necessary, Shea Mortgage denies that this lawsuit is appropriate for class or collective action treatment and denies that Plaintiff or members of the putative class or collective action are entitled to any relief whatsoever. Shea Mortgage denies the remaining allegations in Paragraph No. 39.

## FIRST CLAIM FOR RELIEF
### UNLAWFUL FAILURE TO PAY ALL WAGES DUE
**(Violation of FLSA - FLSA Class Only)**

40. The allegations in Paragraph No. 40 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, Shea Mortgage denies any allegations not specifically admitted elsewhere.

41. The allegations in Paragraph No. 41 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage admits that it is an employer engaged in commerce, as defined under 29 U.S.C. § 203(b), and that its Loan Counselors engaged in and continue to engage in commerce as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).

42. The allegations in Paragraph No. 42 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage admits the allegations in Paragraph 42.

43. The allegations in Paragraph No. 43 of the Complaint contain an alleged quotation of a section of the FLSA (29 U.S.C. § 207(a)(1)) to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the statute speak for themselves. Shea Mortgage denies the remaining allegations in Paragraph No. 43.

44. Shea Mortgage admits that Loan Counselors were classified as "exempt" and therefore not paid premium overtime wages. Shea Mortgage denies the remaining allegations in Paragraph No. 44 of the Complaint.

45. Paragraph No. 45 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 45.

46. Paragraph No. 46 of the Complaint states Plaintiff Carr's intent to undertake proceedings to notify the putative FLSA class of the pendency of this action and to provide an opportunity to opt-in to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 46, and in particular, denies that members of the putative FLSA class should receive notice of this action or be given an opportunity to opt-in to the action by filing written consents because this lawsuit is inappropriate for collective action treatment.

47. The allegations in Paragraph No. 47 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 47, and in particular, denies that this action is appropriate for class or collective action treatment and denies that Plaintiff or members of the putative class or collective action are entitled to any relief whatsoever.

**SECOND CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY ALL WAGES DUE**
**(Violation of California Wage Order and California Labor Code - California Class Only)**

48. The allegations in Paragraph No. 48 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, Shea Mortgage denies any allegations not specifically admitted elsewhere.

49. Shea Mortgage admits that Plaintiff and other members of the putative "California class" were, by Plaintiff's definition of that term, employed by and did perform work for the Company. Shea Mortgage denies the remaining allegations in Paragraph No. 49 of the Complaint.

1         50.     Shea Mortgage denies the allegations in Paragraph No. 50 of the Complaint.

3         51.     Shea Mortgage denies the allegations in Paragraph No. 51 of the Complaint.

5         52.     Shea Mortgage admits that, at all times relevant to this action, the Company was aware of or on constructive notice of its responsibilities to comply with the statutes identified in Paragraph No. 52 of the Complaint.  Shea Mortgage denies, however, that the Company failed to comply with any of those statutes at any time, including time relevant to this action.

10         53.     The allegations in Paragraph No. 53 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 53.

13         54.     The allegations in Paragraph No. 54 of the Complaint state conclusions of law and class allegations to which no response is required.  To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 54, and in particular, denies that this action is appropriate for class or collective action treatment and denies that Plaintiff or members of the putative class or collective action are entitled to any relief whatsoever.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(California Labor Code §§ 226.7 and 512 - California Class Only)

20         55.     The allegations in Paragraph No. 55 of the Complaint reincorporate previously asserted allegations and no additional response is required.  To the extent a response is required, Shea Mortgage denies any allegations not specifically admitted elsewhere.

23         56.     Shea Mortgage admits that, at all times relevant to this action, the Company was aware of or on constructive notice of its responsibilities to comply with the statutes identified in Paragraph No. 56 of the Complaint.  Shea Mortgage denies, however, that the Company failed to comply with any of those statutes at any time, including time relevant to this action.

57. The allegations in Paragraph No. 57 of the Complaint contain an alleged quotation of California Labor Code § 226.7 to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the statute speak for themselves.

