SCOTT EDWARD COLE (State Bar No. 160744)
MATTHEW R. BAINER (State Bar No. 220972)
CARRIE S. LIN (State Bar No. 241849)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
Telephone:    (510) 891-9800
Facsimile:    (510) 891-7030
E-mail:    clin@scalow.com


Attorneys for Plaintiffs
SHERRY R. CARR, individually, and on behalf of all
others similarly situated

TERRY SANCHEZ (State Bar No. 101318)
MALCOLM A. HEINICKE (State Bar No. 194174)
TYLER ROOZEN (State Bar No. 248669)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4001
E-mail:    Malcolm.Heinicke@mto.com


Attorneys for Defendant
SHEA MORTGAGE INC.


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


SHERRY R. CARR individually, and on
behalf of all others similarly situated,

                    Plaintiffs,

          vs.

SHEA MORTGAGE, INC.,

                    Defendant.

CASE NO.  C07-04230 BZ

**JOINT CASE MANAGEMENT
STATEMENT AND REQUEST FOR
CONTINUANCE OF THE CASE
MANAGEMENT CONFERENCE**

Judge:    Honorable Bernard Zimmerman

DATE:    Monday, December 10, 2007
TIME:    4:00 p.m.
CTRM:    G, 15th Floor

1       Plaintiff Sherry R. Carr ("Plaintiff" or "Plaintiff Carr") and Defendant Shea

2    Mortgage Inc. ("Defendant" or "Shea Mortgage") respectfully submit this joint case management

3    conference statement.  At the outset, the parties respectfully submit that they have already

4    exchanged information on the underlying issue in this case, and the parties, per the Court's ADR

5    program and their associated stipulation now on file with the Court, have agreed to and scheduled

6    a private mediation with a respected mediator for March 5, 2007.  The parties therefore request

7    that the Case Management Conference scheduled in this matter for December 10, 2007, be

8    continued until a date in late March or early April 2008 at which time (or earlier) the parties can

9    report on the mediation and schedule appropriate case management deadlines as needed and

10   appropriate.

## I.  JURISDICTION AND SERVICE

12       The Court has original subject-matter jurisdiction over all claims arising under the

13   Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") pursuant to 28 U.S.C. § 1331.  The

14   Court has supplemental jurisdiction to consider all remaining California state law claims pursuant

15   to 28 U.S.C. § 1367.  All parties have been served and have appeared in the action.  No issues of

16   personal jurisdiction or venue have been raised by the parties.

## II.  FACTS

18       Plaintiff is a former Loan Counselor for Shea Mortgage.  Plaintiff claims that Shea

19   Mortgage misclassified her and similarly situated Shea Mortgage employees as "exempt"

20   employees, *i.e.*, employees who are exempt under federal and/or California law from premium

21   overtime requirements, meal and rest period requirements, and the other wage and hour

22   requirements imposed on employees who do not qualify for the various salesperson exemptions,

23   or the executive, administrative, professional exemptions under federal and/or state law.  Plaintiff

24   further alleges that, as a result of this misclassification, she is entitled to unpaid premium

25   overtime, compensation for missed meal and rest period breaks under California Labor Code §

26   226.7, and various associated penalties, costs, interest and attorney fees.

27       Shea Mortgage denies Plaintiff's allegations and maintains that the Company

28   fairly and lawfully compensated Plaintiff and the putative class members, properly classified

4005509.1

- 1 -

1    Plaintiff and the putative class members as exempt employees under both federal and state law,

2    and complied with all other relevant federal and state wage and hour requirements. In addition,

3    Shea Mortgage takes the position that its Loan Counselors did not work any overtime hours on a

4    regular basis. To the extent any Loan Counselors did work overtime, they were few in number

5    and did so on an irregular basis. Finally, Shea Mortgage asserts that neither class or collective

6    action certification would be appropriate in this case because, *inter alia*, Loan Counselors are not

7    similarly situated and individual issues would predominate over any issues common to the class.

8          The parties have agreed to engage in a private mediation session in San Francisco,

9    California with professional mediator David Rotman, Esq. Mr. Rotman, a former partner at the

10   Pillsbury law firm, is a highly respected mediator in the wage and hour field, and counsel for both

11   parties have worked with him before on other matters. The parties have further agreed to engage

12   in additional information gathering prior to the mediation. The mediation will be held on March

13   5, 2008, and the reason for the slight delay in this mediation is that the parties need time to

14   exchange information, and Mr. Rotman's availability is limited, and this was the first date the

15   parties could secure with him.

