SCOTT EDWARD COLE (State Bar No. 160744)
MATTHEW R. BAINER (State Bar No. 220972)
CARRIE S. LIN (State Bar No. 241849)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
Telephone:     (510) 891-9800
Facsimile:      (510) 891-7030
E-mail:          clin@scalow.com

Attorneys for Plaintiff
SHERRY R. CARR, individually, and on behalf of all
others similarly situated

MALCOLM A. HEINICKE (State Bar No. 194174)
TYLER ROOZEN (State Bar No. 248669)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4001
E-mail:          Malcolm.Heinicke@mto.com

Attorneys for Defendant
SHEA MORTGAGE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY R. CARR individually, and on behalf of all others similarly situated, | CASE NO.  C07-04230 BZ |
| Plaintiffs, | **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| vs. | Judge:     Honorable Bernard Zimmerman |
| SHEA MORTGAGE INC., | DATE:      March 24, 2008 |
| Defendant. | TIME:      4:00 p.m. |
| | CTRM:     G, 15th Floor |

4659283.1

**SUPPLEMENTAL CASE MANAGEMENT STATEMENT**

The parties jointly submit this Supplemental Case Management Statement and Proposed Order pursuant to Local Civil Rule 16-9, which supplements the parties' initial Case Management Statement filed on December 3, 2008.

Following an all-day mediation with a highly respected mediator, counsel for the parties negotiated a settlement. Putative class counsel, an experienced law firm devoted to the type of wage and hour case at issue here, believes the settlement to be fair and reasonable and further believes that the absent class members should be given the opportunity to respond to it. Following this mediation, however, the original named Plaintiff and putative class representative in this suit stated that she would not agree to the settlement  In situations such as this one, federal courts routinely permit the substitution of the named plaintiff so that class counsel can proceed with the negotiated settlement and give all class members the opportunity to participate or opt out of the settlement as they desire. Putative class counsel has identified a suitable named plaintiff, and the parties here jointly request that the Court set a schedule that facilitates such substitution and the associated amendment of the complaint. This will allow the parties to proceed with the settlement and eventually present it to this court for preliminary approval and authorization to allow the absent class members to respond to the settlement themselves.

## I.    CASE BACKGROUND

Plaintiff Sherry Carr ("Plaintiff") commenced this action on August 17, 2007, in the Northern District of California, San Francisco Division. Defendant answered on October 2, 2007. Plaintiff is a former Shea Mortgage Inc. ("Shea Mortgage") Loan Counselor who brought this putative class and collective action claiming that she and other Loan Counselors were misclassified as exempt employees, and, as a result, were denied overtime pay, wages for missed meal and rest breaks, and related penalties. The complaint seeks unpaid wages (including overtime compensation and interest thereon), meal and rest period compensation, waiting time penalties, and injunctive relief against Defendant. The class of individuals proposed in the complaint is relatively small -- specifically, the current and former Loan Counselors in California during the pertinent period number is approximately sixty. Defendant denies Plaintiff's

- 1 -

1   allegations and that this case is appropriate for class treatment.

2          This Case Management Conference was originally scheduled for December 10,

3   2007.  However, on December 3, 2007, the parties filed a stipulation requesting that the CMC be

4   continued pending a private mediation, scheduled for March 5, 2008 before David Rotman, Esq.,

5   a professional and highly regarded mediator specializing in wage and hour matters.  The Court

6   entered an Order continuing the Case Management Conference until March 24, 2008, at 4:00 p.m.

7   **II.    SUBSEQUENT CASE DEVELOPMENTS**

8          **A.    Initial Disclosures and Discovery**

9          Pursuant to the Court's December 4, 2007, Case Management Order, the parties

10  served their initial disclosures.  Plaintiff made her initial disclosures on December 3, 2007.

11  Defendant made its initial disclosures on December 17, 2007.

12         In advance of the parties' private mediation, Shea Mortgage provided class

13  counsel with information related to the class (class size, work weeks, job descriptions, average

14  compensation).  In addition, Representative Plaintiff Sherry R. Carr was deposed February 20,

15  2008.  Class counsel has also engaged in extensive informal discovery efforts, which included

16  conducting in-depth interviews with various putative class members and obtaining from them

17  numerous declarations and relevant documentation.

18         **B.    Mediation**

19         On March 5, 2008, the parties attended a mediation before Mr. Rotman.  Prior to

20  the mediation, putative class counsel consulted with Plaintiff Carr about the mediation.  Plaintiff

21  Carr did not personally attend.  At the conclusion of the mediation, following an entire day of

22  arms-length negotiation and the significant assistance of the mediator, Defendant Shea Mortgage

23  and putative class counsel reached a tentative settlement agreement that class counsel believes to

24  be fair, reasonable and in the best interests in the class.  When presented with the settlement at the

25  conclusion of the mediation, however, Plaintiff Sherry Carr stated her unwillingness to serve as

26  class representative and accept the terms of the settlement . As a result, subsequent to the

27  mediation, class counsel engaged in discussions with Tamara Partridge.  Ms. Partridge had

28  previously provided putative class counsel with a declaration and various documents pertinent to

- 2 -

1    the case.  Ms. Partridge has subsequently expressed her willingness and desire to act as class

2    representative and accept the terms of the settlement on behalf of the class.

