Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMARA PARTRIDGE, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SHEA MORTGAGE, INC,<br><br>Defendant. | **Case No.: C 07-04230 BZ**<br><br>**CLASS/COLLECTIVE ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Representative Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.  This is a class/collective action, brought on behalf of Tamara Partridge (the "Representative Plaintiff") and all other persons who are or have been employed as a Loan Counselor[1] by defendant Shea Mortgage, Inc. ("Shea Mortgage") in any of Shea Mortgage's branch offices in California within the applicable class period. On her own behalf and on behalf of the plaintiff class, Representative Plaintiff seeks unpaid wages, including unpaid overtime compensation

---

[1] Defendant Shea Mortgage, Inc. also refers to individuals holding this position as "Salespersons" and/or "Loan Representatives." Plaintiff's class definition includes such persons as well.

---

- 1 -
First Amended Complaint for Damages, Injunctive Relief and Restitution

1  and interest thereon, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, various provisions (e.g., 29 U.S.C. §§ 206 and 207) of the Fair Labor Standards Act ("FLSA").

2.  This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims for items such as unpaid wages, including unpaid overtime compensation, rest and meal period penalties, failure to reimburse business expenses in violation of California Labor Code § 2802, waiting time penalties and other penalties and attorneys' fees and costs, arising under California law (e.g., Title 8 of the California Code of Regulations, California Business and Professions Code §§ 17200, *et seq.*, California Code of Civil Procedure § 1021.5, and the California Labor Code).

3.  The "California class period" is designated as the time from August 17, 2003 through the conclusion of trial on all issues presented in this action, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

4.  The "FLSA class period" is designated as the time from August 17, 2004 through the conclusion of trial on all issues presented in this action, based upon the allegation that the violations of the FLSA, as described more fully below, have been "willful" and ongoing throughout that time.

5.  During the class periods, Shea Mortgage has had a consistent policy of (1) requiring class members to work in excess of eight hours per day and in excess of forty hours per week, without paying them overtime compensation as required by state and federal wage and hour laws, (2) denying class members statutorily-mandated meal and rest periods, under California law; (3) willfully failing to pay compensation (including unpaid overtime and/or compensation for working through meal and/or rest periods) in a prompt and timely manner to those class members whose employment with Shea Mortgage have terminated, (4) willfully failing to provide class members with accurate semimonthly itemized statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during each pay period, and (5) failing to reimburse class members for necessary business expenditures, including, without limitation, reimbursement for office supplies and travel costs, including mileage.

**INTRODUCTION**

6. The Fair Labor Standards Act of 1938, as amended (hereinafter referred to as the "Act" or the "FLSA"), provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide federal courts with substantial authority to stamp out abuses of child labor, equal pay as well as the overtime pay provisions at issue in this Complaint.

7. According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

8. California's Labor Code and Industrial Welfare Commission Wage Orders provide even more expansive protection to hourly workers, including, but not necessarily limited to, entitlements to overtime pay and work performed beyond eight hours per day and substantial compensation for the denial of rest and meal periods.

9. Both federal and California state studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either one or both parents are kept away from home for extended periods of time, on either a daily or weekly basis.

10. Defendant Shea Mortgage, Inc. is a principally-owned subsidiary of J.F. Shea Co., Inc., a privately-held corporation engaged in various construction-related endeavors across the nation, through its additional subsidiary, Shea Homes, Inc.

11. Representative Plaintiff is informed and believes and, on that basis, alleges that Shea Mortgage is a mortgage banker and lender specializing in the financing of and offering of mortgage products and services to new Shea Homes buyers. Shea Mortgage is licensed to do business in, at least, the States of Arizona, California, Colorado, North Carolina, South Carolina, and Washington.

12. Representative Plaintiff is informed and believes and, on that basis, alleges that Shea Mortgage has operated numerous mortgage banking branch offices across California, wherein it has employed approximately 59 individuals in the class period as Loan Counselors (as further defined above), an employment position which has not and currently does not meet the test for exemption

from the payment of overtime wages or from an entitlement to statutorily-mandated meal and/or rest periods.

13. The Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Shea Mortgage knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

14. Despite actual knowledge of these facts and legal mandates, Shea Mortgage has enjoyed an advantage over its competition and a resultant disadvantage to its Loan Counselors by electing not to compensate them for overtime hours worked, compensation for missed meal and/or rest periods, "waiting time," and related penalties.

15. Despite Shea Mortgage's knowledge of the plaintiff class's entitlement to premium (overtime) pay and/or meal and/or rest periods for all applicable work periods, Shea Mortgage failed to provide the same to the members thereof, in violation of California state statutes, California Industrial Welfare Commission Orders, Title 8 of the California Code of Regulations and/or the FLSA.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331), diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction to consider claims arising under California state law, pursuant to 28 U.S.C. § 1367.

17. Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391. Shea Mortgage maintains offices within the Northern District of California, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of California and within this judicial district. Shea Mortgage operates said facilities and has employed numerous class members in this judicial district as well as throughout

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

the State of California.

## **PLAINTIFF(S)**

18. The Representative Plaintiff is a natural person and was, during the relevant time periods identified herein, employed by defendant Shea Mortgage in the job position of Loan Counselor (as defined herein) at Defendant's "Inland Empire" branch located in Corona, California. Representative Plaintiff worked as a Loan Counselor during the class period, from approximately October 2006 until January 2008.

19. In said position, the Representative Plaintiff was repeatedly paid a substandard wage insofar as she was denied full pay for all hours worked, including overtime pay, and was frequently permitted to work, and did work during the class periods, shifts exceeding four hours (or a major fraction thereof) without being afforded ten minute rest periods and without being afforded mandatory meal periods. In addition, Representative Plaintiff did not receive reimbursement for certain necessary business expenditures including, without limitation, mileage and other costs. The Representative Plaintiff is informed and believes, and based thereon, alleges that this conduct of Shea Mortgage is/was commonplace at every facility operated thereby.

20. As used throughout this Complaint, the terms "Plaintiff" and/or "class" refer to the Representative Plaintiff herein as well as each and every person eligible for membership in the Plaintiff class, as further described and defined below.

21. At all times herein relevant, the Representative Plaintiff was a person within the class of persons further described and defined herein.

## **DEFENDANT**

22. At all times herein relevant, defendant Shea Mortgage, Inc. ("Shea Mortgage" and/or "Defendant") was and is a corporation and/or other business entity, duly licensed, with offices located within this judicial district and across California.

23. Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each person responsible for the acts alleged herein was the agent

1 and/or employee of Shea Mortgage and, in doing the acts herein alleged, was acting within the
2 course and scope of such agency and/or employment.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

24. The Representative Plaintiff brings this action on behalf of herself and as a class and collective action on behalf of all persons similarly situated and proximately damaged by Shea Mortgage's conduct, as set forth herein, including, but not necessarily limited to the plaintiff class:

> All persons who were employed as a Loan Counselor (also referred to as loan "salespersons" and/or "representatives") by Shea Mortgage, Inc. in one or more of its California branch offices at any time on or after August 17, 2003.

25. Defendant, its officers and directors are excluded from each of these classes.

26. This action has been brought and may properly be maintained as a class/collective action under FRCP Rule 23 and 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable, to wit:

   a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of each of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes that there are approximately 59 individuals within the Plaintiff class.

   b. Commonality: The Representative Plaintiff and the class members share a community of interests, in part, since there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under FRCP Rule 23 and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

   1. whether Defendant violated the FLSA and/or California laws by failing to pay overtime compensation to class members who worked in excess of 40 hours per week and/or 8 hours per day;

   2. whether Defendant violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide uninterrupted meal and/or rest periods to Representative Plaintiff and the California class members;

   3. whether Defendant violated California Business and Professions Code § 17200 by engaging in unfair, unlawful and/or fraudulent business

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

practices;

4. whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

5. whether Defendant violated California Labor Code §§ 201-203 by failing to pay wages due and owing at the time that California class members' employment with Defendant terminated;

6. whether Defendant violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to class members of total hours worked by each, and all applicable hourly rates in effect during the pay period; and

7. whether Representative Plaintiff and California class members are entitled to "waiting time" penalties pursuant to California Labor Code § 203;

8. whether Defendant failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA in any area where Representative Plaintiff and class members were employed, in violation of 29 C.F.R. § 516.4;

9. whether Defendant violated California Labor Code §2802 by refusing to reimburse class members for ordinary business expenses, including home office equipment and travel expenses.

   c. <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of members of the Plaintiff class. The Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of state and federal law, as alleged herein.

   d. <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for class members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiff is informed and believes, and based thereon, alleges that Defendant, in refusing to pay overtime to class members, has acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, class and collective action certification is proper under FRCP Rule 23 and 29 U.S.C. § 216(b).

   e. <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the classes and the Representative Plaintiff has the same interests in the litigation of this case as the class members. The

- 7 -
First Amended Complaint for Damages, Injunctive Relief and Restitution

> Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class. The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

27. Shea Mortgage was aware of and was under a duty to comply with California Labor Code § 2802(a), which requires an employer to indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct discharge of his or her duties as an employee. Despite this clear legal mandate, Shea Mortgage instructed and required class members to purchase home office equipment and office services in furtherance of their duties. Further, Shea failed to reimburse class members for mileage incurred in traveling to and from its various branches, or various Shea Home properties.

28. As described herein, Shea Mortgage has, for years, knowingly failed to adequately compensate its loan representatives for all wages earned and due under the FLSA (29 U.S.C. §§ 206 and 207), California Labor Code § 510 and/or applicable California IWC Wage Order. Moreover, Shea Mortgage has knowingly failed to provide class members with mandatory meal and rest periods, thereby enjoying a significant competitive edge over other mortgage banking/lending businesses.

29. Even upon the termination or resignation of the employment of numerous California class members during the class period, Defendant declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

30. Through the misclassification of the Representative Plaintiff and the class members as exempt employees, Defendant has also incorrectly and unlawfully treated class members as exempt from the meal and rest period requirements established by California Labor Code §§ 226.7 and 512 and §§ 11 and 12 of the applicable California IWC Wage Order. The Representative Plaintiff and the California class members are and/or were unlawfully denied meal breaks and rest periods required by law.

31. Moreover, California Labor Code §§ 201 and 202 require Defendant to pay all severed employees all wages due, immediately upon discharge or within 72 hours of resignation of their

positions, in most circumstances. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

32. Furthermore, despite its knowledge of the Representative Plaintiff's and the class members' entitlement to compensation for all hours worked, Defendant violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the California class. Shea Mortgage also failed to provide Representative Plaintiff and California class members with accurate semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (i.e., the full number of hours worked) and financial impact of its wrongdoing.

33. Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of certain class members' employment with Defendant.

34. More than 30 days have passed since Representative Plaintiff and/or certain class members have left Defendant's employ.

35. As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, certain class members are entitled to 30 days wages, as a penalty under Labor Code § 203, together with attorneys' fees and costs.

36. Moreover, as a consequence of Defendant's willful conduct in not providing an uninterrupted 30 minute meal period within the first five hours of class members' shifts, as required under Labor Code § 512 and Section 11 of the applicable IWC Wage Order, class members are entitled to one hour of wages for each day that they were denied at least one meal period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

///

37. Finally, as a consequence of Defendant's willful conduct in not providing a ten minute rest period once during each four hour segment of work, as prescribed by Section 12 of the applicable IWC Wage Order, class members are entitled to one hour of wages for each day that they were denied at least one rest period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

38. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, as described above, including monies owed for unreimbursed business expenses, compensation for missed meal and rest periods, and loss of earnings for hours worked on behalf of Defendant, in amounts to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and/or certain California class members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and California class members are also entitled to recover costs and attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

39. Representative Plaintiff seeks injunctive relief, prohibiting Defendant from engaging in the illegal labor acts described herein in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and California class members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and class members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the California class are also entitled to recover costs and attorneys' fees, pursuant to statute.

///

///

**FIRST CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY ALL WAGES DUE**
**(Violation of FLSA )**

40. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

41. At all relevant times hereto, Defendant has been, and is, an employer engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). As such, Defendant employed class members within the FLSA class period as Loan Counselors (as defined above), employment positions which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).

42. Moreover, at all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

43. The Representative Plaintiff is informed and believes and, based thereon, alleges that Defendant has required, or requires class members employed within the FLSA class period, as part of their employment, to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

44. Indeed, in the performance of their duties for Defendant, class members within the FLSA class period often did work well over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be established, in a formulaic manner, at trial.

45. Defendant's violations of the FLSA were "willful" within the meaning of 29 U.S.C. § 255(a).

46. As a result of the foregoing, the Representative Plaintiff seeks judgment against Defendant on her own behalf, and on behalf of those class members similarly situated who file

written consents of joinder in this action, for all unpaid wages, including overtime wages owed by Defendant to the Representative Plaintiff and the class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY ALL WAGES DUE**
**(Violation of California Wage Order and California Labor Code)**

47.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

48.   On one or more dates during the class period, Representative Plaintiff and the California class members were employed by and did perform work for Shea Mortgage, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours and the attendant damages will be proven, in a formulaic manner, at trial.

49.   During said time period, Shea Mortgage refused to compensate Representative Plaintiff and class members for some and/or all of the wages due them, including overtime wages and compensation for missed meal and/or rest periods, in violation of the applicable California Wage Order and/or the California Labor Code.

50.   Moreover, during said time period, many of the California class members herein were employed by and were thereafter terminated or resigned from their positions with Shea Mortgage, yet were not paid all wages due upon said termination or within seventy-two (72) hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendant.

51.   At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the applicable IWC California Wage Order as well as California Labor Code §§ 201-203, 510, 1198 and 1199.

52.   By refusing to compensate Representative Plaintiff and California class members for all wages earned, Defendant violated those California Labor Code and IWC Wage Order provisions cited herein.

53. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established, in a formulaic manner, at trial, plus interest thereon. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and California class members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

54. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

56. Specifically, California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

57. Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

58. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

59. Section 11 of the applicable IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes .... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided

60. Moreover, Section 12 of the applicable IWC Wage Order provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

61. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Representative Plaintiff and the remaining California class members, Defendant violated these California Labor Code and IWC Wage Order provisions.

62. Representative Plaintiff is informed and believes and, based thereon, alleges that Shea Mortgage has never paid the one hour of compensation to any class member due to its violations of these California Labor Code and IWC Wage Order provisions.

63. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and California class members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and California class members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and

attorneys' fees, pursuant to statute.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
**(California Labor Code §§ 226, 1174; 29 U.S.C. §211(c) - California and FLSA Classes)**

64. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65. California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

66. Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

67. Defendant failed to provide timely, accurate itemized wage statements to Representative Plaintiff and class members in accordance with 29 U.S.C. §211(c) and California Labor Code § 226(a). Specifically, none of the statements provided by Defendant to Representative Plaintiff and class members has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions therefor.

68. Moreover, 29 U.S.C. §211(c) provides, in pertinent part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make

such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

69. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members seek to recover penalties, in amounts to be established, in a formulaic manner, at trial, as well as costs and attorneys' fees, pursuant to statute.

**FIFTH CLAIM FOR RELIEF**
**UNREIMBURSED BUSINESS EXPENSES**
**(California Labor Code §2802)**

70. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

71. During the Class Period, Defendant required and instructed Plaintiff and Class Members to expend personal funds to pay the normal business expenses of the Defendant, including purchase of home office supplies, equipment, office services, and travel expenses.

72. Thus, Plaintiff and the Plaintiff Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer which have not yet been reimbursed by Defendant.

73. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code § 2802(a).

74. By requiring Plaintiff and members of the Plaintiff Class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and members of the Plaintiff Class were forced and/or brought to contribute to the capital and expenses of the Defendant's business.

75. California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

76. Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of her

obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of the employer, with interest at the statutory rate and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200-17208 - California Class Only)**

77. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

78. Representative Plaintiff brings this cause of action, seeking equitable and statutory relief to stop the misconduct of Defendant, as complained of herein, and seeking restitution from Defendant through the unfair, unlawful and fraudulent business practices described herein.

79. The knowing conduct of Defendant, as alleged herein, constitutes an unlawful, unfair and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

80. Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

81. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

**RELIEF SOUGHT**

**WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed **Plaintiff class**, prays for judgment and the following specific relief against **Defendant**, as follows:

1. That the Court declare, adjudge and decree that this action is a proper class/collective

1  action and certify the proposed class and/or any other appropriate subclasses under FRCP Rule 23
2  and/or 29 U.S.C. § 216;

3      2.    That the Court declare, adjudge and decree that Defendant violated the overtime
4  provisions of the FLSA, the California Labor Code and the applicable California Industrial Welfare
5  Commission Wage Order as to the Representative Plaintiff and the plaintiff class;

6      3.    That the Court make an award to Representative Plaintiff and class members of
7  damages for the amount of unpaid compensation, including interest thereon, and penalties, in amounts
8  to be proven, in a formulaic manner, at trial;

9      4.    That the Court declare, adjudge and decree that the amounts to which the
10 Representative Plaintiff and those class members within the FLSA class period are entitled under the
11 FLSA is to be doubled as liquidated damages and awarded thereto;

12     5.    That the Court declare, adjudge and decree that Defendant violated its legal duties
13 under California Labor Code §§ 226.7 and/or 512 and the relevant sections of the applicable IWC
14 Wage Order to pay wages for missed meal and/or rest periods;

15     6.    That the Court make an award to the Representative Plaintiff and the California class
16 members of one (1) hour of pay at each employee's regular rate of compensation for each workday
17 that a meal period was not provided;

18     7.    That the Court make an award to the Representative Plaintiff and the California class
19 members of one (1) hour of pay at each employee's regular rate of compensation for each workday
20 that a rest period was not provided;

21     8.    That the Court declare, adjudge and decree that Defendant violated the record keeping
22 provisions of 29 U.S.C. § 211(c), California Labor Code §§ 226(a) and 1174(d) and the applicable
23 California IWC Wage Order as to Representative Plaintiff and the class members, and for willful
24 failure to provide accurate semimonthly itemized statements thereto;

25     9.    That the Court declare, adjudge and decree that Defendant violated California Labor
26 Code § 2802 for willful failure to pay for class members' ordinary business expenses, and for interest
27 for amounts owed thereby;

28 ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  10. That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 201-203 for willful failure to pay all compensation owed on or about the time of severance of employment of Representative Plaintiff and/or other California class members;

11. That the Court declare, adjudge and decree that Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to pay Representative Plaintiff and California class members overtime and/or other forms of compensation and, generally, by misclassifying Representative Plaintiff and California class members as overtime-exempt employees;

12. For an Order requiring Defendant to pay restitution to Representative Plaintiff and the California class members as a result of Defendant's unfair, unlawful and/or fraudulent activities, pursuant to Business and Professions Code §§ 17200-08;

13. For an injunction, enjoining Defendant to cease and desist from further unfair, unlawful and/or fraudulent activities in violation of California Business and Professions Code § 17200, *et seq.*;

14. For punitive/exemplary damages in an amount appropriate and sufficient to punish Defendant, and to deter others from engaging in similar misconduct in the future;

15. For all other Orders, findings, and determinations identified and sought in this Complaint;

16. For interest on the amount of any and all economic losses, at the prevailing legal rate;

17. For reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b), California Labor Code § 1194 and/or California Civil Code § 1021.5; and

18. For costs of suit and any and all such other relief as the Court deems just and proper.

## **JURY DEMAND**

The Representative Plaintiff and the plaintiff classes hereby demand trial by jury on all issues triable of right by jury.

///

///

///

Dated: April 21, 2008

**SCOTT COLE & ASSOCIATES, APC**

By: /s/Carrie S. Lin,
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class