SCOTT EDWARD COLE (SBN 160744)
MATTHEW R. BAINER (SBN 220972)
CARRIE S. LIN (SBN 241849)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
Telephone:   (510) 891-9800
Facsimile:   (510) 891-7030
E-mail:      clin@scalow.com
Attorneys for Plaintiff

TAMARA PARTRIDGE, individually, and on behalf of all others similarly situated

MALCOLM A. HEINICKE (SBN 194174)
TYLER ROOZEN (SBN 248669)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4001
E-mail:      Malcolm.Heinicke@mto.com

Attorneys for Defendant
SHEA MORTGAGE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA PARTRIDGE individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SHEA MORTGAGE INC.,<br><br>Defendant. | CASE NO.  C 07-04230 BZ<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[STIPULATION RE: SETTLEMENT; DECLARATION OF CARRIE S. LIN; DECLARATION OF DAVID ROTMAN AND PROPOSED ORDER SUBMITTED SEPARATELY]**<br><br>DATE:  July 23, 2008<br>TIME:  10:00 a.m.<br>CTRM:  G<br><br>**The Honorable Bernard Zimmerman** |

5318656.1

JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES (CASE NO. C 07-04230 BZ)

**TABLE OF CONTENTS**

**Page**

TO THE COURT AND ALL INTERESTED PARTIES: ............................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2
    I.    INTRODUCTION AND SUMMARY OF PROPOSED SETTLEMENT ......................... 2
    II.    THE LITIGATION AND THE MEDIATION ................................................................. 4
    III.    THE SETTLEMENT .................................................................................................... 5
    IV.    ARGUMENT ............................................................................................................... 11
    V.    CONCLUSION ........................................................................................................... 15
EXHIBIT A TO JOINT MOTION FOR PRELIMINARY APPROVAL ................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) .............................................................................................. 12, 14

*Bowman v. UBS Fin. Servs., Inc.*,
  No. C 04 3525, 2007 WL 1456037 (N.D. Cal. May 17, 2007) ................................... 13

*Franklin v. Kaypro Corp.*,
  884 F.2d 1222 (9th Cir. 1989) ................................................................................... 11

*Glass v. UBS Financial Services, Inc.*,
  No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) .......................... 13

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................... 11

*In re CV Therapeutics, Inc., Securities Litig.*,
  No. C 03-3709 SI, 2007 WL 1033478 (N.D. Cal. April 4, 2007) .............................. 12

*In re Heritage Bond Litig.*,
  No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ........................ 12

*In re Portal Software, Inc. Sec. Litig.*,
  No. C 03-5138, 2007 WL 1991529, *5 (N.D. Cal. June 30, 2007) ......................... 3, 12

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................ 3, 11, 12

*In Re Wells Fargo Home Mortgage Overtime Pay Litigation*,
  No. MDL 06-1770 MHP, 2007 WL 3045995 (N.D. Cal. Oct. 18 2007) ................. 5, 12

*Jarrard v. Se. Shipbldg. Corp.*,
  163 F.2d 960 (5th Cir. 1947) ..................................................................................... 11

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350 (11th Cir. 1982) ................................................................................. 11

*Malchman v. Davis*,
  761 F.2d 893 (2d Cir. 1985) ...................................................................................... 12

*McCubbrey v. Boise Cascade Home & Land Corp.*,
  71 F.R.D. 62 (N.D. Cal. 1976) .................................................................................. 14

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ....................................................................................... 11

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) ..................................................................................... 11

*Van Vrunken v. Atlantic Richfield Co.*,
  901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................ 13

*West v. Circle K Stores, Inc.*,
  No. CIVS040438, 2006 WL 1652598 (E.D. Cal. June 13, 2006) .......................... 3, 12

*White v. Nat'l Football League*,
  41 F.3d 402 (8th Cir. 1994) ....................................................................................... 14

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

FEDERAL STATUTES

28 U.S.C. § 1715 .................................................................................................................. 10
29 U.S.C. § 201 ................................................................................................................. 2, 4
Fed. R. Civ. P. 23(c)(2)(B) .................................................................................................. 13
Fed. R. Civ. P. 26 .................................................................................................................. 2

STATE STATUTES

Business & Professions Code § 17200 ................................................................................. 8
Cal. Labor Code § 203 .......................................................................................................... 8
Cal. Labor Code § 218 .......................................................................................................... 8
Cal. Labor Code § 221 .......................................................................................................... 8
Cal. Labor Code § 226 .......................................................................................................... 8
Cal. Labor Code § 226.7 ....................................................................................................... 8
Cal. Labor Code § 512 .......................................................................................................... 8
Cal. Labor Code § 1174 ........................................................................................................ 8
Cal. Labor Code § 1194 ........................................................................................................ 8
Cal. Labor Code § 2698 ........................................................................................................ 8
Cal. Labor Code § 2802 ................................................................................................. 2, 5, 8

TREATISES

Newberg & Conte, 4 Newberg on Class Actions
   § 11.25 (4th ed.) (updated 2007) ...................................................................................... 12

OTHER AUTHORITIES

Manual for Complex Litigation Third
   § 30.41 (1997) .................................................................................................................. 11

**TO THE COURT AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE THAT on July 23, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom G of this Court, The Honorable Bernard Zimmerman Presiding, Plaintiff Tamara Partridge and Defendant Shea Mortgage Inc. will and hereby do jointly and respectfully move the Court for preliminary approval of the proposed class action settlement. Specifically, the parties jointly and respectfully request that the Court (a) grant preliminary approval for the proposed class action settlement; (b) grant conditional certification of the proposed settlement class; (c) authorize the mailing of the proposed class action notice; and (d) schedule a "fairness hearing" (i.e., a hearing on the final approval of the settlement) for November 19, 2008.

The parties make this motion on the grounds that the proposed settlement is fair, adequate and just. To assure due process to the Class, the parties also request that they be authorized to provide the notice as described in the Stipulation Regarding Settlement of Class Action. This Motion is based upon this Notice of Motion and Joint Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in support thereof, the Declaration of mediator David Rotman in support thereof, the Declaration of Carrie Lin in support thereof, the Stipulation Regarding Settlement of Class Action and the exhibits thereto lodged concurrently therewith, argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED: June 18, 2008					SCOTT COLE AND ASSOCIATES, APC

							By: /s/ Carrie S. Lin
								CARRIE S. LIN
							Attorneys for Plaintiff
							TAMARA PARTRIDGE


DATED: June 18, 2008					MUNGER TOLLES AND OLSON LLP

							By: /s/ Tyler A. Roozen
								TYLER A. ROOZEN
							Attorneys for Plaintiff
							SHEA MORTGAGE INC.

5318656.1            - 1 -     JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES (CASE NO. C 07-04230 BZ)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND SUMMARY OF PROPOSED SETTLEMENT**

Plaintiff Tamara Partridge (herein "Class Representative") and Defendant Shea Mortgage Inc. (herein "Shea Mortgage") jointly and respectfully request that this Court grant preliminary approval for the proposed class action settlement submitted concurrently herewith.

In the instant action, which was filed on August 17, 2007, Plaintiff Tamara Partridge alleges, on behalf of herself and a putative class of others allegedly similarly situated to her, that Shea Mortgage violated certain state and federal employment laws, including without limitation the California Labor Code, the California Industrial Welfare Commission Wage Orders, and the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by purportedly, *inter alia*, (a) misclassifying its California Loan Counselors as "exempt" employees, i.e., employees who are exempt under California and/or federal law from premium overtime requirements, meal and rest period requirements, and the other wage and hour requirements imposed on employees who do not qualify for the outside or inside/commission salesperson exemptions, or the executive, administrative, professional exemptions under federal and/or state law, and (b) improperly failing to reimburse necessary business expenses to its California Loan Counselors in violation of California Labor Code Section 2802.

Shea Mortgage denies the Class Representative's allegations and maintains that, at all times, it properly classified its Loan Counselors under both federal and state law, complied with all other relevant wage and hour requirements imposed under federal and state law, and properly reimbursed or otherwise provided the employees in question with any and all necessary business expenses as required under California Labor Code Section 2802.

Following the exchange of significant amounts of information pertaining to the putative Class and the issues presented (which included, among other things, initial disclosures under Fed. R. Civ. Proc. 26, exchange of additional data and documents related to the putative Class, declarations from putative class members, and the deposition of the of the original named plaintiff), the parties engaged in settlement discussions with a very well respected and experienced mediator who specializes in the mediation of California wage and hour actions such

5318656.1   - 2 -   JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES (CASE NO. C 07-04230 BZ)

1  as this. This mediation resulted in the settlement currently pending before the Court. The
2  settlement is intended to result in the dismissal with prejudice of the above captioned matter. The
3  negotiations that led to this settlement were conducted at arms-length and involved counsel who
4  are experienced in and specialize in wages and hour cases.

5  Through the instant motion the parties seek preliminary approval of the settlement.
6  Because the eventual fairness hearing will provide the Court another opportunity to review the
7  settlement (with the benefit of Class Member input), preliminary approval should be granted so
8  long as the proposed settlement is not "obviously deficient" and is "within the range of possible
9  approval." *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007);
10 *In re Portal Software, Inc. Sec. Litig.*, No. C 03-5138, 2007 WL 1991529, *5-6 (N.D. Cal. June
11 30, 2007); *West v. Circle K Stores, Inc.*, No. CIVS040438, 2006 WL 1652598, *11 (E.D. Cal.
12 June 13, 2006); *see also In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124
13 (7th Cir. 1979).

14 It is clear that the parties here have made far more than the limited showing
15 necessary for preliminary approval. The proposed settlement, which the parties have lodged
16 concurrently with this motion, sets forth all of the agreements between the Class Representative
17 and Shea Mortgage. This settlement was reached following a significant exchange of information
18 and through arms-length bargaining with the assistance and considerable involvement of both
19 experienced counsel and a respected mediator. The proposed settlement will result in significant
20 financial benefit to participating claimants, and there is nothing to suggest that the fully disclosed
21 agreement on attorney fees and costs, which is also subject to Court approval, is excessive; in
22 fact, it is within the range of such awards commonly approved by district courts in this district
23 and the Ninth Circuit. Likewise, the proposed enhancement award to Representative Plaintiff
24 Tamara Partridge is within the range of such awards commonly approved by district courts.
25 Finally, the proposed form of notice to the Class is more than adequate under pertinent standards.

26 For the foregoing reasons, the parties respectfully request that the Court (a) grant
27 preliminary approval for the proposed class action settlement; (b) grant conditional certification
28 of the proposed settlement class; (c) authorize the mailing of the proposed class action notice; and

(d) schedule a "fairness hearing," i.e., a hearing on the final approval of the settlement for November 19, 2008 at 10:00 a.m.

## II. THE LITIGATION AND THE MEDIATION

Shea Mortgage is a lending institution that provides financing options to home buyers. On August 17, 2007, original Plaintiff Sherry R. Carr brought this putative class action challenging the manner in which Shea Mortgage compensated its Loan Counselors. Specifically, Carr alleged that that Shea Mortgage violated certain state and federal employment laws, including without limitation the California Labor Code, the California Industrial Welfare Commission Wage Orders and the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), by purportedly, *inter alia*, misclassifying its Loan Counselors as "exempt" employees, i.e., employees who are exempt under federal and/or California law from premium overtime requirements, meal and rest period requirements, and the other wage and hour requirements.

Shortly after the action was filed, the parties agreed to enter into private mediation. In anticipation of mediation, the parties exchanged significant amounts of information, including Initial Disclosures, declarations from members of the putative class, documents regarding the policies and procedures in dispute, and data pertinent to the putative class (the total number of class members and work weeks at issue, average compensation of class members, etc.). In addition, Shea Mortgage deposed the original Plaintiff, Sherry R. Carr.

Prior to mediation, Class Counsel communicated extensively with current class representative Tamara Partridge (then merely a putative class member). Declaration of Carrie Lin ("Lin Decl.") ¶¶ 7-8. Ms. Partridge provided Class Counsel with a declaration and relevant documents in preparation for mediation, and helped identify additional causes of action and theories of recovery for the class, some of which were discussed and negotiated during mediation (specifically, Ms. Partridge identified an additional cause of action for un-reimbursed business expenses, and the alleged requirement that putative class members remain "on call" throughout the day). *Id*.

On March 5, 2008, following the exchange of the information described above, the settling parties held a mediation session in San Francisco, California with professional mediator

David Rotman, Esq. Mr. Rotman is an experienced mediator who specializes in the mediation of employment actions, and California wage and hour class actions in particular. *See* Declaration of David Rotman ("Rotman Decl.") ¶¶ 1-2. The mediation, which took an entire day, resulted in an agreement on the basic terms of the stipulated settlement now before the Court for preliminary approval. This agreement was the result of arms-length negotiations involving experienced counsel. *See id.* at ¶¶ 3-6. Indeed, without waiving the mediation privilege, the parties note that in reaching the stipulated settlement, they devoted significant amounts of time discussing several areas of dispute, including, without limitation: (1) the likely outcome of the Ninth Circuit's review of *In Re Wells Fargo Home Mortgage Overtime Pay Litigation*, No. MDL 06-1770 MHP, 2007 WL 3045995 (N.D. Cal. Oct. 18 2007) (review granted), and the potential effect such a decision would have on Plaintiff's chances of achieving class certification; (2) the scope and application of various exemptions to federal and state overtime provisions; (3) whether putative class members were entitled to overtime payment for hours during which they were allegedly "on-call"; and (4) whether putative class members were entitled to reimbursement of certain expenses.

Pursuant to a stipulation between the parties and an order of this Court, a First Amended Complaint was subsequently filed, which substituted Tamara Partridge for Sherry Carr as the named plaintiff and putative Class Representative. In addition, the amended complaint narrowed the class definition to Loan Counselors who had been employed in California during the relevant time period and added a new claim for alleged failure to reimburse necessary business expenses or losses incurred in performance of their job duties in violation of California Labor Code Section 2802.

Shea Mortgage denied and continues to deny all of the allegations summarized above, and through this settlement it does not admit (and instead expressly denies) any wrongdoing or liability.

**III.    THE SETTLEMENT**

The proposed settlement calls for the certification of a settlement class consisting of all individuals who were employed by Shea Mortgage in the position of Loan Counselor in

1  California at any time during the Class Period, i.e., August 17, 2003 through July 23, 2008,

2  assuming that is the date of preliminary approval. *See* Stipulation Re: Settlement of Class Action

3  ("Stipulation") ¶¶ 1.2 & 1.5.[1]  Because this action was initially filed on August 17, 2007, and

4  because the Class Representative's state law claims are subject to a maximum four-year statute of

5  limitations, this Class Period is consistent with the claims asserted. Current estimates suggest that

6  this Class consists of approximately 60 people. *Id.* ¶ 1.2.

7  The Stipulation provides that the Maximum Settlement Amount (i.e., the

8  maximum amount that Shea Mortgage can pay under the terms of the Stipulation) is $395,000.

9  The specific components of this Maximum Settlement Amount are: (a) the maximum gross

10  amount for payments to Participating Claimants, which is $251,500 (b) the maximum gross

11  amount for Class Counsel's attorney fees and litigation costs, which is $118,500 (c) the maximum

12  gross amount for claims administration costs, which is $10,000, and; (d) the maximum gross

13  amount for an enhancement payment to the Class Representative, Tamara Partridge, which is

14  $15,000. *See id.* ¶ 1.14.

15  Each of the Class Members will receive a notice in the form proposed. *Id.* ¶ 2.4.1.

16  The settling parties drafted the Class Notice and the associated Claim Form in plain English so as

17  to make the materials easy to understand and less likely to be disregarded or ignored. The Class

18  Notice and accompanying Claims Form clearly informs the class members that they stand to

19  receive "approximately $50.00" for every qualifying work-week, and the notice will also provide

20  the number of qualifying work-weeks worked by each Class Member on an individualized basis.

21  *See id.* Ex. 2 § III at 5. In other words, the notice will provide each Class Member with

22  individualized and complete information on his or her potential recovery.

---

[1] Through the Stipulation, Shea Mortgage has not admitted any wrongdoing, and it has reserved its right to contest Plaintiffs' claims on all procedural and substantive grounds should the Stipulation not be approved or the proposed Judgment not become final. Specifically, and without limitation, the Settling Parties have agreed that Shea Mortgage reserves its right to contest class or collective action certification should litigation here proceed. Although Shea Mortgage vigorously contests the allegations made, it has chosen to resolve this dispute to address the questions raised and avoid the expense and disruption of further litigation.

1    Per the proposed settlement, the parties will retain the professional claims
2    administration firm of Gilardi & Co. LLC (the "Claims Administrator") to perform the notice and
3    claims administration procedures in this matter. *See id*. ¶¶ 1.1, 2.4 *et seq*. & 2.9.2. The Class
4    Notice will describe the Litigation, the terms of the settlement, and each Class Member's options
5    with regard to the proposed settlement. *See id*., Ex. 2 (Proposed Notice to Class Members). The
6    Class Notices will be sent, postage pre-paid, via first class mail to the Last Known Addresses of
7    each Class Member. *See id*. ¶ 2.4.1. Prior to mailing the Class Notices, the Claims Administrator
8    will check the Last Known Addresses against the National Change of Address Database
9    maintained by the United States Postal Service to determine an updated address, if any. *Id*. To
10   the extent a Notice is returned to the Claims Administrator with a forwarding address, the Claims
11   Administrator will forward the notice to any forwarding address provided. *See id*. ¶ 2.4.6. If, on
12   the other hand, a notice is returned to the Claims Administrator because the address of the
13   recipient is no longer valid, i.e., the envelope is marked "Return To Sender," the Claims
14   Administrator will take address verification measures and re-send the notice. *See id*.

15   As explained thoroughly in the Class Notice, Class Members who do not wish to
16   be a part of the Settlement Class and do not wish to be subject to the Judgment may submit a
17   written request to opt out of the Settlement Class. Those Class Members who submit written opt
18   out requests will not be subject to the Judgment and will be deemed to have never participated in
19   this action. *See id*. ¶ 2.5.2 & Ex. 2 § VI at 10. As also explained in the Class Notice, Class
20   Members have the option to submit written objections to the settlement. *See id*. ¶ 2.5.3 & Ex. 2
21   §§ VI, VIII at 11-12. Similarly, and as also explained in the Class Notice, Class Members have
22   the option to retain their own counsel and participate in the case through counsel. *See id*. ¶ 2.5.1
23   & Ex. 2 § VI at 11.

24   All Class Members who do not timely request to opt out in writing will become
25   Members of the Settlement Class and will be subject to the Judgment and its associated release,
26   whether they become Participating Claimants or not. *See id*. ¶¶ 2.5.4, 2.7.1 & Ex. 2 § VI at 11.
27   Upon the Effective Date of the Judgment, all Settlement Class Members will be deemed to have,
28   and by operation of the Judgment will have, released all Released Claims as defined in the

settlement agreement. This definition generally covers all known or unknown claims relating to: (a) alleged misclassification as an exempt employee, including without limitation any claims for (i) failure to pay regular or premium overtime wages, (ii) failure to comply with payroll or wage record-keeping or itemization requirements, (iii) failure to provide meal and/or rest periods and/or to pay additional sums of money in lieu thereof, (iv) failure to timely pay wages due at termination or otherwise, (v) failure to pay standby or "on-call" wages; and (vi) improper wage deductions; (b) any and all claims for the reimbursement of business expenses, including without limitation driving mileage reimbursements or home office expenses; (2) any and all associated statutory claims, including without limitation claims under the California Labor Code Sections 218, 221, 226, 226.7, 512, 1174, 1194, 2802, 2698 *et seq*. and the Fair Labor Standards Act ("FLSA") and the Portal to Portal Act,[2] and California Business & Professions Code section 17200 et seq., and the California Industrial Welfare Commission Wage Orders; (c) any and all associated claims for penalties, including without limitation claims under California Labor Code sections 203, 226, 226.7, 512 & 1194, 2698 et seq.; (d) any and all associated claims for interest, costs, or attorney fees; and (e) any and all claims pled in the Litigation that are not otherwise covered by parts (a) - (d). *See id*. ¶¶ 1.29 & 2.7.1.

Settlement Class Members who timely and properly submit a qualifying claim form either by mail or on-line (through a webpage created and maintained by the Claims Administrator)[3] certifying their eligibility for payment under the settlement will become Participating Claimants and will receive their individualized Settlement Sums. *See id*. ¶¶ 1.23 & 2.6.1. To the extent a Settlement Class Member does not become a Participating Claimant, i.e., he or she does not submit a qualifying claim form, then any settlement funds that would have

---

[2] Although all other Released Claims are released by all Settlement Class Members, the Settling Parties agree that direct FLSA claims for unpaid overtime, as opposed to state law claims predicated on the FLSA such as claims as California Business & Professions Code section 17200 (which are Released Claims), are released with respect to Participating Claimants only.

[3] Settlement websites are common in consumer class actions, yet uncommon in connection to wage and hour settlements. Based upon Class Counsel's prior experience, if given the chance, as many as a quarter of the class members who file claims may file them on-line. *See* Lin Decl. ¶ 15. Further, Class Counsel has reason to believe that this settlement class in particular will be receptive to utilizing an on-line claims process, thus greatly increasing the number of participating class members and maximizing the benefit to the class. *Id*. ¶ 17.

5318656.1      - 8 -      JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES (CASE NO. C 07-04230 BZ)

been paid to him or her had he or she done so will remain the property of Shea Mortgage and not be paid. *See id.* ¶ 2.1.3. However, the Settling Parties have also agreed to a "participation floor" of forty percent (40%), whereby, if fewer than forty percent (40%) of the total work weeks worked by the Class claimed, then the additional money beyond that owed that would have been paid if forty percent (40%) of the work weeks worked by the Class were claimed will be distributed pro rata to the Participating Claimants. *Id.*

Because the Settlement Sum will represent a payment in settlement of claims for unpaid overtime wages, meal and rest period premiums, associated penalties and interest, and un-reimbursed business expenses, the parties have structured the agreement so that the amount of this payment will vary according to each claimant's length of the service between August 17, 2003 and July 23, 2008, assuming that is the preliminary approval date. Specifically, for each Qualifying Work Week worked during the pertinent period, a Participating Claimant will be eligible for a gross payment, which is currently estimated to be approximately $50.00. *See id.* ¶¶ 1.28, 1.34, 1.5 & Ex. 2 (Proposed Notice to Class Members) § III at 5.

The Class Notice will advise Class Members of the pertinent formula, and these notices will be individualized to advise each Class Member of the number of Qualifying Work Weeks that they have worked so that they can evaluate the settlement and its financial implications for them. *See id.* Ex. 2 § III at 5.

With regard to attorney fees and costs, the parties have agreed that Class Counsel may request that the Court award approximately thirty percent (30%) of the Maximum Settlement Amount or up to $118,500, which would cover both its fees and costs. *See id.* ¶ 2.8.1. Shea Mortgage has agreed through a "stand-still" agreement not to oppose this award, which is subject to Court review. *See id.* With regard to the enhancement award, the Stipulation calls for a payment of $15,000 to the Class Representative, subject to Court approval. *See id.* ¶¶ 2.8.2. This payment is in compensation for (a) the Class Representative's efforts in the litigation including the burden associated with assisting counsel and bringing this action publicly and incurring what Class Representative believes to be the risk of possible retaliation; and (b) the Class

Representative's execution of a general release of all claims Class Representative has against Shea Mortgage. *Id.*[4]

The Stipulation provides for a "Settlement Hearing" or a hearing to review final approval of the settlement. *See id.* ¶¶ 1.33., 2.3.1, 2.3.4 & 2.5.7. The Class Notice will advise Class Members of the date and time of this hearing and their chance to attend the hearing and make their views known, provided they file timely submissions. *See id.* Ex. 2 § VIII. At this hearing, the parties will address any issues raised by the Class Members or the notice process itself, and the Court will have a second opportunity to review the Stipulation in full. *See id.* ¶¶ 1.33. 2.3.4 & 2.5.7.

Finally, the Stipulation provides that the parties will take all reasonable steps to comply with the requirements of the Class Action Fairness Act of 2005, including the notice requirements. *See id.* ¶ 2.11.20. It is the intent of the parties that the Judgment be binding on all Settlement Class Members. *See id.* No more than 10 days after this joint motion for preliminary approval of this Stipulation is filed, Shea Mortgage will provide notice to the Attorney General of the United States, the California State Attorney General, the California Department of Industrial Relations and the California Labor and Workforce Development Agency and any other entities or agencies that Shea Mortgage deems appropriate (including the attorneys general and labor departments of any states in which Class Members reside other than California). *See id.* The notice will include each of the items required under 28 U.S.C. § 1715.[5] *See id.*

All of the terms of the proposed settlement are set forth in the Stipulation submitted concurrently herewith. The exhibits to this Stipulation include the proposed Class Notice and the proposed Judgment. The anticipated timeline for the review and implementation of the settlement is set forth in Exhibit A to this pleading. The parties jointly and respectfully

---

[4] In addition to her enhancement payment, the Class Representative shall also be entitled to receive the Settlement Sum which, as a Class Member, she would have otherwise been entitled to under the Settlement.

[5] Specifically, the Notice will include: (1) the operative complaint in the Litigation; (2) this notice of motion and motion for preliminary approval of the settlement with the relevant supporting documents; (3) the Class Notice; (4) the Stipulation of Settlement, which will include the proposed Judgment; (5) the names of each Class Member and his or her projected number of Qualifying Work Weeks.

submit that the proposed settlement reflected in the Stipulation is fair and reasonable under the circumstances, and the parties will take all efforts to secure its approval by this Court.

## IV. ARGUMENT

Rule 23(e) of the Federal Rules of Civil Procedure requires court approval for any settlement of a class action. Similarly, private settlements containing waivers of FLSA claims must be approved by the Department of Labor or a court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Jarrard v. Se. Shipbldg. Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

Federal law strongly favors and encourages settlements in the context of class actions. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[I]t hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits.") (*quoting Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)). If the parties request approval of a class action settlement, a court generally cannot require the parties to modify or otherwise alter the terms of the proposed settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety.").

Court approval of class action settlements is a two-step process:

> First, counsel submit the proposed terms of the settlement and the court makes a preliminary fairness evaluation…. If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of Plaintiffs or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

Manual for Complex Litigation Third § 30.41 (1997); *see also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079-80; *cf. Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993) (noting and implicitly approving the district court's use of a preliminary approval process). Precisely because Class Members will subsequently receive notice and have an opportunity to be heard on the settlement, the Court need not review the settlement in detail at this juncture;

instead, preliminary approval is appropriate so long as the proposed settlement is not "obvious[ly] deficien[t]" and falls within the "range of possible judicial approval." *See* Newberg & Conte, 4 Newberg on Class Actions § 11.25 (4th ed.) (updated 2007); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079-80; *In re Portal Software*, 2007 WL 1991529, at *5-6; *Circle K Stores*, 2006 WL 1652598, at *11. As noted by the Second Circuit, granting preliminary approval and dissemination of notice "is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n-Eastern R.R.*, 627 F.2d 631, 634 (2d Cir. 1980).

Here, all of the pertinent factors weigh heavily in favor of granting preliminary approval and authorizing distribution of the notice. First, and most importantly, the proposed settlement was the product of arms-length bargaining. *See* Lin Decl. ¶ 5; Rotman Decl. ¶ 6. Plaintiff and the putative class were represented by experienced counsel. Lin Decl. ¶¶ 12-14 ; Rotman Decl. ¶ 5. The mediation was conducted before an experienced mediator, and the settlement was the product of hard fought, adversarial negotiations. Rotman Decl. ¶¶ 2-6.

Second, there is nothing to suggest that Class Counsel is receiving an excessive award. Through the instant agreement, Shea Mortgage has agreed to a so-called "stand-still" agreement concerning Class Counsel's fees whereby Shea Mortgage has agreed not to oppose a petition for fees so long as it does not exceed a maximum amount. Federal courts have made clear that such commonplace agreements are proper. *See, e.g.*, *Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985), *abrogated on other grounds*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997). The award contemplated here -- which includes both fees and costs -- is approximately thirty percent of the maximum settlement amount, which is consistent with awards in other class action cases.[6] *See, e.g., In re CV Therapeutics, Inc., Securities Litig.*, No. C 03-3709 SI, 2007 WL 1033478, * 1 (N.D. Cal. April 4, 2007) ("The Court finds that . . . a fee award of 30% of the Settlement Fund is consistent with awards made in similar cases"); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, * 19 (C.D. Cal. June 10, 2005) ("courts in

---

[6] Because this award includes both fees *and* litigation expenses, the percentage for fees alone is actually less than 30% of the total settlement.

5318656.1 - 12 - JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES (CASE NO. C 07-04230 BZ)

this circuit, as well as other circuits, have awarded attorneys' fees of 30% or more in complex class actions").

Third, and similarly, no segments of the Class are receiving unduly preferential treatment. All Class Members are subject to the same notice and claims procedures, settlement formulas and eventual release of claims. The settlement formula varies objectively according to qualifying weeks worked within the Class Period. With respect to the Class Representative's singular enhancement, this award is limited, within the range of such awards commonly provided in litigation of this nature, and include each Class Representative's general release of all claims against the Defendant and compensation for the efforts in aiding Class Counsel in litigating this suit. *See, e.g., Glass v. UBS Financial Services, Inc.*, No. C-06-4068 MMC, 2007 WL 221862, *16-17 (N.D. Cal. Jan. 26, 2007) (approving class wage and hour settlement with enhancement payments of $25,000); *Van Vrunken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving a $50,000.00 enhancement award). Given the modest nature of the enhancement here, combined with the work performed by the Representative Plaintiff prior to and after the filing of the First Amended Complaint, there is nothing to suggest that the award is improper or undermines the apparent fairness of the settlement.

Further, all agreements concerning attorney fees and the Class Representative's enhancement award, as well as all other aspects of the settlement agreement, have been fully disclosed to the Court and will be fully disclosed to the class members via the Class Notice. The parties have filed a copy of the complete Stipulation with this motion, and the parties have (and hereby do) represent that there are no other, undisclosed agreements concerning the conditions for this settlement. *See* Lin Decl. ¶¶ 9-11.

Fourth and finally, the proposed Class Notice and proposed form of distribution is more than adequate. Rule 23 requires that the absent Class Members receive the "best notice practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B). The method and the content of the notice to class members should be designed to fairly apprise them of the terms of the proposed settlements and the options available to them. *See, e.g.*, *Bowman v. UBS Fin. Servs., Inc.*, No. C 04 3525, 2007 WL 1456037, at *1 (N.D. Cal. May 17, 2007); *McCubbrey v. Boise*

*Cascade Home & Land Corp.*, 71 F.R.D. 62, 67 (N.D. Cal. 1976). Federal courts have made clear that individual mailings to each Class Member's last known address is a sufficient form of notice. *See, e.g.*, *White v. Nat'l Football League*, 41 F.3d 402, 408 (8th Cir. 1994), *abrogated on other grounds, Amchem*, 521 U.S. at 618-20.

As explained above, in this case the proposed form of notice will be sent via first class mail to the last known address of each Class Member. Prior to the mailing, the last known addresses will be checked against the United States Postal Service's National Change of Address Database. The Claims Administrator will forward returned notices to the forwarding addresses provided and, for notices returned because the address of the recipient is no longer valid, i.e., the envelope is marked "Return To Sender," the Claims Administrator will take address verification measures and re-send the Class Notice to the updated address.

Each notice will provide the details of the case and the proposed settlement as well as the specific options available to Class Members. In particular, it will inform each Class Member of the settlement formulas and the number of Qualifying Work Weeks that he or she worked, thereby permitting the Class Member to make an informed decision about whether to opt out, submit a claim form or take other or no action. Thus, it is clear that the proposed form of notice is adequate.

In sum, the parties jointly and respectfully request that the Court (a) grant preliminary approval for the proposed class action settlement; (b) grant conditional certification of the proposed settlement class; (c) authorize the mailing of the proposed class action notice; and (d) order the parties to meet and confer to schedule a "fairness hearing," *i.e*., a hearing on the final approval of the settlement, consistent with the deadlines in the Stipulation. As set forth above, all of the pertinent factors weigh in favor of granting preliminary approval and allowing the notice and claims process to proceed.

## V. **CONCLUSION**

For the foregoing reasons, the parties jointly and respectfully request that the Court grant the instant motion.

I, Tyler Roozen, attest that I have obtained concurrence from Carrie S. Lin in the filing of this Notice of Joint Motion and Joint Motion for Preliminary Approval of Class Action Settlement and Memorandum of Points and Authorities in Support Thereof. *See* N.D. Cal. General Order 45 § 10(B).

DATED: June 18, 2008                    SCOTT COLE AND ASSOCIATES, APC

By: /s/ Carrie S. Lin
        CARRIE S. LIN

Attorneys for Plaintiff
TAMARA PARTRIDGE

DATED: June 18, 2008                    MUNGER TOLLES AND OLSON LLP

By: /s/ Tyler A. Roozen
        TYLER A. ROOZEN

Attorneys for Plaintiff
SHEA MORTGAGE INC.

**EXHIBIT A TO JOINT MOTION FOR PRELIMINARY APPROVAL**

*Tamara Partridge vs. Shea Mortgage Inc.,*
*Case No. C 07-04230 BZ*

**IMPLEMENTATION SCHEDULE**

| Deadline | Activity |
|---|---|
| 07/23/08 | Hearing on joint motion for preliminary approval and anticipated entry of preliminary approval order |
| 08/22/08 | Claims administrator mails class notices |
| 09/22/08 | Deadline for members of the settlement class to submit claim forms or opt out statements |
| 09/22/08 | Deadline for class members to submit written objections to class counsel |
| 10/13/08 | Settling parties file joint motion for final approval of settlement and declarations concerning compliance with class notice requirements |
| 11/19/08 | Settlement fairness hearing and anticipated date of entry of judgment |
| 12/19/08 | Anticipated Effective Date |
| 12/29/08 | Shea Mortgage makes payments to class counsel* |
| 01/19/09 | Shea Mortgage makes payments to class representative* |
| 02/18/09 | Deadline to mail payments to participating claimants and/or notices of final approval to class members* |
| 03/10/09 | Anticipated date of confirmation of mailing to participating claimants and submission of notice of satisfaction of judgment* |

\* Date subject to prior occurrence of Effective Date.