Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. # 241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web:    www.scalaw.com

Attorneys for Plaintiff
and the Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA PARTRIDGE, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SHEA MORTGAGE, INC,<br><br>Defendant. | Case No.: C 07 04230 BZ<br><br>**CLASS ACTION**<br><br>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:         July 23, 2008<br>Time:        10:00 a.m.<br>Courtroom: G, 15th Floor<br>Judge:       Hon. Bernard Zimmerman |

**I.     INTRODUCTION**

Plaintiff respectfully submits supplemental points and authorities in support of the parties' joint motion for preliminary approval of class action settlement. For the reasons set forth below, provisional class certification for settlement purposes is appropriate in the instant matter under the relevant provisions of FRCP Rule 23.

**II.    POINTS AND AUTHORITIES**

**A.    PROVISIONAL CLASS CERTIFICATION IS APPROPRIATE**

Provisional certification for settlement purposes is appropriate where certain, but not all, provisions of FRCP Rule 23 are met. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 592 (1997).

### 1. The Proposed Class Is Ascertainable and Numerous

The class is *ascertainable* and consists of only persons who have been employed by Shea Mortgage as a Loan Counselor within the State of California since August 17, 2003.

The *numerosity* requirement is met if the class is so large that joinder of all members would be impracticable. *Gay v. Waiters' & Dairy Lunchmen's Union*, 489 F.Supp.282, 285 (N.D. Cal. 1980), *aff'd*, 694 F.2d 531, 13 (9th Cir. 1982). "As few as 40 Class members should raise a presumption that joinder is impracticable...." 1 *Newberg* § 3:5 p. 247. Here, the proposed class is estimated to be approximately 60 current and former Shea Loan Counselors. Thus, joinder is impracticable, and the numerosity requirement is satisfied.

### 2. Common Issues of Law and Fact Predominate

The threshold for commonality is not high. In determining whether sufficient common questions of law and fact exist, the Court's inquiry is directed towards a review of "whether the *theory of recovery* advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment." *Sav-On Drug Stores v. Superior Court*, 34 Cal.4th 319, 327 (2004) [emphasis added]. In performing this analysis, the Court should look to "the allegations of the Complaint and the declarations of attorneys representing the plaintiff classes to resolve this question." *Sav-On*, 34 Cal.4th at 327.

Here, the proposed class members' claims stem from Shea Mortgage's policy and practice of classifying its Loan Counselors as exempt from California's wage and hour laws, and from Shea Mortgage's alleged practice of failing to reimburse its Loan Counselors for ordinary business expenses. As such, the commonality factor is satisfied.

### 3. Proposed Class Representatives' Claims Are Typical of the Proposed Class

The typicality and commonality requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *Weyner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Ca. 1987) [observing a

Plaintiff's Supplemental Memorandum of Points and Authorities

"necessary overlap of the provisions of Rule 23"]; *California Rural Legal Assistance v. Legal Services Co.*, 917 F.2d 1171, 1175 (9th Cir. 1990) [Rule 23 "does not require the named plaintiffs to be identically situated with all other class members. It is enough to share a 'common issue of law or fact.'"]. Representative Plaintiff Tamara Partridge worked as a Loan Counselor during the class period, and, as such, was subject to the same employment classification and policies as the other putative class members; thus, the typicality requirement is met.

### 4.     The Class Is Adequately Represented

The class members are *adequately represented* if the named plaintiffs and their counsel (1) do not have any conflicts of interest with other class members, and (2) will prosecute the case vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020. Mere divergence of opinion between the class and its representatives is not sufficient. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

In this case, there is no evidence of antagonism between the proposed representative, her attorneys, and the putative class. The proposed class notice affords putative class members the opportunity to "opt out" of the class. Moreover, Plaintiffs' counsel (who possess substantial experience prosecuting wage and hour class action lawsuits) has prosecuted the action as vigorously as has been practicable on behalf of the class. Under the foregoing circumstances, the adequacy requirement is met with respect to the proposed class.

### 5.     Class Treatment Is the Superior Mechanism for Managing this Litigation

Plaintiff alleges that Shea Mortgage misclassified all California Loan Counselors as exempt workers, and that it has a policy and practice of failing to reimburse its Loan Counselors for ordinary business expenses. Accordingly, there would exist numerous common questions to be analyzed by the Court in a formal class certification hearing. Here, individual issues do not predominate, but rather are ancillary to the common questions. Indeed, issues which may require class members to individually establish their eligibility to make a claim or to prove damages do not render class

treatment inappropriate, as long as these issues may be effectively managed. *Sav-On*, 34 Cal.4th at 334-335.

The only alternative to certifying this class would be to force dozens of current and former Shea Mortgage employees to file individual actions. As the California Supreme Court has stated, "[t]he relevant comparison lies between the costs and benefits of adjudicating plaintiffs' claims in a class action and the costs and benefits of proceeding by numerous separate actions--*not* between the complexity of a class suit that must accommodate some individualized inquiries and the absence of any remedial proceeding whatsoever." *Sav-On*, 34 Cal.4th at 339 fn. 10. Here, proceeding with dozens of individual trials would constitute a waste of time and judicial resources.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the parties' Joint Motion for Preliminary Approval.

Date: June 18, 2008

                                          SCOTT COLE & ASSOCIATES, APC

By:  /s/ Carrie S. Lin
       Carrie S. Lin, Esq.
       Attorneys for the Plaintiff
       And the Plaintiff Class