1  SCOTT EDWARD COLE (State Bar No. 160744)
   MATTHEW R. BAINER (State Bar No. 220972)
2  CARRIE S. LIN (State Bar No. 241849)
   SCOTT COLE & ASSOCIATES, APC
3  1970 Broadway, Ninth Floor
   Oakland, CA 94612
4  Telephone:     (510) 891-9800
   Facsimile:     (510) 891-7030
5  E-mail:        clin@scalow.com

6  Attorneys for Plaintiff
   TAMARA PARTRIDGE, individually,
7  and on behalf of all others similarly situated

8  MALCOLM A. HEINICKE (State Bar No. 194174)
   TYLER ROOZEN (State Bar No. 248669)
9  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
10 Twenty-Seventh Floor
   San Francisco, CA  94105
11 Telephone:     (415) 512-4000
   Facsimile:     (415) 512-4001
12 E-mail:        Malcolm.Heinicke@mto.com

13 Attorneys for Defendant
   SHEA MORTGAGE INC.

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17
   TAMARA PARTRIDGE individually, and      CASE NO.  C 07-04230 BZ
18 on behalf of all others similarly situated,
                                           **STIPULATION RE: SETTLEMENT OF**
19                Plaintiffs,              **CLASS ACTION;**

20        vs.                             **[PROPOSED] ORDER GRANTING**
                                          **PRELIMINARY APPROVAL AND**
21 SHEA MORTGAGE INC.,                    **SETTLEMENT HEARING (EXHIBIT 1);**

22                Defendant.              **[PROPOSED] NOTICE TO CLASS**
                                          **MEMBERS (EXHIBIT 2);**
23
                                          **[PROPOSED] ORDER GRANTING**
24                                        **FINAL APPROVAL OF SETTLEMENT**
                                          **(EXHIBIT 3); AND**
25
                                          **[PROPOSED] JUDGMENT (EXHIBIT 4)**
26

27

28

4791456.5

1    IT IS HEREBY STIPULATED AND AGREED by and between TAMARA

2  PARTRIDGE (as Class Representative), on behalf of herself, and all others similarly situated, on

3  the one hand, and SHEA MORTGAGE INC. ("Shea Mortgage"), on the other hand, as set forth

4  below:

5  **I.    The Conditional Nature of This Stipulation.**

6    This Stipulation re: Settlement and all associated exhibits or attachments (herein

7  "Stipulation") is made for the sole purpose of attempting to consummate settlement of this action

8  on a class-wide basis.  This Stipulation and the settlement it evidences is made in compromise of

9  disputed claims.  Because this action was pled as a class and collective action, this settlement

10  must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties enters

11  into this Stipulation and associated settlement on a conditional basis.  In the event that the Court

12  does not execute and file the Order Granting Final Approval of Settlement, or in the event that the

13  associated Judgment does not become Final for any reason, this Stipulation shall be deemed null

14  and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized

15  for any purpose whatsoever, and the negotiation, terms and entry of the Stipulation shall remain

16  subject to the provisions of Federal Rule of Evidence 408 and California Evidence Code Sections

17  1119 and 1152.

18    Shea Mortgage denies all of the claims as to liability, damages, penalties, interest,

19  fees, restitution and all other forms of relief as well as the class and collective action allegations

20  asserted in the Litigation.  Shea Mortgage has agreed to resolve this Litigation via this

21  Stipulation, but to the extent this Litigation continues, this Stipulation is deemed void, or the

22  Effective Date otherwise does not occur, Shea Mortgage does not waive, but rather expressly

23  reserves, all rights to challenge all such claims and allegations in the Litigation upon all

24  procedural and factual grounds, including without limitation the ability to challenge class or

25  collective action treatment on any grounds or assert any and all defenses or privileges.  The Class

26  Representative and Class Counsel agree that Shea Mortgage retains and reserves these rights, and

27  agree not to take positions to the contrary; specifically the Class Representative and Class

28  Counsel agree not to argue or present any argument, and hereby waive any argument, that Shea

4794456.5                                             - 1 -

1   Mortgage could not contest class or collective action certification on any grounds if this

2   Litigation were to proceed.

3   **II.     The Parties to this Stipulation.**

4          This Stipulation (with the associated exhibits) is made and entered into by and

5   among the following Settling Parties: (i) Tamara Partridge (on behalf of herself and each of the

6   Settlement Class Members), with the assistance and approval of Class Counsel; and (ii) Shea

7   Mortgage, with the assistance of its counsel of record in the Litigation.  The Stipulation is

8   intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the

9   Released Claims upon and subject to the terms and conditions hereof.

10  **III.    The Litigation.**

11         On August 17, 2007, Sherry Carr filed this action, which was then captioned

12  *Sherry Carr  v. Shea Mortgage Inc.*, Case No. C07-04230 BZ, on behalf of herself and others

13  similarly situated to her, alleging that Shea Mortgage violated certain state and federal

14  employment laws, including without limitation the federal Fair Labor Standards Act ("FLSA"),

15  the California Labor Code and the California Industrial Welfare Commission Wage Orders, by

16  purportedly, *inter alia*, misclassifying its Loan Counselors as "exempt" employees, *i.e.*,

17  employees who are exempt under California and/or federal law from premium overtime

18  requirements, meal and rest period requirements, and the other wage and hour requirements

19  imposed on employees who do not qualify for the outside or inside/commissioned salesperson

20  exemptions, or the executive, administrative, or professional exemptions under federal and/or

21  state law.

22         On April 21, 2008, pursuant to a stipulation between Class Counsel and Shea

23  Mortgage and an order of the Court, Class Counsel filed a First Amended Complaint that

24  substituted Tamara Partridge in place of Sherry Carr as the named plaintiff and putative class

25  representative and added a claim alleging that Shea Mortgage failed to reimburse its California

26  Loan Counselors for necessary expenses incurred in the performance of their job duties, in

27  violation of California Labor Code § 2802.

28

4794456.5                                    - 2 -

1    Soon after the Litigation began, the parties exchanged numerous documents as part

2  of their initial disclosure obligations under Federal Rule of Civil Procedure 26.  On September 29,

3  2006, the parties entered into a stipulation that stayed the matter pending the outcome of a private

4  mediation, but permitted limited discovery, including the deposition of the then named plaintiff

5  Sherry Carr, which was taken on February 21, 2008.

6    During the stay, and following an investigation and review of the matters at issue,

7  Shea Mortgage provided detailed responses to various information requests from Class Counsel,

8  including data on the policies in question and the putative class.  In addition, Class Counsel

9  engaged in extensive informal discovery efforts, which included conducting in-depth interviews

10  with various putative Class Members, obtaining numerous declarations from putative class

11  members, and gathering relevant documentation.

12    Thereafter, through counsel experienced in these types of cases, the parties

13  engaged in an arms-length negotiation that led to a mediation with professional mediator David

14  Rotman, Esq.  On March 5, 2008, the Settling Parties held a mediation session in San Francisco,

15  California with Mr. Rotman, and tentatively reached the conditional agreement reflected herein.

16    This Stipulation is intended to result in the creation of a class of current and former

17  Shea Mortgage employees who worked as Loan Counselors in California, and as such, this

18  Stipulation will result in the dismissal and release of all Released Claims for all Class Members.

19  This Stipulation will not result in the settlement of any claims by current and former Shea

20  Mortgage employees who worked as Loan Counselors exclusively outside of California.

21  **IV.    Defendants' Denial of Wrongdoing or Liability.**

22    Shea Mortgage and the Shea Mortgage Releasees deny all of the claims and

23  contentions alleged by the Class Representative in the Litigation.  Nonetheless, Shea Mortgage

24  has concluded that further conduct of the Litigation would be protracted and expensive, and that it

25  is desirable that the Litigation be fully and finally settled in the manner and upon the terms and

26  conditions set forth in this Stipulation.  Shea Mortgage has also taken into account the uncertainty

27  and risks inherent in any litigation, especially in multi-party cases like this Litigation.  Shea

28

4794456.5                                    - 3 -

1  Mortgage has therefore determined that it is desirable and beneficial to it that the Litigation be

2  settled in the manner and upon the terms and conditions set forth in this Stipulation.

3  **V.  Claims of The Class Representative and Benefits of Settlement.**

4  The Class Representative and Class Counsel believe that the claims asserted in the

5  Litigation have merit and that evidence developed to date supports the claims.  However, the

6  Class Representative and Class Counsel recognize and acknowledge the expense and length of the

7  type of continued proceedings necessary to prosecute the Litigation against Shea Mortgage

8  through trial and through appeals.  The Class Representative and Class Counsel have also taken

9  into account the uncertain outcome and the risk of any litigation, especially in multi-party actions

10  such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Based

11  upon their evaluation, the Class Representative and Class Counsel have determined that the

12  settlement set forth in the Stipulation is in the best interests of the Class Representative and the

13  Settlement Class.

14  **VI.  Terms of Stipulation and Agreement of Settlement.**

15  NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND

16  AGREED by and between the Class Representative (for herself and the Settlement Class

17  Members) and Shea Mortgage, with the assistance of their respective counsel or attorneys of

18  record, that, as among the Settling Parties, including all Settlement Class Members, the Litigation

19  and the Released Claims shall be finally and fully compromised, settled and released, as to all

20  Settling Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment.

21  1.  Definitions.

22  As used in all parts of this Stipulation, the following terms have the meanings

23  specified below:

24  1.1  "Claims Administrator" means the third-party claims administration firm

25  of Gilardi & Co. LLC.

26  1.2  "Class" means the collective group of Persons who were employed by Shea

27  Mortgage in the position of Loan Counselor in California during the Class Period.  The Class

28  consists of approximately 60 individuals.

4794456.5

- 4 -

1        1.3    "Class Counsel" means the law firm of Scott Cole and Associates APC.

2        1.4    "Class Member" or "Member of the Class" means a Person who is a

3    member of the Class.

4        1.5    "Class Period" means the period from and including (a) August 17, 2003

5    through and including (b) the Preliminary Approval Date.

6        1.6    "Class Representative" or "The Class Representative" means Tamara

7    Partridge, plaintiff in the Litigation.

8        1.7    "Court" means the United States District Court for the Northern District of

9    California.

10        1.8    "Effective Date" means the date on which the Judgment becomes Final.

11        1.9    "Final" means the latest of:  (i) the date of final affirmance on an appeal of

12    the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the

13    Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of

14    any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or

15    order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs

16    shall not, by itself, in any way delay or preclude the Judgment from becoming Final, except as to

17    the issue of attorneys' fees and/or costs at issue in the appeal.

18        1.10    "Judgment" means the judgment to be rendered by the Court pursuant to

19    this Stipulation, substantially in the form attached hereto as Exhibit 4.

20        1.11    "Last Known Address" or "Last Known Addresses" means the most

21    recently recorded home mailing address for a Class Member as such information is contained in

22    employment or personnel records maintained by Shea Mortgage.

23        1.12    The "Litigation" or the "Lawsuit" shall mean the lawsuit entitled

24    TAMARA PARTRIDGE, on behalf of herself and all others similarly situated, Plaintiff, vs.

25    SHEA MORTGAGE INC., United States District Court for the Northern District of California,

26    Case No C 07-04230 BZ.

27        1.13    "Loan Counselor" means a Person who is or was employed by Shea

28    Mortgage in the position entitled "Loan Counselor" as that term was used in Shea Mortgage's

4794456.5    - 5 -

California operations.  The Settling Parties agree that Loan Counselors were also sometimes referred to as "Loan Representatives."

1.14    "Maximum Settlement Amount" shall mean the maximum gross amount that Shea Mortgage shall pay under the terms of this Stipulation, which is $395,000.00.  The specific components of this Maximum Settlement Amount are: (a) the maximum gross amount for payments to Participating Claimants, which is $251,500.00 (b) the maximum gross amount for Class Counsel's attorney fees and litigation costs, which is $118,500.00; (c) the maximum gross amount for claims administration costs, which is $10,000.00, and; (d) the maximum gross amount for an enhancement payment to the Class Representative, Tamara Partridge, which is $15,000.00.

1.15    "Maximum Settlement Portion for Payments to Participating Claimants" shall mean the amount that shall be paid by Shea Mortgage if all Class Members become Participating Claimants by submitting Qualifying Settlement Claim Certification Forms, and this Maximum Settlement Portion for Payments to Participating Claimants shall be $251,500, unless: (1) the total number of Qualifying Work Weeks exceeds 4,997, in which case the Maximum Settlement Portion for Payments to Participating Claimants shall be increased on a pro rata basis as described in paragraph 1.28, and/or (2) the Court awards (i) Class Counsel less than $118,500 for its attorney fees and litigation costs, or (ii) Tamara Partridge less than $15,000.00 as an enhancement payments, in which case the reduced amount of either such award will be re-allocated to Maximum Settlement Portion for Payments to Participating Claimants.

1.16    "Non-Settlement Class" consists of or means all Class Members who properly and timely elect to opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.2 of this Section VI of the Stipulation.

1.17    "Non-Settlement Class Member" or "Member of the Non-Settlement Class" means a Person who is a member of the Non-Settlement Class.

1.18    "Notice re: Pendency of Class Action" or "Notice To Class Members Re: Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Class Notice" means a notice (and associated response forms) entitled "Notice To Class Members Re: Pendency

1  of a Class Action and Notice of Hearing On Proposed Settlement" to be approved by the Court,

2  substantially in the form attached hereto as Exhibit 2.

3        1.19    The "Notice Mailing Deadline" shall be the date thirty (30) days after the

4  Preliminary Approval Date.

5        1.20    The "Notice Response Deadline" shall be the date thirty (30) days after the

6  Class Notice is mailed to the Class Members by the Claims Administrator.

7        1.21    "Opt Out" or "Opt Outs" means written and signed requests by Class

8  Members stating their intent to be excluded from the Settlement Class.

9        1.22    "Order of Final Approval" or "Order Granting Final Approval of

10  Settlement" shall mean an order to be entered and filed by the Court entitled "Order Granting

11  Final Approval of Settlement," substantially in the form attached hereto as Exhibit 3.

12        1.23    "Participating Claimant" or "Participating Claimants" means each Member

13  of the Settlement Class who submits a Qualifying Settlement Claim Certification Form in

14  response to the Notice re: Pendency of Class Action.

15        1.24    "Person" means a natural person.

16        1.25    "Preliminary Approval Date" shall mean the date on which the Court enters

17  the Preliminary Approval Order.

18        1.26    "Preliminary Approval Order" or "Order Granting Preliminary Approval

19  for the Settlement and Setting a Settlement Hearing" shall mean an order to be executed and filed

20  by the Court entitled "Order Granting Preliminary Approval of Settlement and Setting a

21  Settlement Hearing," substantially in the form attached hereto as Exhibit 1.

22        1.27    A "Qualifying Settlement Claim Certification Form" or "Qualifying Claim

23  Form" shall mean a Settlement Claim Certification Form that is completed, properly executed and

24  is timely returned to the Claims Administrator, *i.e.*, (1) mailed with a postmark on or before the

25  Notice Response Deadline; or (2) submitted on-line through the Claims Administrator's website

26  listed in the Class notice and in the manner described in the Class Notice on or before the Notice

27  Response Deadline..

28

1.28    A "Qualifying Work Week" is any calendar week or portion thereof in which a Class Member was employed by Shea Mortgage in California as a Loan Counselor during the Class Period. A Class Member need not have worked during the entire calendar week period for it to qualify as a Qualifying Work Week. The Settling Parties agree that the maximum number of Qualifying Work Weeks possible for a Class Member is approximately 257, *i.e.*, assuming the Class Member worked as a Loan Counselor in California during the entire Class Period, and assuming the Preliminary Approval date is July 23, 2008. The Settling Parties agree that the total number of Qualifying Work Weeks worked by the Class is approximately 4,895. If, once the Class Period is complete and final review of the Class is performed, the number of Qualifying Work Weeks in the Class Period is more than 4,997, then the Settling Parties agree that the Maximum Settlement Portion for Payments to Participating Claimants shall be increased on a pro rata basis consistent with the Settlement Sum Variable, pursuant to Paragraph 1.15.

1.29    "Released Claims" shall collectively mean any and all claims, including Unknown Claims as defined in Paragraph 1.41 hereof, demands, rights, liabilities and causes of action of every nature and description whatsoever by a Class Member against the Shea Mortgage Releasees, or any of them, relating to his or her employment with, or work for, Shea Mortgage in California, including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, that accrued prior to the Preliminary Approval Date, for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (1) (a) any and all claims relating to alleged misclassification as an exempt employee, including without limitation any claims for (i) failure to pay regular or premium overtime wages, (ii) failure to comply with payroll or wage record-keeping or itemization requirements, (iii) failure to provide meal and/or rest periods and/or to pay additional sums of money in lieu thereof, (iv) failure to timely pay wages due at termination or otherwise, (v) failure to pay standby or "on-call" wages; and (vi) improper wage deductions; (b) any and all claims for the reimbursement of business expenses, including without limitation driving mileage reimbursements or home office

4794456.5                                      - 8 -

1   expenses; (2) any and all associated statutory claims, including without limitation claims under

2   the California Labor Code sections 218, 221, 226, 226.7, 512, 1174, 1194, 2802, 2698 et seq. and

3   the Fair Labor Standards Act ("FLSA") and the Portal to Portal Act,[1] and California Business &

4   Professions Code section 17200 et seq., and the California Industrial Welfare Commission Wage

5   Orders; (c) any and all associated claims for penalties, including without limitation claims under

6   California Labor Code sections 203, 226, 226.7, 512 & 1194, 2698 et seq.; (d) any and all

7   associated claims for interest, costs, or attorney fees; and (e) to the extent not covered above, all

8   claims pled in the Litigation.  This release extends to claims only to the extent they are covered

9   by the above definitions, and if so, then this release shall cover such claims under California and

10  federal statutes as well as any other theories, and the release of known or unknown claims

11  described above set forth herein shall include a waiver of the protections of California Civil Code

12  section 1542, again provided this release of unknown claims applies only to unknown claims that

13  meet the definition of Released Claims.

14          1.30    "Settlement Claim Certification Form" or "Claim Form" shall mean the

15  form attached as Form B to the Notice re: Pendency of Class Action, in the same or substantially

16  the same manner as set forth in Exhibit 2.

17          1.31    "Settlement Class" means the collective group of all of the Class Members

18  who do not opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.2,

19  and thus means the collective group of all of the Class Members who will become subject to and

20  bound by the Judgment if the Effective Date occurs.

21          1.32    "Settlement Class Member" or "Member of the Settlement Class" means

22  any Person who is a member of the Settlement Class.

23          1.33    "Settlement Hearing" means a hearing set by the Court to take place on or

24  about the date which is sixty (60) days after the Notice Response Deadline for the purpose of (i)

25  determining the fairness, adequacy and reasonableness of the Stipulation and associated

---

[1] Although all other Released Claims are released by all Settlement Class Members, the Settling Parties
agree that direct FLSA claims for unpaid overtime, as opposed to state law claims predicated on the FLSA
such as claims as California Business & Professions Code section 17200 (which are Released Claims), are
released with respect to Participating Claimants only.

1  settlement pursuant to class action procedures and requirements; (ii) determining the good faith of

2  the Stipulation and associated settlement; (iii) awarding attorney fees and costs; (iv) awarding an

3  enhancement award to the Class Representative and (v) entering Judgment.

4          1.34    "Settlement Sum" means the total, gross amount due to an individual Class

5  Member if he or she becomes a Class Member and if he or she becomes a Participating Claimant,

6  which shall be the product of his or her Settlement Sum Variable multiplied by the number of

7  Qualifying Work Weeks worked by him or her.  Because of the withholdings described in

8  paragraph 2.2.1, the amount received by each Participating Claimant will be less than his or her

9  Settlement Sum.

10         1.35    "Settlement Sum Variable" shall be the quotient of the Maximum

11  Settlement Portion for Payments to Participating Claimants divided by the total number of

12  Qualifying Work Weeks worked by Class Members.  For purposes of illustration, it is understood

13  and agreed that, if the Maximum Settlement Portion for Payments to Participating Claimants is

14  $251,500 and the total number of Qualifying Work Weeks is 4,997, then the Settlement Variable

15  will be approximately $50.33

16         1.36    "Settling Parties" means (a) Shea Mortgage; and (b) the Class

17  Representative on behalf of herself and all Members of the Settlement Class.

18         1.37    "Shea Mortgage" means Shea Mortgage Incorporated, the defendant in the

19  Litigation, i.e., the employer of the Loan Counselors who comprise the Class.

20         1.38    "Shea Mortgage Releasees" means Shea Mortgage, and each of its

21  affiliates (including without limitation parents and subsidiaries, if any), including without

22  limitation Shea Homes, predecessors, successors, divisions, joint ventures and assigns, any

23  benefit plan maintained by any of them and the trustees, fiduciaries, and administrators of any

24  such plan, and each of these entities' past or present directors, officers, employees, partners,

25  members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders,

26  attorneys, accountants or auditors, banks or investment banks, associates, and personal or legal

27  representatives.

28

4794456.5                                    - 10 -

1        1.39    "Stipulation" means this agreement, the Stipulation Re: Settlement of Class

2  Action and all of its attachments and exhibits, which the Settling Parties understand and agree,

3  sets forth all material terms and conditions of the Settlement between them, and which is subject

4  to Court approval.  It is understood and agreed that Shea Mortgage's obligations for payment

5  under this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

6        1.40    "Tamara Partridge" means Tamara Partridge, the named plaintiff in the

7  Litigation.

8        1.41    "Unknown Claims" means any Released Claims which any Class

9  Representative or any Settlement Class Member does not know or suspect to exist in his, her or

10  its favor at the time of the entry of the Judgment, and which, if known by him or her might have

11  affected his or her settlement with and release of the Shea Mortgage Releasees, or might have

12  affected his or her decision to opt out of the Class or to object to this settlement.  With respect to

13  any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date,

14  the Class Representative shall expressly, and each of the Settlement Class Members shall be

15  deemed to have, and by operation of the Judgment shall have, waived the provisions, rights and

16  benefits of California Civil Code § 1542, which provides:

17          A general release does not extend to claims which the creditor does not
           know or suspect to exist in his or her favor at the time of executing the

18          release, which if known by him or her must have materially affected his or
           her settlement with the debtor.

19

20  The Class Representative and each Settlement Class Member may hereafter discover facts in

21  addition to or different from those which he or she now knows or believes to be true with respect

22  to the subject matter of the Released Claims, but the Class Representative and each Settlement

23  Class Member, upon the Effective Date, shall be deemed to have, and by operation of the

24  Judgment shall have, fully, finally, and forever settled and released any and all Released Claims,

25  known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

26  concealed or hidden, which then exist, or heretofore have existed upon any theory of law or

27  equity now existing or coming into existence in the future, including, but not limited to, conduct

28  which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

4791456.5               - 11 -

without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.42    "Updated Address" means the last known mailing address of the class member as contained in Shea Mortgage's employment files or an updated mailing address provided by the United States Postal Service or Class Member.

1.43    "Updated Address Verification Measure" means checking of the address against the National Change of Address Database maintained by the United States Postal Service to determine an updated address, if any.

2.    The Settlement.

2.1    *Consideration to Settlement Class Members*

2.1.1    Shea Mortgage, itself or through the Claims Administrator, and according to the terms, conditions and procedures set forth in this Section VI of this Stipulation, shall pay each Participating Claimant his or her Settlement Sum. To the extent administratively convenient, these payments shall be paid via one check. The Settlement Sums shall be allocated for reporting reasons as set forth below: (a) fifty percent shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent shall be deemed payment in settlement of claims for penalties, reimbursement for necessary business expenditures, interest and all other non-wage recovery.

2.1.2    As further detailed in this Section 2, for each payment made pursuant to this Section 2, Shea Mortgage, itself or through the Claims Administrator, will report each payment to government authorities including the Internal Revenue Service as required by law, and it shall make all required deductions and/or withholdings

2.1.3    The only Class Members entitled to any payment under this Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to their respective Settlement Sums only. The Settling Parties agree to a "participation floor" of forty percent (40%), *i.e.*, if fewer than forty percent (40%) of the Qualifying Work Weeks are claimed,

4794456.5    - 12 -

1  then the additional money beyond that owed that would have been paid if forty percent (40%) of

2  the Qualifying Work Weeks were claimed will be distributed pro rata to the Participating

3  Claimants according to their number of Qualifying Work Weeks. Those parts of the Maximum

4  Settlement Portion for Payments to Participating Claimants that are neither claimed nor subject to

5  pro rata distribution because of the forty percent (40%) "participation floor" described in this

6  paragraph, shall remain the property of or revert to Shea Mortgage, and any finding to the

7  contrary will be a ground for Shea Mortgage to void the settlement. This Stipulation and the

8  associated Judgment do not and will not create any unpaid residue or unpaid residual, and no

9  distribution of such shall be required. Any finding to the contrary, for purposes of California

10 Code of Civil Procedure section 384 or otherwise, will give Shea Mortgage the option to void this

11 Stipulation.

12         2.2     *Taxes*

13         2.2.1          Those payments (or portions thereof) allocated to the settlement of

14 claims for unpaid wages (a) shall be subject to required withholdings and deductions, and so the

15 net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of

16 payment as wage income to the Participating Claimant on a Form W-2 or analogous form. Those

17 payments (or portions thereof) allocated to all other claims, including without limitations claims

18 for penalties, reimbursement, interest and other non-wage recovery (a) shall not be subject to

19 withholdings and deductions, and so the net amounts payable will be equal to the gross amounts;

20 and (b) shall be reported in the year of payment as non-wage income to the Participating

21 Claimants on a Form 1099 or analogous form. Other than as set forth above, Shea Mortgage will

22 not, unless otherwise required by law, make, from the Settlement Sum of each Participating

23 Claimant, any deductions, withholdings or additional payments, including without limitation,

24 medical or other insurance payments or premiums, employee 401(k) contributions or matching

25 employer contributions, wage garnishments, or charity withholdings, and entry of the Order of

26 Final Approval by the Court shall be deemed authority not to make such deductions, withholdings

27 or additional payments. Any amount paid to Participating Claimants shall not create any credit or

28 otherwise affect the calculation of any deferred compensation, benefit or other compensation plan

47°4456.5                                      - 13 -

provided by Shea Mortgage.  This Stipulation shall not affect in any way any debt (including without limitation any home mortgage) owed by any Class Member to any of the Shea Mortgage Releasees.

2.2.2    Other than the withholding and reporting requirements set forth in Paragraphs 2.1.2 and 2.2.1 and the employer's standard share of payroll tax liability for the portions of the payments characterized as wage payments, for which Shea Mortgage shall be responsible, Participating Claimants shall be solely responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Stipulation.  Shea Mortgage makes no representations, and it is understood and agreed that Shea Mortgage has made no representations, as to the taxability of any portions of the settlement payments to any Participating Claimants, the payment of any costs or an award of attorney fees, any payments to The Class Representative or any other payments made pursuant to this Stipulation.  The Notice re: Pendency of Class Action will advise Class Members to seek their own tax advice prior to acting in response to that notice, and the Settling Parties agree that the Class Notice will provide Class Members with adequate notice of this caveat.

2.3    *Court Approval of Notice to the Class and A Settlement Hearing.*

2.3.1    Within thirty (30) days of the final execution of this Stipulation, the Class Representative and Shea Mortgage, through their counsel of record in the Litigation, shall file this Stipulation with the Court and jointly move for preliminary approval of this Stipulation. Via this submission, and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the good faith with regard to the settlement, granting final approval of the settlement, granting final approval of this Stipulation and entering Judgment.  Via this same motion, the Class Representative, through Class Counsel shall advise the Court of the agreements set forth in Paragraphs 2.8.1 and 2.8.2 of this Stipulation.

2.3.2    Subject to Court availability, the Class Representative and Shea Mortgage shall endeavor to notice the joint motion for entry of the Preliminary Approval Order

47844456.5

- 14 -

1   described in Paragraph 2.3.1 for a hearing before the Court within thirty-five (35) days of filing.

2   Failure of the Court to enter the Preliminary Approval Order in its entirety or in a substantially

3   similar form following the full efforts of the Settling Parties to obtain such entry will be grounds

4   for Shea Mortgage to terminate the settlement and the terms of this Stipulation.

5           2.3.3    If the Court enters the Preliminary Approval Order more than thirty

6   (30) days after the Settling Parties file a motion for preliminary approval, Class Counsel and

7   counsel for Shea Mortgage shall meet and confer to reach agreement on any necessary revisions

8   of the deadlines and timetables set forth in this Stipulation.  In the event that the Settling Parties

9   fail to reach such agreement, any of the Settling Parties may apply to the Court via a noticed

10  motion for modification of the dates and deadlines in this Stipulation, provided that such a request

11  to the Court may seek only reasonable modifications of the dates and deadlines contained in this

12  Stipulation and no other changes.

13          2.3.4    If the Court enters the Preliminary Approval Order, then at the resulting

14  Settlement Hearing, The Class Representative and Shea Mortgage, through their counsel of

15  record, shall address any written objections from Class Members, any concerns from Class

16  Members who attend the hearing and any concerns of the Court.  The Settling Parties shall and

17  hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this

18  Stipulation and entry of the Judgment by the Court, and shall take all lawful efforts to secure

19  approval for this Stipulation.

20          2.4     *Notice to Class Members.*

21          2.4.1    If, by entering the Preliminary Approval Order, the Court provides

22  authorization to send the Notice Re: Pendency of Class Action to Class Members, Shea

23  Mortgage, through its counsel of record and/or the Claims Administrator, will facilitate the

24  mailing of the Class Notice to all Class Members at their Last Known Addresses.  This Class

25  Notice shall be mailed via first class mail through the United States Postal Service, postage pre-

26  paid.  Prior to mailing the Class Notice, the Claims Administrator will undertake an Updated

27  Address Verification and shall send the Class Notice to the updated address, if any, and treat the

28  Updated Address as the Last Known Address for that Class Member going forward.

4794456.5                                    - 15 -

2.4.2    This Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator, as that address is listed at the bottom of the Claim Form herein.

2.4.3    Shea Mortgage shall prepare the name and Last Known Address, Social Security Number and number of Qualifying Work Weeks of each Class Member for the Claims Administrator only so that the Claims Administrator can engage in the processing and mailing of each Notice Re: Pendency of Class Action and the associated claims process. This information will not be provided to the Class Representative or Class Counsel. By preliminarily approving this settlement, the Court will be deemed to have authorized Shea Mortgage to provide the Claims Administrator with the Social Security Number of each Class Member.

2.4.4    Each of the Notices shall be mailed to the Last Known Addresses (or updated address, if obtained) of the Class Members no later than the Notice Mailing Deadline.

2.4.5    All costs of the mailing described in Paragraph 2.4.1, which shall be the fees charged by the Claims Administrator, the cost of the envelope in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice, shall be deducted from the Maximum Settlement Amount. No other materials beside the Class Notice will be included in this mailing to Class Members.

2.4.6    Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this paragraph, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five days (5) days after mailing. In the event that subsequent to the first mailing of a Notice Re: Pendency of Class Action and prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed at that point, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice, and prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is

4794456.5                                 - 16 -

1  marked "Return to Sender," the Claims Administrator shall undertake an Updated Address

2  Verification Measure, and shall re-send the Class Notice to the updated address, if any, and shall

3  treat the updated address as the Last Known Address.  In the event that subsequent to the first

4  mailing of a Class Notice, and prior to the Notice Response Deadline, that Notice is returned to

5  the Claims Administrator by the United States Postal Service because the address of the recipient

6  is no longer valid, *i.e.*, the envelope is marked "Return to Sender," and the Updated Address

7  Verification Measure produces no new address, the Notice shall be sent again to the Last Known

8  Address.  In either of the last two events described, the Notice Re: Pendency of Class Action shall

9  be deemed received once it is mailed for the second time.  Nothing in this Paragraph shall be

10  deemed to extend the Notice Response Deadline.

11        2.5    *Responses to the Notice Re: Pendency of Class Action; Motion for Final*

12  *Approval.*

13        2.5.1    Class Members have the option to participate in this Lawsuit at their

14  own expense by obtaining their own attorney(s).  Class Members who choose this option will be

15  responsible for any attorney fees or costs incurred as a result of this election.  The Notice Re:

16  Pendency of Class Action will advise Class Members of this option.

17        2.5.2    Class Members may elect to "opt out" of the Settlement Class and thus

18  exclude themselves from the Settlement Class.  A Class Member who wishes to exercise this

19  option must send a written request to the Claims Administrator stating that he or she is opting out

20  of the Settlement Class.  If a written opt out statement is not received by the Claims

21  Administrator from a Class Member postmarked on or before the Notice Response Deadline, then

22  that Class Member will be deemed to have forever waived his or her right to opt out of the

23  Settlement Class.  Class Members who do not properly submit Opt Outs shall be deemed

24  Members of the Settlement Class.  Class Members who do properly submit Opt Outs shall have

25  no further role in the Litigation, and for all purposes they shall be regarded as if they never were a

26  party to this Litigation.

27        2.5.3    Class Members who do not opt out of the settlement class pursuant to

28  Paragraph 2.5.2 may also object to the Stipulation by submitting written objections to Class

4704456.5                                         - 17 -

STIPULATION RE: SETTLEMENT OF CASE NO.  C 07-04230 BZ

1   Counsel (either directly or via the Claims Administrator) no later than the Notice Response

2   Deadline.  The Class Notice shall advise Class Members of this option.  To the extent the

3   objection is sent to Class Counsel, Class Counsel shall immediately provide any such objections

4   to Shea Mortgage and subsequently the Court in the final approval process.

5              2.5.4       Class Members who do not opt out of the Settlement Class pursuant to

6   Paragraph 2.5.2 may elect to become Participating Claimants.  Class Members who wish to

7   exercise this option must establish their entitlement to payment under the settlement in one of two

8   ways.  First, Class Members may establish their entitlement to payment under the settlement by

9   fully completing, executing and timely mailing, per the instructions therein, the form entitled

10  "Settlement Claim Certification Form" attached to the Notice Re: Pendency of Class Action as

11  Form B.  Second, Class Members may establish their entitlement to payment under the settlement

12  by fully completing and submitting a Settlement Claim Certification Form on-line, in the manner

13  described in the Class Notice.  The on-line Settlement Claim Certification Form will require Class

14  Members to make the same verification and provide substantially the same information listed on

15  Form B.  In addition, for verification purposes, Class Members will be required to enter online the

16  control number assigned to their Class Notice.

17             If a completed and properly executed Settlement Claim Certification Form is not

18  received by the Claims Administrator from a Class Member and postmarked or submitted on-line

19  on or before the Notice Response Deadline, then that Class Member will be deemed to have

20  forever waived his or her right to be a Participating Claimant and receive payment under this

21  settlement.  As long as they do not properly submit Opt Outs, Class Members who do not submit

22  Qualifying Settlement Claim Certification Forms in a timely and proper fashion shall be deemed

23  Members of the Settlement Class and shall be subject to the Judgment.  Only Participating

24  Claimants shall be entitled to payment pursuant to the Judgment.  It is agreed and understood that

25  if all Class Members become Participating Claimants, then Shea Mortgage will pay a total gross

26  amount of $251,500 to all Participating Claimants (subject to the conditions described in

27  Paragraph 1.15), but if fewer than one hundred percent of Class Members become Participating

28  Claimants, then Shea Mortgage will pay less than $251,500 to Participating Claimants.

2.5.5    Class Members who submit both Settlement Claim Certification Forms and Opt Outs shall be sent a cure letter by the Claims Administrator seeking clarification of which response they want to submit. Absent any cure, they will be deemed Participating Claimants. Class Members who submit incomplete Settlement Claim Certification Forms or Opt Outs or Change of Address Forms shall be notified by the Claims Administrator and given an additional fifteen (15) days from the date of mailing of the cure letter to cure such deficiencies provided the original submission was submitted on or prior to the Notice Response Deadline.

2.5.6    Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice Re: Pendency of Class Action as Exhibit A.

2.5.7    Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and Shea Mortgage shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Through this motion, the Settling Parties shall advise the Court of the agreements in Paragraphs 2.8.1 and 2.8.2 of this Stipulation. The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in Paragraphs 2.8.1 and 2.8.2 this Stipulation. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio*, and Shea Mortgage shall have no obligations to make any payments under the Stipulation.

2.6    *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

2.6.1    Within sixty (60) days of and only after the Effective Date, Shea Mortgage, through the Claims Administrator, shall pay to each Participating Claimant his or her relevant Settlement Sum.

47944456.5

- 19 -

2.6.2     In accordance with the terms of Paragraphs 2.1.1 and 2.1.2, Shea Mortgage, through the Claims Administrator, shall issue to each Participating Claimant one check (or more if necessary for administrative convenience) payable to the Participating Claimant, from Shea Mortgage (or from an account administered by the Claims Administrator but funded by Shea Mortgage) for the gross amount of the Settlement Sum, less relevant withholdings.  Shea Mortgage through the Claims Administrator, shall mail this check(s) to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, on or before the date which is sixty (60) days after the Effective Date.

2.6.3     Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of at least ninety (90) days from the date of mailing, and the funds associated with any checks which are not properly or timely negotiated shall remain the property of Shea Mortgage and shall not be paid to any Person other than Shea Mortgage.  The Settling Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided for in this Stipulation; any finding to the contrary shall be grounds for Shea Mortgage to void the agreement.  Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of the Judgment.

2.6.4     Following the mailing of the payments to Participating Claimants discussed in Paragraph 2.6.2, the Claims Administrator shall provide counsel with a written confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Settlement Class.

2.7     *Releases and dismissals.*

2.7.1     Upon the Effective Date, The Class Representative and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

47044456.5

- 20 -

1    2.8    *Payment of Costs and Attorney Fees to the Class Representative.*

2    2.8.1    Class Counsel shall be entitled, subject to Court approval and the

3 occurrence of the Effective Date, to an award of attorney fees and costs, not to exceed the

4 amounts specified herein.  Not more than ten (10) days after the Effective Date, and only if the

5 Effective Date occurs, and subject to Court approval, Shea Mortgage will pay up to $118,500

6 total to Class Counsel for all attorney fees and costs.  Payments made per this paragraph shall

7 constitute full satisfaction of any claim for fees or costs, and the Class Representative and Class

8 Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall not seek

9 nor be entitled to any additional attorney fees or costs under any theory, and the Class

10 Representative further agrees that these payments will be made directly to Class Counsel.  The

11 Class Representative and Class Counsel agree that they shall be responsible for justifying the

12 amount of these fee and cost payments to the Court, and they agree to submit the necessary

13 materials to justify this payment along with the Settling Parties' joint motion for final approval of

14 the Stipulation pursuant to Paragraph 2.5.7.  Shea Mortgage agrees not to oppose any submission

15 regarding, or request for approval of, this payment of fees or costs provided it is consistent with

16 this Stipulation.  In the event that the Court (or appellate court) awards less than the maximum

17 amount for attorney fees and/or costs, only the awarded amounts shall be paid and shall constitute

18 satisfaction of the obligations of this paragraph and full payment thereunder, and any remaining

19 or unawarded portion of the maximum fee and cost awards shall be re-allocated to the Maximum

20 Settlement Portion for Payments to Participating Claimants.  If the Effective Date occurs, Shea

21 Mortgage shall make this payment pursuant to this Paragraph to Class Counsel directly, and prior

22 to Shea Mortgage making this payment, Class Counsel shall provide counsel for Shea Mortgage

23 with the pertinent taxpayer identification numbers and a Form W-9.  Other than any reporting of

24 this fee payment as required by this Stipulation or law, which Shea Mortgage shall make, Class

25 Counsel and the Class Representative shall alone be responsible for the reporting and payment of

26 any federal, state and/or local income or other form of tax on any payment made pursuant to this

27 paragraph. Other than as provided in this paragraph 2.8.1 for the limited purpose discussed

28 herein, no party shall be deemed the prevailing party for any other purposes of the Litigation.

4704456.5    - 21 -

2.8.2    No more than thirty (30) days after the Effective Date, and only in the event that the Effective Date occurs and following the execution of the type of general release discussed below, Shea Mortgage will forward a check payable to Tamara Partridge, in her personal capacity only and via her counsel of record, in the gross amount of fifteen thousand United States dollars ($15,000). This payment shall be compensation and consideration for (i) Tamara Partridge's efforts as the class representative in the Litigation; and (ii) her execution of a full, general release to the benefit of the Shea Mortgage Releasees. The full and general release that Tamara Partridge herself shall execute to obtain payment pursuant to this Paragraph 2.8.2 shall be executed immediately following the Effective Date, and through it, Tamara Partridge herself (and not on behalf of the Class or any other Class Members) shall release, acquit and discharge the Shea Mortgage Releasees, and any of them, from any and all claims, demands, claims for costs and attorneys' fees, or causes of action of any kind whatsoever (upon any legal or equitable theory whether contractual, common law, statutory, Federal, State or otherwise), whether known or unknown, that arose, accrued or took place at any time on or prior to the date on which the full and general release is executed. Through the full and general release discussed in this Paragraph 2.8.2, Tamara Partridge will expressly waive the benefit of Section 1542 of the California Civil Code. Through the full and general release discussed in this Paragraph 2.8.2, Tamara Partridge will agree and represent that she has not assigned or in any way conveyed, transferred or encumbered all or any portion of the claims or rights otherwise released. Through the full and general release discussed in this Paragraph 2.8.2, Tamara Partridge will agree that Shea Mortgage shall report to the Internal Revenue Service the gross payment of $15,000 as non-wage income to her in the year of payment via a Form 1099, and Tamara Partridge will agree to take full responsibility for the payment of any outstanding taxes due. If Tamara Partridge does not execute the full and general release discussed in this Paragraph 2.8.2, with all of the specific terms required herein, Shea Mortgage shall not be required to make any payment whatsoever to Tamara partridge pursuant to this Paragraph 2.8.2. To the extent the Court reduces the award to Tamara Partridge below $15,000, the settlement will remain valid and the amount un-awarded or reduced shall be re-allocated to the Maximum Settlement Portion for Payments to Participating

4794456.5

- 22 -

1  Claimants.  If Tamara Partridge executes the general release pursuant to the terms of this

2  paragraph and receives the gross total sum of $15,000 (or whatever amount the Court awards if it

3  is less than $15,000), she shall also be entitled to receive and will be paid the Settlement Sum

4  which she would have otherwise been entitled to under this Stipulation, and she is hereby deemed

5  a Participating Claimant with no need for a Class Notice or the submission of a Settlement Claim

6  Certification Form.  The full and general release discussed in this paragraph and to be executed

7  by the Class Representative shall not extinguish or alter the obligations of Shea Mortgage to other

8  Class Members under any other paragraph of this agreement.

9          2.8.3    Unless otherwise expressly provided, Shea Mortgage shall have no

10  responsibility for, and no liability whatsoever with respect to, the allocation among Tamara

11  Partridge, Class Counsel and/or any other Person who may assert some claim thereto, of any

12  award or payment issued or made in the Litigation or pursuant to this Stipulation, including, but

13  not limited to, any award or payment pursuant to Paragraph 2.8.1  or 2.8.2.  It is further agreed

14  that to the extent any governmental entity (including without limitation the State of California or

15  its agencies) seeks to recover any money from the Class Representative, any Settlement Class

16  Members and/or Shea Mortgage as result of this Stipulation pursuant to the California Labor

17  Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698 through

18  2699.5, or any other applicable law, Shea Mortgage shall have no liability for such claim, and the

19  Class Representative and/or Participating Claimants (not Shea Mortgage) shall be responsible for

20  satisfying any such successful claims, and Shea Mortgage shall not make any further payments.

21          2.9    *Claims Administrator*.

22          2.9.1    All fees and expenses reasonably incurred by the Claims Administrator

23  as a result of procedures and processes expressly required by this Stipulation shall be paid by

24  Shea Mortgage and taken from the Maximum Settlement Amount.  The Class Representative and

25  Class Counsel shall have no responsibility for such fees or expenses.  Based on current estimates,

26  the Settling Parties anticipate that the total sum paid to the Claims Administrator will be $10,000,

27  but the Settling Parties understand and agree that this figure represents just an estimated

28  maximum, and the sum charged by the Claims Administrator may be different.  If a higher

4704456.5                                        - 23 -

1   amount is reasonably incurred or charged by the Claims Administrator, the Maximum Settlement

2   Portion for Payments to Participating Claimants shall be adjusted accordingly.

3           2.9.2      The actions of the Claims Administrator shall be governed by the terms

4   of this Stipulation.  When providing substantial instruction to the Claims Administrator in the

5   handling of the notice and claims process, the settling parties shall provide notice or copies to one

6   another.  Shea Mortgage may provide relevant Class Member contact and personnel information

7   needed by the Claims Administrator per this Stipulation, provide logistical instructions to the

8   Claims Administrator with regard to actions required by this Stipulation, and engage in related

9   communications with the Claims Administrator without notice or copies to Class Counsel, any

10  Class Members or the Court.  Shea Mortgage may make payment to the Claims Administrator for

11  its services and engage in communications to the Claims Administrator related to such payments

12  without notice or copies to Class Counsel, any Class Members or the Court.

13          2.9.3      In the event that any Settling Parties take the position that the Claims

14  Administrator is not acting in accordance with the terms of the Stipulation, they shall meet and

15  confer with opposing counsel prior to raising any such issue with the Claims Administrator or the

16  Court.

17          2.10   *Termination of Settlement*

18          2.10.1      In the event that the settlement set forth in this Stipulation shall not be

19  approved in its entirety or substantially as is by the Court, or in the event that the Effective Date

20  does not occur, no payments shall be made by Shea Mortgage to anyone in accordance with the

21  terms this Stipulation, the Settling Parties will bear their own costs and fees with regard to the

22  efforts to obtain Court approval, and this Stipulation shall be deemed null and void with no effect

23  on the Litigation whatsoever, provided Shea Mortgage will be responsible for any reasonable

24  costs incurred by the Claims Administrator to the point the Stipulation is deemed void.  If the

25  Court changes the dates of hearings provided for in this Stipulation by fewer than three (3)

26  months, this shall not be deemed a substantial change necessitating termination of the settlement.

27  In the event that ten (10) percent or more of Class Members opt out of the Settlement Class by

28  submitting Opt Outs pursuant to Paragraph 2.5.2, Shea Mortgage shall have the absolute

4794456.5

- 24 -

discretionary right (but shall not be required) to terminate this settlement and Stipulation. To the extent Shea Mortgage chooses to exercise the option established in this Paragraph, it must do so through written notice to Class Counsel prior to the Settlement Hearing.

2.11    *Miscellaneous Provisions.*

2.11.1    No Person shall have any claim against Class Counsel, the Claims Administrator, counsel for Shea Mortgage or any of the Shea Mortgage Releasees based on the payments made or other actions taken substantially in accordance with the Stipulation and the settlement contained therein or further orders of the Court.

2.11.2    In the event that the Stipulation is not substantially approved by the Court or the settlement set forth in the Stipulation is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Stipulation is otherwise provided in this Stipulation, the Settling Parties shall resume the Litigation at that time as if no Stipulation had been entered. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court reducing, or modification or reversal on appeal of any order of the Court reducing the amount of any attorney fees or costs to be paid by Shea Mortgage to Class Counsel, and no order concerning the allocation of attorney fee and/or cost award among Class Counsel, shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Judgment.

2.11.3    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

2.11.4     The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated at arms-length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.11.5     The Settling Parties agree that the Notice Response Deadline shall not be extended, and no untimely submissions or claims will be honored, under any circumstances, unless, and only unless, a Class Member can sufficiently demonstrate that his or her failure to respond to the Class Notice was the product of the fact that he or she was legally incompetent during the notice response period, including, for example, he or she was incarcerated or hospitalized or an active military duty during the full notice response period; provided, however, no extensions will be granted for incompetency unless first requested in writing to the Claims Administrator or Class Counsel fewer than ninety (90) days following the Notice Response Deadline. The Settling Parties agree that the establishment and enforcement of the Notice Response Deadline is valuable consideration to Shea Mortgage, and the finality provided thereby is a material aspect of this agreement. Any ruling to the contrary by the Court or any ruling allowing the filing of any responses to the Class Notice following the Notice Response Deadline shall be grounds for Shea Mortgage to void the Stipulation.

2.11.6     Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Shea Mortgage Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Shea Mortgage Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Shea Mortgage could not contest (or is estopped from contesting) class or

4794456.5                                    - 26 -

collective action certification on any grounds if this Litigation were to proceed; this Stipulation shall not be deemed an admission by, or ground for estoppel against, Shea Mortgage that class or collective certification in the Litigation is proper or cannot be contested on any grounds.

2.11.7    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.11.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.11.9    The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

2.11.10    Class Counsel, on behalf of the Class, represent that it is expressly authorized by The Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also is expressly authorized to enter into any modifications or amendments to, or documents or pleadings filed in support of, the Stipulation on behalf of the Class which they deem appropriate, and the Class Representative hereby so authorizes Class Counsel.

2.11.11    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.11.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

2.11.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third party beneficiaries.

4794456.5

- 27 -

1    2.11.14    The Court shall retain jurisdiction with respect to implementation and

2    enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the

3    Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

4    2.11.15    The Stipulation and the exhibits hereto shall be considered to have been

5    negotiated, executed and delivered, and to have been wholly performed, in the State of California,

6    and the rights and obligations of the parties to the Stipulation shall be construed and enforced in

7    accordance with, and governed by, the internal, substantive laws of the State of California without

8    giving effect to that State's choice of law principles.

9    2.11.16    The language of all parts of this Stipulation shall in all cases be

10    construed as a whole, according to its fair meaning, and not strictly for or against either party.  No

11    party shall be deemed the drafter of this Stipulation.  The parties acknowledge that the terms of

12    the Stipulation are contractual and are the product of negotiations between the parties and their

13    counsel.  Each party and their counsel cooperated in the drafting and preparation of the

14    Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall not be

15    construed against any party and the canon of contract interpretation set forth in California Civil

16    Code § 1654 shall not be applied.

17    2.11.17    Shea Mortgage will not assert any claims against Class Counsel for

18    their conduct in connection with the Litigation,  and it acknowledges that Class Counsel have

19    complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure to this point in

20    the Litigation.

21    2.11.18    At no time shall the Claims Administrator or Shea Mortgage be

22    requested or required to provide Class Counsel with the Last Known Address or other

23    information (including contact information) for Class Members  Nothing in the paragraph shall be

24    construed to prevent a Class Member from voluntarily providing Class Counsel or the Claims

25    Administrator with his or her own contact information.

26    2.11.19    The Settling Parties recognize and acknowledge that at the time of the

27    execution of the initial settlement agreement in this case, there were cases pending before the

28    Ninth Circuit and California courts (including without limitation *In re Wells Fargo Home*

STIPULATION RE: SETTLEMENT OF CASE NO.  C 07-04230 BZ

1  *Mortgage Overtime Pay Litigation*, 2007 WL 3045995, review granted), which could have had an

2  impact the claims at issue in the Litigation absent this Stipulation. The Settling Parties further

3  recognize that they reached this settlement in light of the risks created by these cases and all other

4  issues of unsettled law, and that all parties will take all efforts to enforce this agreement and

5  obtain court approval for this settlement regardless of how any federal or state judicial opinions or

6  other precedent have been or are decided. The Settling Parties agree that the proposed class is

7  receiving sufficient benefit and consideration from this settlement by obtaining a settlement and

8  that this settlement is fair, and the Settling Parties and their counsel agree not to argue otherwise

9  or seek to void this settlement or prevent court approval on the basis of the decision in *In re Wells*

10 *Fargo Home Mortgage Overtime Pay Litigation*, or any other precedent in the future.

11              2.11.20    The Settling Parties agree to take all reasonable steps to comply with

12 the requirements of the Class Action Fairness Act of 2005, including the notice requirements. It

13 is the intent of the parties that the Judgment be binding on all Settlement Class Members. No

14 more than 10 days after this Stipulation and the joint motion for preliminary approval of this

15 Stipulation is filed, the Settling Parties, through counsel for Shea Mortgage, shall provide notice

16 to the Attorney General of the United States, the United States Department of Labor, the

17 California State Attorney General, the California Department of Industrial Relations and the

18 California Labor and Workforce Development Agency and any others entities or agencies that

19 Shea Mortgage deems appropriate. Said notice shall be mailed, and can be in paper or an

20 electronic or disc format, and shall include to the extent then available and feasible: (1) the

21 operative complaint in the Litigation; (2) the notice of motion and motion for preliminary

22 approval of the settlement, which shall include the proposed final approval hearing date; (3) the

23 Class Notice; (4) this Stipulation; (5) the Stipulation and/or notice of motion and motion for

24 preliminary approval of the settlement, which shall confirm that there are no additional

25 agreements among the Settling Parties not reflected in the Stipulation; (6) this Stipulation, which

26 shall include the proposed Judgment; and (7) the names of each Class Member and his or her

27 projected number of Qualifying Work Weeks. The Class Representative and Class Counsel shall

28 not receive a copy of this notice but will receive a proof of service listing the entities on whom

4794456.5                                          - 29 -

1   Shea Mortgage served the notice.  The Settling Parties agree, and the Court will confirm by

2   granting approval for this settlement, that this notice shall be sufficient to satisfy the terms of 28

3   U.S.C. § 1715, and that subject to the occurrence of the Effective Date, this Stipulation and the

4   associated Judgment shall be binding on all Settlement Class Members.

5           2.11.21    Prior to the joint submission of the settlement agreement to the Court

6   for preliminary approval by the parties, neither Class Representative nor Class Counsel shall

7   communicate any terms of this settlement to any third parties, except that Class Representative or

8   Class Counsel may state only that the parties have reached agreement on a class action settlement,

9   the specific terms of which will be proposed to the Court.  Following the submission for

10  preliminary approval and thereafter, until entry of the Judgment, Class Representative and Class

11  Counsel shall not publicize the settlement in this action or the terms thereof via (a) press releases;

12  (b) Internet postings (except on Class Counsel's website); or (c) communications with the media.

13  This shall not prohibit Class Counsel from discussing this case or any aspect of this settlement

14  with Class Representative, any class member (absent or otherwise) in this case, any court or

15  opposing counsel, and this shall not prohibit Class Counsel from in any way disclosing their mere

16  status as counsel in the case.

17

18          IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

19  executed.

20

    Dated:
21

22                                          _____

23                                          Tamara Partridge
                                            Class Representative and Plaintiff

24  Dated:  June 18, 2008

25

26                                          _____
                                            Laura Vuolo

27                                          Registered In-House ~~General~~ Counsel for Shea
                                            Financial Services and Shea Mortgage Inc.
28

    4794456.5                              - 30 -

    STIPULATION RE: SETTLEMENT OF CASE NO.  C 07-04230 BZ

1  Shea Mortgage served the notice. The Settling Parties agree, and the Court will confirm by

2  granting approval for this settlement, that this notice shall be sufficient to satisfy the terms of 28

3  U.S.C. § 1715, and that subject to the occurrence of the Effective Date, this Stipulation and the

4  associated Judgment shall be binding on all Settlement Class Members.

5         2.11.21    Prior to the joint submission of the settlement agreement to the Court

6  for preliminary approval by the parties, neither Class Representative nor Class Counsel shall

7  communicate any terms of this settlement to any third parties, except that Class Representative or

8  Class Counsel may state only that the parties have reached agreement on a class action settlement,

9  the specific terms of which will be proposed to the Court. Following the submission for

10  preliminary approval and thereafter, until entry of the Judgment, Class Representative and Class

11  Counsel shall not publicize the settlement in this action or the terms thereof via (a) press releases;

12  (b) Internet postings (except on Class Counsel's website); or (c) communications with the media.

13  This shall not prohibit Class Counsel from discussing this case or any aspect of this settlement

14  with Class Representative, any class member (absent or otherwise) in this case, any court or

15  opposing counsel, and this shall not prohibit Class Counsel from in any way disclosing their mere

16  status as counsel in the case.

17

18         IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

19  executed.

20

21  Dated: *June 17, 2008*

22

23  _____
    Tamara Partridge
    Class Representative and Plaintiff

24  Dated:

25

26  _____
    Laura Vuolo

27  Registered In-House General Counsel for Shea
    Financial Services and Shea Mortgage Inc.

28  4794436.5                           - 30 -

STIPULATION RE SETTLEMENT OF CASE NO. C 07-04230 BZ

1

Approved as to form:

2

3    Dated: _June 18, 2008_                    SCOTT COLE AND ASSOCIATES, APC

4
                                               By: _____ for
5                                                      Scott Cole

6                                              Class Counsel and Counsel to Plaintiff Tamara
                                               Partridge
7

     Dated: _6  18/08_
8                                              MUNGER, TOLLES & OLSON LLP

9
                                               By: _____
10                                                    Malcolm A. Heinicke

11                                             Counsel for Defendant Shea Mortgage

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4794456.5                                      - 31 -