# EXHIBIT 1

1    SCOTT EDWARD COLE (State Bar No. 160744)
     MATTHEW R. BAINER (State Bar No. 220972)
2    CARRIE S. LIN (State Bar No. 241849)
     SCOTT COLE & ASSOCIATES, APC
3    1970 Broadway, Ninth Floor
     Oakland, CA 94612
4    Telephone:    (510) 891-9800
     Facsimile:    (510) 891-7030
5    E-mail:    clin@scalow.com

6    Attorneys for Plaintiff
     TAMARA PARTRIDGE, individually,
7    and on behalf of all others similarly situated

8    MALCOLM A. HEINICKE (State Bar No. 194174)
     TYLER ROOZEN (State Bar No. 248669)
9    MUNGER, TOLLES & OLSON LLP
     560 Mission Street
10   Twenty-Seventh Floor
     San Francisco, CA  94105
11   Telephone:    (415) 512-4000
     Facsimile:    (415) 512-4001
12   E-mail:    Malcolm.Heinicke@mto.com

13   Attorneys for Defendant
     SHEA MORTGAGE INC.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17   TAMARA PARTRIDGE, individually, and       CASE NO.  C 07-04230 BZ
     on behalf of all others similarly situated,
18                                              [PROPOSED] ORDER GRANTING
                          Plaintiff,            PRELIMINARY APPROVAL OF
19                                              SETTLEMENT AND SETTING
           vs.                                  SETTLEMENT HEARING
20
     SHEA MORTGAGE INC.,                        Date:
21                                              Time:
                          Defendant.            Place:
22
                                                HONORABLE BERNARD
23                                              ZIMMERMAN

24

25

26

27

28

4794456.5                          - 1 -

1    The joint motion of the Settling Parties for an order preliminarily approving a class

2    action settlement and setting a settlement hearing, came on for hearing on **[XXXX]**.  The Court

3    has considered the Stipulation Re: Settlement of Class Action (and its exhibits), the submissions

4    of counsel, and all other papers filed in this action.  The matter having been submitted and good

5    cause appearing therefore:

6        The Court finds as follows:

7        1.    All defined terms contained herein shall have the same meanings as set

8    forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed

9    with this Court (the "Stipulation");

10        2.    The Class Representative and Shea Mortgage, through their counsel of

11    record in the Litigation, have reached an agreement to settle all Released Claims and resolve

12    Litigation;

13        3.    The Court conditionally finds that, for the purposes of approving this

14    settlement only and for no other purpose and with no other effect on the Litigation, including no

15    effect on the Litigation should the Stipulation not ultimately be approved or should the Effective

16    Date not occur, the proposed Class meets the requirements for certification under Rule 23 of the

17    Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that

18    joinder of all members of the class is impracticable; (b) there are questions of law or fact common

19    to the proposed Class, and there is a well-defined community of interest among members of the

20    proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class

21    Representative Tamara Partridge are typical of the claims of the members of the proposed Class;

22    (d) Class Representative Tamara Partridge will fairly and adequately protect the interests of the

23    Members of the Class; (e) a class action is superior to other available methods for an efficient

24    adjudication of this controversy; and (f) the counsel of record for the Class Representative is

25    qualified to serve as counsel for the Class Representative in her own capacity as well as her

26    representative capacity and for the Class; provided, this finding shall not preclude Shea Mortgage

27    from contesting class or collective action certification in this Litigation or other litigation should

28    the Effective Date not occur;

4794456.5                           - 2 -

1           4.      The moving parties also have presented to the Court for review a

2  Stipulation Re: Settlement of Class Action.  The Stipulation is within the range of reasonableness

3  and meets the requirements for preliminary approval; and

4           5.      The moving parties have also presented to the Court for review a plan to

5  provide notice to the proposed Class of the terms of the settlement and the options facing the

6  Class including, *inter alia*:  to opt out of the class action, to remain in the Settlement Class, to

7  object to the terms of the settlement, with counsel if desired, and/or to be a Participating

8  Claimant.  The notice will be mailed to all Class Members at their Last Known Addresses.  The

9  notice plan proposed by the Settling Parties is the best practical under the circumstances.

10           Good cause appearing therefore, IT IS HEREBY ORDERED that:

11           1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation

12  of Settlement is preliminarily approved and the Class is provisionally certified;

13           2.      Notice of the proposed settlement, and the rights of Class Members to opt

14  out of, or object to, the settlement or become a Participating Claimant, shall be given by mailing

15  of the Notice to Class Members Re: Pendency of a Class Action by first class, postage prepaid, to

16  all Class Members pursuant to the applicable provisions in the Stipulation and postmarked by the

17  Claims Administrator on or before the Notice Mailing Deadline.  Shea Mortgage shall provide the

18  Claims Administrator with the information necessary to conduct this mailing as set forth in the

19  Stipulation, and is hereby authorized to do so per the terms of the Stipulation;

20           3.      A hearing shall be held before this Court on **[XXXX]** to consider whether

21  the settlement should be given final approval by the Court:

22           (a)      Written objections by Class Members to the proposed settlement will be

23  considered if received, on or before the Notice Response Deadline;

24           (b)      At the Settlement Hearing, Class Members may be heard orally in support

25  of the settlement, or in opposition to the settlement, provided they submitted a timely written

26  objection on or before the Notice Response Deadline;

27

28

1
   (c)  Class Counsel and counsel for Shea Mortgage should be prepared at the

2 hearing to respond to objections filed by Class Members, if any, and to provide other information

3 as appropriate, bearing on whether or not the settlement should be approved; and

4
   4.  In the event that the Effective Date occurs, all Settlement Class Members

5 will be deemed to have forever released and discharged the Released Claims.  In the event that

6 the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null

7 and void and shall have no effect whatsoever.

8
   5.  Prior to the Settlement Hearing, the parties shall file a joint motion for final

9 approval of the settlement, and the Class Representative and Class Counsel shall file its motion

10 for attorney fees and costs.

11

12 PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14 DATED: _____  _____

15              The Honorable Bernard Zimmerman
             United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

4794456.5

# EXHIBIT 2

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10  TAMARA PARTRIDGE, individually, and          CASE NO.  C 07-04230 BZ
    on behalf of all others similarly situated,
11                                                **[PROPOSED] NOTICE TO CLASS**
                                                  **MEMBERS**
12              Plaintiff,

13      vs.

14  SHEA MORTGAGE INC.,

15              Defendant.

16
17
18
19
20
21
22
23
24
25
26
27
28

4794456.5                          - 1 -

**THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION THAT MAY AFFECT YOUR RIGHTS;**

**PLEASE READ IT CAREFULLY.**
**PLEASE DO NOT CONTACT THE COURT OR**
**THE COURT CLERK REGARDING THIS MATTER.**

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT SHOULD NOT BE UNDERSTOOD TO BE AN EXPRESSION OF THE COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE PARTIES.  THIS NOTICE WILL SET FORTH YOUR OPTIONS UNDER A PROPOSED SETTLEMENT AND HOW YOU CAN RESPOND TO THAT SETTLEMENT, INCLUDING HOW YOU CAN SUBMIT A CLAIM FOR PAYMENT.**

The purpose of this notice is to inform you that Shea Mortgage has agreed to settle a class action lawsuit concerning the compensation of its California Loan Counselors.  This notice is directed to any and all persons who were employed by Shea Mortgage within California as a "Loan Counselor" (also referred to as, without limitation, Loan Counselors, Loan Representatives or Salespersons) at any time from August 17, 2003 to [DATE OF PRELIMINARY APPROVAL].   You are receiving this Notice because you have been identified as a member of the Settlement Class.  The notice is intended to: (1) describe the underlying case; (2) describe the Settlement, including how it may affect you; (3) explain the steps you must follow in order to claim your portion of the Settlement proceeds, which, as explained below, requires you to submit a claim form by mail or via the internet on or before [NOTICE RESPONSE DEADLINE]; and (4) advise you of your right to object or exclude yourself from the settlement.

You are not required to take any action in response to this notice.  However, if you take no action, you will be subject to the class settlement and associated judgment (and the associated release), but you will not receive any payment.  Accordingly, you should read this notice carefully.

## I.    INTRODUCTION AND SUMMARY

This is to notify you of a lawsuit filed on August 17, 2007, against Shea Mortgage Inc. ("Shea Mortgage") concerning the compensation of its California Loan Counselors who, during the relevant time period, may have been called various titles including without limitation Loan Counselors, Loan Representatives or Salespersons.

The lawsuit, entitled *Tamara Partridge v. Shea Mortgage Inc.*, United States District Court for the Northern District of California, Case No. C 07-04230 BZ, alleges that Shea Mortgage failed to properly compensate the plaintiff and other Loan Counselors employed in California. The lawsuit also claims that Shea Mortgage failed to reimburse California Loan Counselors for certain business costs in accordance with California law. The suit is brought on behalf of Loan Counselors employed by Shea Mortgage in California for any amount of time during the period between August 17, 2003 and [PRELIMINARY APPROVAL DATE]. You have received this Notice because Shea Mortgage records suggest you may be a member of this Class of people.

Shea Mortgage has reviewed the claims in detail, and it has denied any wrongdoing or liability in this matter. Shea Mortgage take seriously its responsibilities as an employer and its associated obligations to its employees, and it has worked with the plaintiff and her counsel to resolve this matter and address any possible questions and avoid the further expense and burden of litigation pursuant to the procedure set forth in this Notice.

The purpose of this Notice is to inform you of the pending settlement agreement and your rights under it. Because you have received this Notice to Class Members, it is believed that you may be one of the Loan Counselors employed by Shea Mortgage in California who is included in the proposed Class and is eligible to participate in the settlement.

This Notice will provide instructions on the options available to you – in particular, it will explain how you can either participate in this settlement by submitting a claim for monetary payment, opt out of the settlement altogether or take other or no actions. If you take no action, you will be subject to this agreement and the associated judgment (and the associated release), but you will not receive any payment.

1  Please understand that this is not a notice of a lawsuit against you. You have not

2  been sued. Class Counsel encourages Class Members to read this Notice carefully and participate

3  in the action and submit claim forms. Shea Mortgage takes no position as to how Class Members

4  should respond, and their participation in the settlement will not impact their employment or

5  relationship with the Company in any manner.

6  **II.    DESCRIPTION OF THE UNDERLYING CLAIMS**

7  The lawsuit at issue in this notice, entitled *Tamara Partridge  v. Shea Mortgage*

8  *Inc.*, United States District Court for the Northern District of California, Case No. C 07-04230

9  BZ, was filed on August 17, 2007. The lawsuit alleges, among other things, that Shea Mortgage

10  failed to reimburse its California Loan Counselors for certain business expenses or costs in

11  accordance with California law. In addition, the lawsuit claims that Shea Mortgage was required

12  to pay the plaintiff and other California Loan Counselors overtime wages for hours worked in

13  excess of forty hours in a week or eight hours in a day during the pertinent period as allegedly

14  required by pertinent state and/or federal law. Specifically, on behalf of herself and others

15  similarly situated to her, the plaintiff or Class Representative alleges that Shea Mortgage violated

16  certain state and federal employment laws, including without limitation the federal Fair Labor

17  Standards Act ("FLSA"), the California Labor Code and the California Industrial Welfare

18  Commission Wage Orders, by purportedly, among other things, (a) misclassifying its California

19  Loan Counselors as "exempt" employees, *i.e.*, employees who are exempt under federal and/or

20  California law from premium overtime requirements, meal and rest period requirements, and the

21  other wage and hour requirements that apply to employees who do not qualify for any exemption

22  including, without limitation, the administrative, inside/commissioned salesperson, or outside

23  salesperson exemptions, under federal and/or state law; and (b) improperly failing to reimburse,

24  cover or pay its California Loan Counselors for business-related costs or expenses, including

25  without limitation claims for reimbursement of costs spent on any type of business expenses such

26  as vehicle mileage and office supplies under circumstances in which such failure to reimburse is

27  not permitted by California law. Shea Mortgage denies these allegations, and takes the position

28  that its compensation practices are appropriate and lawful.

4794456.5                                  - 4 -

1         Although Shea Mortgage believes that it had ample basis to contest these

2    allegations, Shea Mortgage nevertheless felt it important to work with the Class Representative

3    and their counsel in an effort to address these issues.  Accordingly, and subject to court approval,

4    the parties have entered a settlement agreement that provides for the certification of a class

5    consisting of Loan Counselors who worked in California.

6         Subject to Court approval and other conditions, this settlement will provide for the

7    payment of a settlement sum to eligible individuals who properly submit claim forms.  The terms

8    of this settlement will be discussed in greater detail below.

9         **III.    DESCRIPTION OF THE SETTLEMENT**

10         On behalf of other members of the Settlement Class, the Class Representative has

11    reached a voluntary settlement agreement with Shea Mortgage.  Through this settlement, neither

12    Shea Mortgage nor any of its affiliates or employees has admitted any liability or wrongdoing.  A

13    full copy of the settlement agreement, which is entitled the Stipulation of Settlement re: Class

14    Action, as preliminarily approved by the Court, as well as other public documents filed with

15    regard to this matter can be inspected in the Office of the Court Clerk.  Please see Section IX of

16    this Notice for further details.

17         Under the terms of the settlement, Class Members who do not opt out of the

18    settlement and who submit qualifying claim forms in a proper manner certifying that they worked

19    overtime will receive a payment according the number of weeks they worked at Shea Mortgage in

20    California as a Loan Counselor during the pertinent period.  Specifically, pursuant to these

21    calculations and under the terms of this settlement, if Class Members do not opt out of the

22    settlement and also submit qualifying claim forms and properly become participating claimants,

23    then they will receive payment in a gross amount, less required deductions and/or withholdings,

24    equal to their number of qualifying work weeks at Shea Mortgage during the pertinent period

25    multiplied by their settlement variable.  The settlement variable for each participating claimant

26    will be approximately fifty dollars ($50.00) per each qualifying work week.

27         Shea Mortgage records demonstrate that you, the Class Member receiving this

28    Notice, worked [ ____ ] qualifying work weeks during the pertinent period as a Loan Counselor.

4794456.5                - 5 -

1    Class Members who do not opt out of the settlement will remain subject to the

2    judgment and be precluded from bringing any "Released Claims" against Shea Mortgage or any

3    of its affiliates in the future, whether they submit claim forms or not.  Specifically, those Class

4    Members who do not opt out of the matter will be precluded from bringing "Released Claims,"

5    which are defined as any claims, including unknown claims, demands, rights, liabilities and

6    causes of action of every nature and description whatsoever by a Class Member relating to his or

7    her employment with, or work for, Shea Mortgage or any of its affiliates in California, including

8    without limitation statutory, constitutional, contractual or common law claims, whether known or

9    unknown, whether or not concealed or hidden, against Shea Mortgage or its employees, agents, or

10   affiliates, that accrued at any time between August 17, 2003 and [PRELIMINARY APPROVAL

11   DATE] for any type of relief, including without limitation claims for wages, damages, unpaid

12   costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs,

13   restitution, or equitable relief, based on the following categories of allegations: (1) (a) any and all

14   claims relating to alleged misclassification as an exempt employee, including without limitation

15   any claims for (i) failure to pay regular or premium overtime wages, (ii) failure to comply with

16   payroll or wage record-keeping or itemization requirements, (iii) failure to provide meal and/or

17   rest periods and/or to pay additional sums of money in lieu thereof, (iv) failure to timely pay

18   wages due at termination or otherwise, (v) failure to pay standby or "on-call" wages; and (vi)

19   improper wage deductions; (b) any and all claims for the reimbursement of expenses, including

20   without limitation driving mileage reimbursements or home office expenses; (2) any and all

21   associated statutory claims, including without limitation claims under the California Labor Code

22   sections 218, 221, 226, 226.7, 512, 1174, 1194, 2802. 2698 et seq. and the federal Fair Labor

23   Standards Act ("FLSA") and the Portal to Portal Act, and California Business & Professions

24   Code section 17200 et seq., and the California Industrial Welfare Commission Wage Orders; (c)

25   any and all associated claims for penalties, including without limitation claims under California

26   Labor Code sections 203, 226, 226.7, 512 & 1194, 2698 et seq.; (d) any and all associated claims

27   for interest, costs, or attorney fees; and (e) to the extent not covered above, all claims pled in the

28   Litigation.  Notwithstanding the foregoing, Class Members who do not become Participating

4794456 5                                          - 6 -

Claimants will not be deemed to have waived FLSA claims for unpaid overtime, but they will be deemed to have waived any claims under California law predicated on the violation of the FLSA or other state or federal or other laws.

Through this release, all Settlement Class Members, *i.e.*, people who do not opt out of the settlement, shall be deemed to have, and by operation of the judgment shall have, expressly waived, the rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

A portion of any payment made to a participating claimant will be subject to required wage withholdings and deductions, and so the net payable amount will be less than the gross amount of settlement sum. Specifically, Shea Mortgage will report fifty percent of this payment to relevant government entities as a wage payment, and the other fifty percent as a non-wage payment. Shea Mortgage reserves the right to make any required withholdings or deductions as required by applicable law, and Class members should be advised that Shea Mortgage will report any payments made pursuant to this agreement to the Internal Revenue Service and other relevant government entities (if any) as required by law. As such, the net amount paid will be less than the gross amount of the award.

Pursuant to the settlement and subject to final approval by the Court, the attorneys for the Class Representative and the Class (herein "Class Counsel") will be paid a sum sufficient to compensate them for their services in this matter and any allowable costs that they incurred as a result of bringing the suit. Under the terms of the settlement, the payment to Class Counsel will be paid in a maximum amount of $118,500.00, which is thirty percent (30%) of the total maximum amount that Shea Mortgage can pay under the settlement. Shea Mortgage will pay the attorney fee and costs award. Class Members will not be required to compensate Class Counsel. Shea Mortgage will also pay Class Representative the sum of $15,000 as an "enhancement award" for her services as the Class Representative in this matter.

**Only those individuals who remain members of the Class will be eligible to participate in this settlement and receive payment under this agreement, and only those individuals who submit qualifying claim forms will receive payment.  All individuals who do not opt out will be subject to the judgment and the release described above.  On the other hand, those Class Members who opt out of the settlement will not be eligible to receive any payment pursuant to this settlement, nor will they be bound by the judgment and associated waiver or release of related claims.  Class Members who opt out will retain the right to pursue their own claims, provided those claims are not barred by the statute of limitations or otherwise precluded.**

Class Members are advised to consult a licensed accountant or tax preparer in connection with participating in this settlement by submitting a claim form.  Neither the Class Representative, Class Counsel nor Shea Mortgage makes any representations concerning the tax consequences of this settlement, any or the payments made thereunder, or a Class Member's participation in the settlement, and you should seek tax advice in association with your response to this Notice.

## IV.    CERTIFICATION AND HEARING THEREON

Following a hearing on or about **[XXXX]**, pursuant to the procedures for the approval of class actions and the Federal Rules of Civil Procedure, Rule 23, the Court granted preliminary approval for the settlement of this matter as a class action and scheduled a hearing on final approval for **[XXXX]**.  This hearing will take place before the Honorable Bernard Zimmerman, Courtroom G, 15th Floor, at the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, CA.  Members of the Class, including you, the person receiving this Notice, can express their views on the settlement at or before this hearing but you are not required to do so, nor are you required to attend this hearing to exercise any of your rights, including either the right to participate in this settlement or the right to opt out of this action.  Members of the Class can exercise either their right to obtain payment or opt out by following the instructions contained in this Notice; again, **no appearance at the hearing** is required.

1    In addition to scheduling this hearing, the Court approved this Notice and

2   approved the request to mail this Notice to all members of the relevant Class.  This conditional

3   certification order does not reflect the Court's opinion on the merits of any claim or defense

4   raised by the parties.

5    A full copy of this conditional certification order as well as other public documents

6   filed with regard to this matter can be inspected and copied in the Office of the Court Clerk.

7   Please see Section IX of this Notice for further details.

8                          **V.     CORRECTIONS TO NAME OR ADDRESS**

9    If, for any future reference or mailings, the recipient of this Notice, *i.e.*, you, wish

10   to change the name or address listed on the envelope in which this Notice was sent, please

11   complete, execute and mail the form entitled "Change of Name and/or Address Information"

12   attached to this Notice as Form A.

13                        **VI.     THE RIGHTS AND OPTIONS OF CLASS MEMBERS**

14    Because you have received this Notice, you are currently a member of the

15   conditionally certified Class.  Current members of the Class have several options:

16    **First**, individuals such as you, the person receiving this Notice, who are currently

17   members of the Class may elect to participate in the settlement by submitting a claim for payment

18   under the settlement.  Class Members who choose this option and remain in the Settlement Class

19   will be represented by the Class Representative and Class Counsel.  The law firm acting as Class

20   Counsel in this matter is:

21

22   SCOTT COLE & ASSOCIATES, APC
     Scott Cole, Esq.
     Carrie Lin, Esq.
23   1970 Broadway, Ninth Floor
     Oakland, CA 94612
24   Telephone: 510.891.9800
     Facsimile: 510.891.7030
25

26    If you choose this option and properly submit a claim form, you will remain a

     member of the Settlement Class and will receive payment pursuant to the settlement agreement
27
     (per the formula set forth above), and you will be subject to the judgment rendered in this action,
28

4794456 5                                    - 9 -

*i.e.,* the judgment issued in connection with the settlement obtained for the Class. (Above, this Notice discusses the settlement, the associated judgment in this matter, and the effect of this judgment.) Only Settlement Class Members that properly submit qualifying claim forms will receive payment. Class members who wish to submit a claim and receive payment must review the form entitled "Settlement Claim Certification Form" attached to this Notice as Form B, and then fully complete, execute and mail this election notice in the manner and by the deadline specified on the form. Alternatively, Class Members may participate in the Settlement by reviewing Form B, and then filing a claim online at [INSERT WEBSITE] on or before [NOTICE RESPONSE DEADLINE]. The specific instructions regarding how to file a claim online are explained on this webpage and will include pertinent security protections.

**Second**, individuals such as you, the person receiving this Notice, who are currently members of the Class may elect to "opt out" of the Settlement Class and thus exclude themselves from this action and the associated settlement and judgment. Class Members who opt out of this action would remain free, subject to the statute of limitations and applicable statutory, common law or other restrictions, to bring what would otherwise be Released Claims against Shea Mortgage. Class members who wish to exercise this option must notify the claims administrator in writing of their intent to opt out of the Settlement Class. This written notice must be signed by the Class Member and mailed to the Claims Administrator at the address listed below, postmarked on or before [NOTICE RESPONSE DEADLINE]:

> Gilardi & Co. LLC
> Re: Partridge Litigation
> 3301 Kerner Blvd.
> San Rafael, CA 94901

This statement should state the following, or words to this effect: "I wish to opt out of the Partridge Litigation settlement and action. I understand that, as a result, I will not recover anything under this settlement." Class Members who opt out of this lawsuit and the associated settlement forfeit their right to submit a claim for payment under the specific settlement described herein.

4794456.5

- 10 -

1    Whether they submit a claim for payment or not, all members of the Class who do

2    not opt out of the settlement (per the procedure discussed above) shall be deemed to have forever

3    released and discharged Shea Mortgage and all of their past and present affiliates, directors,

4    officers, agents and employees from any and all Released Claims, as that term is defined above

5    and in the Stipulation of Settlement on file with the Court.

6    Class Members who do not opt out of the settlement may object to the terms or

7    nature of the settlement.  The procedure for doing so is set forth below in Section VIII.  In

8    addition, Class Members may, at their own expense, retain their own lawyers for purposes of

9    presenting their objections.  Class Members are not required, however, to obtain their own

10    counsel in order to submit objections.

11    **VII.    THE PEOPLE RECEIVING THIS NOTICE**

12    The Class Representative has brought this action as a class action.  In class actions,

13    one or more persons bring claims on behalf of themselves and others who purportedly are in

14    similar situations or have similar claims.  In other words, the Class Representative is seeking to

15    represent those who are similarly situated and thus may also have similar or related claims.  In

16    order to ensure that all Class Members are given an adequate opportunity to protect their rights,

17    this Notice is being mailed to the last known addresses of all Class Members.

18    **VIII.    HEARING ON SETTLEMENT**

19    The Court will hold a hearing on the advisability and propriety of this settlement

20    on **[XXXX]**.  This hearing will take place before the Honorable Bernard Zimmerman, United

21    States District Court for the Northern District of California, Courtroom G, 450 Golden Gate

22    Avenue, San Francisco, California 94102.  Prior to this hearing, Class Members may submit any

23    written objections to the settlement agreement by delivering them to any of the Class Counsel

24    designated above or to the Claims Administrator, Gilardi & Co. LLC., re:  Partridge Litigation,

25    3301 Kemer Blvd., San Ramon, CA 94901, no later than [NOTICE RESPONSE DEADLINE].

26    Class Members may also attend to express their views on or state any objections to the settlement

27    at or prior to this hearing, provided that they must submit timely written objections if they wish to

28

4794456.5                          - 11 -

1    object at the hearing.  **Attendance at this hearing is completely optional; attendance at the**

2    **hearing is not required to participate in the settlement or to opt out of the lawsuit.**

3            **IX.    EXAMINATION OF PAPERS FILED IN THIS ACTION**

4            This Notice does not fully describe the action.  Members of the public, including

5    but not limited to those whose rights may be affected by this action, may inspect the files through

6    the Court Clerk at the following address:  Office of the Clerk, United States District Court for the

7    Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.

8            *PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF*

9            *THE COURT WITH QUESTIONS REGARDING THIS ACTION.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] NOTICE TO CLASS MEMBERS (CASE NO. C 07-04230 BZ)

1

**FORM A**

2

3

**FOR**

4

5

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE**

6

**OF HEARING ON PROPOSED SETTLEMENT THEREOF**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Change of Name and/or Address Information**

2

3          Pursuant to Paragraph V of the Notice to Class Members, I wish to change my

4    name and/or mailing address information to the following:

5          Name:

6          Street and Apt. No., if any:

7          City, State and Zip Code:

8          For purposes of verification only, I began working at Shea Mortgage in

9          _____, _____.

10         (Month)                (Year)

11         I understand that all future correspondence in this action, including but not

12   necessarily limited to important notices or payments to which I am entitled (if any), will be sent

13   to the address listed above and not to the address previously used.  I hereby request and consent to

14   the use of the address listed above for these purposes.

15   DATED: _____, 2008      Submitted By:

16                               _____

17                               Print Name

18                               _____

19                               Signature

20                               _____

21                               Date

22         PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

23         Gilardi & Co. LLC

24         Re:  Partridge Litigation

25         3301 Kemer Blvd., San Ramon, CA 94901

26         **THIS FORM MUST BE RECEIVED BY [NOTICE RESPONSE DEADLINE],**

27         **TO CHANGE YOUR ADDRESS**

28

4794456 5                                  - 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FORM B**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

4794456.5

- 15 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] NOTICE TO CLASS MEMBERS (CASE NO. C 07-04230 BZ)

**Settlement Claim Certification Form**

Pursuant to Paragraph VI of the Notice, I hereby confirm that I am eligible to participate in this settlement because (1) I was employed by Shea Mortgage in California at some point between August 17, 2003 and [PRELIMINARY APPROVAL DATE] as a Loan Counselor, (also sometimes called Loan Representative), and (2) during that time period, I either (a) worked more than 40 hours per week or 8 hours per day; and/or (b) did not receive reimbursement for necessary business expenses, including, for example, reimbursement for mileage driven in my personal vehicle for work reasons other than commuting to and from work.

I further acknowledge that I understand and agree, that by exercising this option, my recovery will be the gross amount calculated pursuant to the settlement formula, *i.e.,* my individual number of qualifying work weeks listed in this Notice multiplied by the pertinent variable for me, and nothing further. I also understand that by not electing to opt out of this settlement, I will be subject to the judgment, waive the protections of California Civil Code Section 1542[2] and will be precluded from pursuing any Released Claims, as defined above and in the settlement agreement. I hereby confirm that the foregoing is true and accurate to the best of my knowledge.

Name of Class Member (print):

Address:

City, State and Zip Code:

Date: _____

Signature: _____

For purposes of verification only, I began working at Shea Mortgage in

_____, _____.

---

[2] California Civil Code Section 1542 provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

(Month)                    (Year)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Gilardi & Co. LLC

Re:  Partridge Litigation

3301 Kemer Blvd., San Ramon, CA 94901

**FORMS MUST BE RECEIVED NO LATER THAN [NOTICE RESPONSE DEADLINE]**

**IN ORDER TO BE VALID AND EFFECTIVE.**

4794456 5

- 18 -

# EXHIBIT 3

1  SCOTT EDWARD COLE (State Bar No. 160744)
   MATTHEW R. BAINER (State Bar No. 220972)
2  CARRIE S. LIN (State Bar No. 241849)
   SCOTT COLE & ASSOCIATES, APC
3  1970 Broadway, Ninth Floor
   Oakland, CA 94612
4  Telephone:    (510) 891-9800
   Facsimile:    (510) 891-7030
5  E-mail:    clin@scalow.com

6  Attorneys for Plaintiff
   TAMARA PARTRIDGE, individually,
7  and on behalf of all others similarly situated

8  MALCOLM A. HEINICKE (State Bar No. 194174)
   TYLER ROOZEN (State Bar No. 248669)
9  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
10 Twenty-Seventh Floor
   San Francisco, CA  94105
11 Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4001
12 E-mail:    Malcolm.Heinicke@mto.com

13 Attorneys for Defendant
   SHEA MORTGAGE INC.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18 TAMARA PARTRIDGE, individually, and on        CASE NO.  CV 06-05296 JSW
   behalf of all others similarly situated,
19                                               **[PROPOSED] ORDER GRANTING
                  Plaintiff,                     FINAL APPROVAL OF SETTLEMENT**
20
          vs.                                    Date:
21                                               Time:
   SHEA MORTGAGE INC.,                           Place:
22
                  Defendant..                    **HONORABLE BERNARD
23                                               ZIMMERMAN**

24

25

26

27

28

4794456.5                          1 -

1           Having considered the Stipulation Re: Settlement of Class Action ("Stipulation")

2  and all other materials properly before the Court and having conducted an inquiry pursuant to the

3  Federal Rules of Civil Procedure, Rule 23, the Court finds that the Stipulation is fair and

4  reasonable, and it is approved, including the award of attorney fees and allowable litigation costs

5  and expenses in the amount of $118,500.00.  The Court will simultaneously, or the Clerk of the

6  Court shall, enter the Judgment provided in the Stipulation.  Shea Mortgage Inc., itself or through

7  the Claims Administrator, shall deliver the payments to the Participating Claimants, the Class

8  Representative and Class Counsel as provided for in the Stipulation.

9

10           PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12

13  DATED: _____         _____

                                      The Honorable Bernard Zimmerman

14                               United States Magistrate Judge

# EXHIBIT 4

SCOTT EDWARD COLE (State Bar No. 160744)
MATTHEW R. BAINER (State Bar No. 220972)
CARRIE S. LIN (State Bar No. 241849)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
Telephone:    (510) 891-9800
Facsimile:    (510) 891-7030
E-mail:    clin@scalow.com

Attorneys for Plaintiff
TAMARA PARTRIDGE, individually,
and on behalf of all others similarly situated

MALCOLM A. HEINICKE (State Bar No. 194174)
TYLER ROOZEN (State Bar No. 248669)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4001
E-mail:    Malcolm.Heinicke@mto.com

Attorneys for Defendant
SHEA MORTGAGE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA PARTRIDGE individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHEA MORTGAGE INC.,<br><br>Defendant. | CASE NO. C 07-04230 BZ<br><br>**[PROPOSED] JUDGMENT**<br><br>Date:<br>Time:<br>Place:<br><br>**HONORABLE BERNARD ZIMMERMAN** |

4794456.5

1

1    This matter came on for hearing upon the joint application of the Settling Parties

2  for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"). Due

3  and adequate notice having been given to the Class, and the Court having considered the

4  Stipulation, all papers filed and proceedings had herein and all oral and written comments

5  received regarding the proposed settlement, and having reviewed the record in this Litigation, and

6  good cause appearing,

7    IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

8    1.    The Court, for purposes of this Judgment and Order of Dismissal

9  ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class

10  Action ("Stipulation") filed in this case.

11    2.    The Court has jurisdiction over the subject matter of the Litigation, the

12  other Members of the Settlement Class and Shea Mortgage.

13    3.    The Court finds that the distribution of the Notice to Class Members Re:

14  Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the

15  Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable

16  under the circumstances to all Persons within the definition of the Class, and fully met the

17  requirements of due process under the United States Constitution and California law.  Based on

18  evidence and other material submitted in conjunction with the Settlement Hearing, the actual

19  notice to the class was adequate.  The Court further finds that the Settling Parties have further

20  satisfied the requirements of notice to pertinent government agencies set forth in the federal Class

21  Action Fairness Act.

22    4.    The Court finds in favor of settlement approval.

23    5.    The Court approves the settlement of the above-captioned action, as set

24  forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate

25  as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the

26  terms set forth in the Stipulation.

27    6.    Except as to any individual claim of those Persons (identified in

28  Attachment A hereto) who have validly and timely requested exclusion from the Settlement

479.1456.5                                          2

1    Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and

2    the other Members of the Settlement Class.  The Settling Parties are to bear their own costs,

3    except as otherwise provided in the Stipulation.

4              7.     Solely for purposes of effectuating this settlement, this Court has certified a

5    class of all Members of the Settlement Class, as that term is defined in and by the terms of the

6    Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule

7    23.

8              8.     With respect to the Settlement Class and for purposes of approving this

9    settlement, this Court finds and concludes that:  (a) the Members of the Settlement Class are

10    ascertainable and so numerous that joinder of all members is impracticable; (b) there are

11    questions of law or fact common to the Settlement Class, and there is a well-defined community

12    of interest among Members of the Settlement Class with respect to the subject matter of the

13    Litigation; (c) the claims of Class Representative Tamara Partridge are typical of the claims of the

14    Members of the Settlement Class; (d) The Class Representative has fairly and adequately

15    protected the interests of the Members of the Settlement Class; (e) a class action is superior to

16    other available methods for an efficient adjudication of this controversy; and (f) the counsel of

17    record for The Class Representative, *i.e.*, Class Counsel, is qualified to serve as counsel for the

18    plaintiff in her individual and representative capacities and for the Settlement Class.

19              9.     By this Judgment, The Class Representative shall release, relinquish and

20    discharge, and each of the Settlement Class Members shall be deemed to have, and by operation

21    of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all

22    Released Claims (including Unknown Claims).  The Released Claims, as more fully defined in

23    the Stipulation, include, with the exception of the Fair Labor Standards Act claims of Settlement

24    Class Members who do not become Participating Claimants, and otherwise without limitation,

25    any and all claims, demands, rights, liabilities and causes of action of every nature and

26    description whatsoever including without limitation statutory, constitutional, contractual or

27    common law claims, whether known or unknown, whether or not concealed or hidden, against the

28    Shea Mortgage Releasees, or any of them, that accrued at any time on or prior to

4794456.5                3

1   [PRELIMINARY APPROVAL DATE] for any type of relief, including without limitation claims

2   for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest,

3   attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of

4   allegations: (a) any and all claims, including without limitation claims for unpaid overtime wages

5   or meal and rest period violations, alleging, or flowing from alleged, misclassification of

6   employees as exempt employees, *i.e.*, employees who are exempt under federal and/or California

7   law from premium overtime requirements, meal and rest period requirements, or all other wage

8   and hour requirements imposed on employees who do not qualify for any exemption, including

9   without limitation the administrative, inside salesperson or outside salesperson exemptions set

10  forth in state and federal law; (b) any and all claims for failure to reimburse or cover or pay for

11  business costs, including without limitation claims for reimbursement of costs spent on or

12  imposed for any type of business expenses.

13          10.      Neither the Stipulation nor the settlement contained therein, nor any act

14  performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:

15  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of

16  any Released Claim, or of any wrongdoing or liability of Shea Mortgage or any of the Shea

17  Mortgage Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or

18  evidence of, any fault or omission of Shea Mortgage or any of the Shea Mortgage Releasees in

19  any civil, criminal or administrative proceeding in any court, administrative agency or other

20  tribunal.  In the event that the Effective Date does not occur, Shea Mortgage shall not be estopped

21  or otherwise precluded from contesting class or collective action certification in the Litigation or

22  other litigation on any grounds.  Shea Mortgage or any of the Shea Mortgage Releasees may file

23  the Stipulation and/or the Judgment from this Litigation in any other action that may be brought

24  against them in order to support a defense or counterclaim based on principles of *res judicata*,

25  collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of

26  claim preclusion or issue preclusion or similar defense or counterclaim.

27

28

4794456.5                                         4

11.    The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants.  Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual.

12.    Shea Mortgage has agreed to pay Class Counsel their reasonable attorneys' fees as well as certain allowable costs in this matter in the amount of $118,500.00, and Shea Mortgage has agreed to pay an enhancement to the Class Representative to reimburse her for her unique services in the amount of $15,000.00.  The Court finds that these agreements are fair and reasonable.  Shea Mortgage is directed to make such payments in accordance with the terms of the Stipulation.

13.    The Court reserves exclusive and continuing jurisdiction over the Litigation, The Class Representative, the Settlement Class and Shea Mortgage for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.  The Litigation is dismissed with prejudice.

14.    This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.


IT IS SO ORDERED.


DATED: _____          _____
                                          The Honorable Bernard Zimmerman
                                          United States Magistrate Judge

[PROPOSED] JUDGMENT (CASE NO. C 07-04230 BZ)

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JUDGMENT (CASE NO.  C 07-04230 BZ)