58. The allegations in Paragraph No. 58 of the Complaint contain an alleged quotation of California Labor Code § 512 to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the statute speak for themselves.

59. The allegations in Paragraph No. 59 of the Complaint contain an alleged paraphrasing of a California Industrial Welfare Commission Wage Order to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the Order speak for themselves.

60. The allegations in Paragraph No. 60 of the Complaint contain an alleged quotation of a California Industrial Welfare Commission Wage Order to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the Order speak for themselves.

61. The allegations in Paragraph No. 61 of the Complaint contain an alleged quotation of a California Industrial Welfare Commission Wage Order to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the Order speak for themselves.

62. The allegations in Paragraph No. 62 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 62.

63. Shea Mortgage denies that it has violated the California Labor Code and IWC Wage Orders and on that basis denies the allegations in Paragraph No. 63 of the Complaint.

64. The allegations in Paragraph No. 64 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 64, and in particular, denies that this action is appropriate for class or collective action treatment and denies that Plaintiff or members of the putative class or collective action are entitled to any relief whatsoever.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226, 1174; 29 U.S.C. § 211(c) - California and FLSA Classes)**

65. The allegations in Paragraph No. 65 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, Shea Mortgage denies any allegations not specifically admitted elsewhere.

66. The allegations in Paragraph No. 66 of the Complaint contain an alleged quotation of California Labor Code § 226(a) to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the statute speak for themselves.

67. The allegations in Paragraph No. 67 of the Complaint contain an alleged quotation of California Labor Code § 226(e) to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the statute speak for themselves.

68. Shea Mortgage admits that because it classified its Loan Counselors as "exempt" employees, it did not keep hourly time records for Plaintiff Carr or other Loan Counselors in the same manner the Company kept hourly time records for "non-exempt" employees. Shea Mortgage further admits that that because it classified its Loan Counselors as "exempt" employees, it did not provide Plaintiff or other Loan Counselors semimonthly statements reflecting the total number of hours worked and the hourly rates in effect during that time period in the same manner they provided such information to "non-exempt" employees. Shea Mortgage denies the remaining allegations in Paragraph No. 68 of the Complaint.

69. The allegations in Paragraph No. 69 of the Complaint contain an alleged quotation of California Labor Code § 226(c) to which no response is required. To the extent a response is required, Shea Mortgage responds that the terms of the statute speak for themselves.

70. The allegations in Paragraph No. 70 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 70, and in particular, denies that this action is appropriate for class or collective action treatment and denies that Plaintiff or members of the putative class or collective action are entitled to any relief whatsoever.

## FIFTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business and Professions Code §§ 17200-17208 - California Class Only)`

71. The allegations in Paragraph No. 71 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, Shea Mortgage denies any allegations not specifically admitted elsewhere.

72. The allegations in Paragraph No. 72 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 72 and denies that Plaintiff Carr or any member of the putative class is entitled to restitution or and other form of relief whatsoever.

73. The allegations in Paragraph No. 73 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 73.

74. The allegations in Paragraph No. 74 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Shea Mortgage denies the allegations in Paragraph No. 74.

75. Shea Mortgage denies the allegations in Paragraph No. 75 of the Complaint.

Shea Mortgage denies that Plaintiff is entitled to a jury trial on all claims presented in the Complaint.

Shea Mortgage denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Shea Mortgage, without admitting any of the allegations in Plaintiff's Complaint, asserts the following separate and independent affirmative defenses. Shea Mortgage does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

**First Affirmative Defense**

1. The Complaint, and each of the alleged causes of action contained therein, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

2. The Complaint, and each of the alleged causes of action contained therein, is barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and/or 343, Business and Professions Code section 17208, and 29 U.S.C. § 255. The violations of the federal Fair Labor Standards Act alleged, if they did occur, which Shea Mortgage denies, were not willful and therefore the 2-year statute of limitations in 29 U.S.C. § 255(a) applies to bar this action, in whole or in part.

**Third Affirmative Defense**

3. Plaintiff's claims are subject to mandatory arbitration. Specifically, Plaintiff has executed an agreement to arbitrate any claims arising from her employment, and the claims pled fall within this description.

**Fourth Affirmative Defense**

4. Under the arbitration agreement described in the Third Affirmative Defense, Plaintiff has waived her ability to pursue this action as class or collective action.

**Fifth Affirmative Defense**

5. The Complaint is barred, in whole or in part, because at all relevant times Plaintiff was exempt from the requirement to pay overtime compensation and other wage and hour requirements and restrictions under the federal Fair Labor Standards Act, California Labor Code, California Industrial Welfare Commission Wage Orders and associated regulations, including without limitation the exemptions for administrative or other "white collar" employees (29 U.S.C. §§ 213; Cal. Labor Code § 515; Tit. 8, Cal. Code Regs. § 11040(1)(A)).

**Sixth Affirmative Defense**

6. The Complaint is barred, in whole or in part, because at all relevant times Plaintiff, if found not to be a "white collar" employee, which Shea Mortgage contends she was,

was exempt from the requirement to pay overtime compensation and other wage and hour requirements and restrictions under the federal Fair Labor Standards Act, California Labor Code, California Industrial Welfare Commission Wage Orders and associated regulations, including without limitation the exemptions for employees compensated on a commission basis. (29 U.S.C. §§ 213(a)(1) & 207(i); Cal. Labor Code § 1171; Tit. 8, Cal. Code Regs. § 11040(1)(C); Tit. 8, Cal. Code Regs. § 11040(3)(D)).

### Seventh Affirmative Defense

7. To the extent that Plaintiff alleges that her job duties were primarily non-exempt in nature, the duties that Shea Mortgage required and reasonably expected Plaintiff to perform were primarily exempt in nature.

### Eighth Affirmative Defense

8. The Complaint, and at least some of the alleged causes of action or prayers for relief contained therein, is barred, in whole or in part, because Plaintiff lacks standing and/or does not have a private right of action to pursue the claim asserted.

### Ninth Affirmative Defense

9. The Complaint fails to state a claim for penalties under California Labor Code § 203 in that Shea Mortgage's failure to pay wages, if any, was not willful and there is a good faith dispute as to whether Shea Mortgage is obligated to pay any of the wages alleged to be due. (To the extent Plaintiff seeks liquidated damages under the federal FLSA, such remedies are similarly barred because Shea Mortgage's failure to pay wages, if any, was in good faith.)

### Tenth Affirmative Defense

10. Plaintiff's claims for Labor Code penalties are barred, in whole or in part, because Plaintiff failed to satisfy the necessary procedural requirements under the California Labor Code for bringing such claims. Specifically, and among other things, Plaintiff failed to exhaust her administrative remedies.

**Eleventh Affirmative Defense**

11. The Complaint, and at least some of the alleged causes of action contained therein and/or the request for class action treatment and state law remedies, are, in whole or in part, preempted by federal law, including the federal Fair Labor Standards Act.

**Twelfth Affirmative Defense**

12. The Complaint, and each of the alleged causes of action contained therein, is barred, in whole or in part, by the doctrine of laches.

**Thirteenth Affirmative Defense**

13. The Complaint, and each of the alleged causes of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

**Fourteenth Affirmative Defense**

14. Without admitting any wrongful conduct by Shea Mortgage, Plaintiff's claims are barred by the doctrine of waiver, estoppel, or both.

**Fifteenth Affirmative Defense**

15. Without admitting any wrongful conduct by Shea Mortgage, Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has an adequate remedy at law and lacks standing to pursue injunctive relief.

**Sixteenth Affirmative Defense**

16. The Complaint, and each of the alleged causes of action contained therein, fails, in whole or in part, because Shea Mortgage acted in good faith at all times.

**Seventeenth Affirmative Defense**

17. Without admitting any wrongful conduct by Shea Mortgage, Plaintiff is not entitled to recover punitive damages because such remedies are not available as a matter of law in this action, and/or because Plaintiff has failed to allege facts sufficient to state a claim for such damages, and the statutory requirements for an award of punitive damages pursuant to California Civil Code § 3294 are not met.

**Eighteenth Affirmative Defense**

18. The claims for punitive damages, penalties, liquidated damages, or other exemplary remedies in the Complaint are barred or limited by California law; the doctrine of implied statutory preemption; the due process clauses of the Fifth and Fourteenth Amendments; other constitutional and statutory protections; or a combination of the foregoing.

**Nineteenth Affirmative Defense**

19. The Complaint, and each of the alleged causes of action contained therein, is barred because Plaintiff has suffered no damages or injury.

**Twentieth Affirmative Defense**

20. To the extent that Plaintiff was paid any compensation beyond that to which he was entitled while employed by Shea Mortgage, such additional compensation would satisfy in whole or part any alleged claim for unpaid wages or other monetary relief.

**Twenty-First Affirmative Defense**

21. The Complaint, and each of the alleged causes of action contained therein, is barred because Shea Mortgage has satisfied its obligation to Plaintiff.

**Twenty-Second Affirmative Defense**

22. Without admitting any wrongful conduct by Shea Mortgage, Plaintiff's compensation and that of the putative class members was for all hours worked, and so if any overtime is owed (and Shea Mortgage denies any is owed), it would be calculated under the fluctuating work week method and the method set forth at 29 C.F.R. § 778.114 and similar state laws, including California laws.

**Twenty-Third Affirmative Defense**

23. To the extent that Plaintiff engaged in dishonest, willful or grossly negligent misconduct, Shea Mortgage is entitled to set off any losses due to such conduct against her wages or other compensation.

**Twenty-Fourth Affirmative Defense**

24. Plaintiff's recovery is barred to the extent that she has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

**Twenty-Fifth Affirmative Defense**

25. The Complaint, and each of the alleged causes of action contained therein, is barred, in whole or in part, because if Plaintiff was damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to Plaintiff's own conduct.

**Twenty-Sixth Affirmative Defense**

26. Plaintiff cannot establish that any of her claims are appropriate for class action treatment or other form of representative or collective action treatment.

**Twenty-Seventh Affirmative Defense**

27. Plaintiff is barred and precluded from obtaining any relief because she has failed or cannot substantiate or document her damages.

**Twenty-Eighth Affirmative Defense**

28. Each cause of action in the Complaint is barred, in whole or in part, by unavailability of the damages requested, including without limitation, the unavailability of punitive damages and/or attorney fees.

**Twenty-Ninth Affirmative Defense**

29. Plaintiff's prayers for relief under the California Unfair Competition Law are barred, in whole or in part, by unavailability of the relief requested, including without limitation, the unavailability of any monetary relief other than restitution, such as damages, penalties, disgorgement or attorney fees.

**Thirtieth Affirmative Defense**

30. The Complaint fails to state a claim for penalties under Labor Code § 226(e) in that Shea Mortgage's failure to keep adequate records, if any, was not knowing or intentional.

Shea Mortgage reserves the right to add additional affirmative defenses as they become known during the course of litigation.

**PRAYER**

WHEREFORE, Shea Mortgage prays for relief as follows:

1. That Plaintiff takes nothing by her Complaint and that such Complaint be dismissed with prejudice;

2. That Shea Mortgage recover its costs and attorneys fees incurred herein pursuant to relevant statutes, including without limitation 29 U.S.C. § 216(b) and California Labor Code § 218.5; and

3. That the Court grant Shea Mortgage whatever other relief it deems just and proper.

DATED:  October 2, 2007         MUNGER, TOLLES & OLSON LLP


By:   */s/ Tyler A. Roozen*
          TYLER A. ROOZEN

Attorneys for Defendant
SHEA MORTGAGE INC.