16 **III.**   **LEGAL ISSUES**

17          The parties agree that the central legal issue in this case is whether Shea

18   Mortgage's Loan Counselors qualify as "exempt" employees under federal and state labor laws.

19   Plaintiff alleges that Loan Counselors do not qualify for any exemption. Shea Mortgage, on the

20   other hand, has answered the complaint, denied the allegations therein, and contends that Loan

21   Counselors were properly classified as exempt.

22 **IV.**   **MOTIONS**

23          Currently, the parties have not filed any motions in this action. The parties have

24   agreed to pursue a private mediation to be held on March 5, 2008 and do not anticipate filing any

25   motions prior thereto. However, if the parties are unable to reach a resolution at the mediation

26   session, the parties anticipate that Plaintiff will file a motion for class and/or collective action

27   certification. Shea Mortgage will oppose such motion(s). In addition, the parties anticipate filing

28   motions for summary judgment regarding Loan Counselor's status as exempt employees.

**V.     AMENDMENT OF PLEADINGS**

The parties agree that scheduling a deadline to add or dismiss parties, claims, parties, or defenses, or to otherwise amend the pleadings, should be deferred pending the outcome of the parties' private mediation. The parties further agree that such deadline should be set at a future Case Management Conference, to be scheduled following the parties' private mediation, which will be held on March 5, 2008. To the extent the Court wishes to set such a deadline before the mediation is complete, the parties jointly request that this deadline be set no sooner than March 5, 2008.

**VI.     EVIDENCE PRESERVATION**

The parties have met and conferred regarding preservation of evidence, including electronic evidence, and have taken measures with their respective clients to preserve relevant materials. Both parties represent that they have taken efforts to preserve such materials, including the preservation of electronic evidence to the extent it was still in existence as of or soon after the filing of the complaint.

**VII.     DISCLOSURES**

The parties have agreed to make their initial disclosures pursuant to Rule 26(a) no later than December 17, 2007, one week after the current date set for the case management conference.

**VIII.     DISCOVERY**

The parties have agreed to limit discovery prior to their private mediation. In addition, the parties have agreed to informally exchange certain information prior to the mediation, including data on the policies in question and the putative class, and the parties have also agreed to meet and confer on any limited discovery that may be needed prior to the mediation. If issues arise concerning discovery prior to the mediation, the parties will meet and confer on them, and if needed, address them to the Court. Accordingly, the parties propose deferring the preparation of any formal discovery plan pending the outcome of their formal mediation. The parties further request that the deadline for the discovery plan be set at a future Case Management Conference, to be scheduled at the Court's convenience in late March or early

4005509.1                                          - 3 -

1   April 2008.

2   　　　　Should such discovery become necessary, the parties anticipate that Shea

3   Mortgage will take the position that discovery should be bifurcated between class certification

4   discovery and merits discovery.  Plaintiff, on the other hand, is likely to take the position that

5   discovery should not be bifurcated.  Again, the parties take the position that resolution of this

6   issue should be deferred pending the outcome of their private mediation.

7   **IX.　　CLASS ACTION**

8   　　　　This case has been pled as a class and collective action.  Plaintiff states that she

9   will seek certification of a California-only class action under Federal Rules of Civil Procedure 23,

10  and Rule 23(b)(3) in particular, and certification of a nationwide collective action under 29

11  U.S.C. § 216.  The currently proposed definition of the class consists of two subclasses: (1) Rule

12  23 class -- all persons who were employed as a Loan Counselor by Shea Mortgage Inc. in one or

13  more of its California branch offices during the period from four years prior to the filing of the

14  complaint to the present, and (2) collective action class -- all persons who were employed as a

15  Loan Counselor by Shea Mortgage Inc. in one or more of its United States branch offices during

16  the period from three years prior to the filing of the complaint to the present.  Shea Mortgage does

17  not concede that these limitations periods are appropriate and takes the position that collective

18  action and/or class certification is inappropriate here.  The parties take the position that the

19  determination of Plaintiff's deadline for filing any motion for class/collective action certification

20  should be deferred pending the outcome of the private mediation.  Accordingly, the parties

21  request that the deadline should be set at a future case management conference, to be scheduled

22  subsequent to the private mediation.

23  **X.　　RELATED CASES**

24  　　　　The parties are unaware of any related cases at this time.

25  **XI.　　RELIEF**

26  　　　　Plaintiff seeks relief on behalf of herself and the putative class as follows: (1) an

27  award of damages for unpaid premium overtime compensation; (2) recovery of statutory

28  remedies, including premium wages and penalties for, *inter alia*, failure to provide meal period

4005509.1                                      - 4 -

1  breaks; failure to pay missed meal period break compensation; failure to provide accurate pay

2  statements, and; willful failure to pay all compensation owed on or about the time of severance of

3  employment; (3) attorneys fees pursuant to 29 U.S.C. § 216(b), Cal. Labor Code § 1194, and/or

4  Cal. Civ. Code § 1021.5; (4) punitive damages; (5) liquidated damages; (6) interest and costs; (7)

5  injunctive relief as afforded under California Business & Professions Code section 17200, *et.*

6  *seq.*, and; (8) a declaration that Shea Mortgage violated certain provisions of federal and state

7  labor laws.  Plaintiff asserts that the amount of relief as to which Plaintiff and each class member

8  is entitled will be proven at trial in a formulaic manner.

9         Shea Mortgage contends that it has no liability to Plaintiff or any member of the

10  putative class, but that if liability is established in this case, each class member will have to

11  individually prove the amount of recovery, if any, to which he or she is entitled.

12  **XII.   SETTLEMENT AND ADR**

13         The parties have agreed to private mediation as a form of ADR in this matter.  The

14  parties have further agreed that the mediation session will be held in San Francisco, California

15  with professional mediator David Rotman, Esq., and will take place on March 5, 2008.  At this

16  time the parties do not foresee filing any key motions prior to engaging in the mediation.

17  **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

18         Both parties have consented to have this matter heard by His Honor, United States

19  Magistrate Judge Bernard Zimmerman.  *See* Docket Entry Nos. 8 & 24.

20  **XIV.   OTHER REFERENCES**

21         No other references are applicable or suitable at this time.

22  **XV.   NARROWING OF ISSUES**

23         Pending the parties' private mediation and further exploration of the case, no

24  narrowing of the issues is necessary at this time.  However, if the parties are unable to resolve this

25  matter through such mediation, they may reconsider whether the case might benefit through

26  narrowing of the issues.

27  **XVI.   EXPEDITED SCHEDULE**

28         The parties agree to revisit whether this case could be handled on an expedited

4005509.1                                    - 5 -

1   basis with streamlined procedures pending the outcome of their private mediation.

2   **XVII.  SCHEDULING**

3          The parties request that the dates for designation of experts, discovery cutoff,

4   hearing of dispositive motions, and pretrial conference and trial be scheduled at a future case

5   management conference to be held after the parties' private mediation.

6   **XVIII. TRIAL**

7          Plaintiff has demanded a jury trial.  At this time, the parties agree that it is too

8   early to anticipate the length of trial for Sherry Carr's individual claims, or, in the event the case

9   is certified for class or collective action status, her class or collective claims.

10  **XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

11         Defendant Shea Mortgage Inc. has filed the "Certification of Interested Entities or

12  Persons" required by Civil Local Rule 3-16, and again identifies the following listed persons,

13  associations of persons, firms, partnerships, corporations (including parent corporations) or other

14  entities who may have a pecuniary interest in the outcome of this proceeding:

15         • Shea Mortgage Inc. is owned by the trusts of seventeen members of the

16             Shea family, each of which has a financial interest in the outcome of this

17             case;

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28         • Plaintiff Sherry R. Carr, the putative class of Shea Mortgage Inc. Loan

4005509.1                              - 6 -

1   Counselors, and Defendant Shea Mortgage Inc. have a financial interest in

2   the outcome of this case.

3

4

5   DATED:  December _3__, 2007         SCOTT COLE AND ASSOCIATES, APC

6
                                        By:_____/s/ Scott E. Cole_____
7                                                   SCOTT COLE

8                                       Attorneys for Plaintiff
                                        SHERRY R. CARR
9

10

11  DATED:  December __3_, 2007         MUNGER TOLLES AND OLSON LLP

12
                                        By:_____/s/ Malcolm A. Heinicke_____
13                                                MALCOLM A. HEINICKE

14                                      Attorneys for Plaintiff
                                        SHEA MORTGAGE INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

JOINT CASE MANAGEMENT STATEMENT - CASE NO.  C07-04230 BZ