3    **C.    Procedural Issues to be Addressed**

4    **1.    *Substitution of Plaintiff***

5    It is well established that when a named plaintiff is unwilling to accept a

6    negotiated settlement that class counsel believes to be reasonable, the district court should allow

7    class counsel to substitute in a new class plaintiff if there is one willing to serve and accept the

8    settlement.  *See, e.g.*, *Olden v. LaFarge Corp*., 472 F.Supp.2d 922, 937-39 (E.D. Mich. 2007)

9    (permitting class counsel, pursuant to Fed. R. of Civ. Proc. 23, to withdraw from representing

10   named plaintiff and substitute in new class representative where original named plaintiff objected

11   to settlement that counsel believed was fair and reasonable); *Heit v. Van Ochten*, 126 F.Supp.2d

12   487, 494-95 (W.D. Mich. 2001) (same).  In this case, putative class counsel seeks to make such a

13   substitution, and putative class counsel notes that such a substitution will not have a prejudicial

14   effect on the individual claims on Plaintiff Carr, who will remain free to opt out of the settlement

15   if she so desires.

16   The parties respectfully propose that their counsel be given a deadline to submit a

17   stipulation effectuating such a substitution.  Specifically, the parties respectfully submit that they

18   could file such a stipulation within fourteen (14) days of the Case Management Conference, i.e.,

19   by April 7, 2008.  (To the extent the Court feels it necessary to accomplish such a substitution

20   through a formal motion, the parties respectfully propose that the Court schedule a hearing for

21   such a motion in the near future.)

22   **2.    *Amended Complaint***

23   Following the substitution of the named plaintiff, putative class counsel anticipates

24   filing an amended complaint substituting Tamara Partridge as the Class Representative in this

25   action and adding an additional claim that class counsel and Ms. Partridge wish to assert

26   following their further investigation into this matter.  Defendant plans to stipulate to such an

27   amendment consistent with the discussions the parties have had to date.

28   The parties respectfully propose that their counsel be given a deadline to submit a

- 3 -

1    stipulation permitting the filing of an amended complaint along with the proposed amended

2    complaint itself.  Specifically, the parties respectfully submit that they could file such a

3    stipulation within twenty-eight (28) days of the Case Management Conference, i.e., by April 21,

4    2008, assuming the substitution of plaintiffs has been previously approved.  (To the extent the

5    Court feels it necessary to accomplish such an amendment through a formal motion, the parties

6    respectfully propose that the Court schedule a hearing for such a motion.)

7            After the amended complaint is filed, the parties plan to submit a motion for

8    preliminary approval of the class settlement.

9        **D.    Trial Plan**

10           The parties agree that, as the result of the tentative settlement agreement reached

11   during the March 5, 2008 private mediation, it is unnecessary to set trial or pre-trial dates.

12

13

14
     DATED:  March 17, 2008                    SCOTT COLE AND ASSOCIATES, APC
15

16
                                               By:  /s/ Scott Cole_____
17                                                       SCOTT COLE

18                                             Attorneys for Plaintiff
                                               SHERRY R. CARR
19

20

21   DATED:  March 17, 2008                    MUNGER TOLLES AND OLSON LLP

22

23                                             By  /s/ Malcolm A. Heinicke_____
                                                       MALCOLM A. HEINICKE
24
                                               Attorneys for Plaintiff
25                                             SHEA MORTGAGE INC.

26

27

28
                                          - 4 -

1    [PROPOSED] CASE MANAGEMENT ORDER

2         The Case Management Statement and [Proposed] Order is hereby adopted by the Court as

3    the Case Management Order for the case and the parties are ordered to comply with this Order.

4    The parties will file a stipulation and motion regarding putative class counsel's withdrawal as

5    Counsel for Sherry R. Carr and substitution of Tamara Partridge as Class Representative by April

6    7, 2008.  The parties will stipulate to Amending the Complaint to substitute Tamara Partridge as

7    Class Representative, and Plaintiff Partridge through putative class counsel will file a first

8    amended complaint by  April 21, 2008.

9

10    Dated: March __19__, 2008          By: _____

11                                        Hon. Bernard Zimmerman,
                                         United States Magistrate Judge
12

13                                       **Case Management Conference
                                         is continued to May 12, 2008
14                                       at 4:00 p.m**.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -