MALCOLM A. HEINICKE (State Bar No. 194174)
TYLER A. ROOZEN (State Bar No. 248669)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Tel: (415) 512-4000; Facsimile: (415) 512-4077
Email: Malcolm.Heinicke@mto.com

Attorneys for Defendants
SHEA MORTGAGE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA PARTRIDGE individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHEA MORTGAGE INC.,<br><br>Defendant. | CASE NO. C 07-04230 BZ<br><br>**DECLARATION OF MALCOLM A. HEINICKE IN SUPPORT OF SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**The Honorable Bernard Zimmerman** |

# DECLARATION OF MALCOLM A. HEINICKE

I, Malcolm A. Heinicke, do hereby declare:

1. I am an attorney with Munger, Tolles & Olson, LLP, counsel for Defendant Shea Mortgage, Inc. in this matter. I submit this declaration in connection with the supplemental points and authorities submitted in support of preliminary approval of a class action settlement. I have personal knowledge of the facts set forth in this declaration, and I could and would testify competently to the contents of this declaration.

2. I joined Munger, Tolles & Olson, LLP, in 1998 and was elected as a partner in 2003. My educational credentials include an undergraduate degree (A.B., with honors) from Harvard University obtained in 1993 and a J.D. degree from Stanford University Law School obtained in 1997 (Order of the Coif). Following law school, I served as a law clerk to the Honorable Vaughn R. Walker in the United States District Court for the Northern District of California. I have practiced in the area of employment law for the past ten years, and my practice has focused largely on wage and hour class actions such as the instant matter. I previously served as the Chair of the Labor & Employment section of the Barristers Club of the San Francisco Bar Association.

3. I have represented defendants in numerous matters involving wage and hour claims, including numerous class actions. In many of these actions, my clients have negotiated class action settlements, which were subject to and eventually received court approval. In my practice to date, I have never had a case in which a class action settlement agreement that I presented to a court for approval was ultimately rejected.

4. Specifically, in my role as counsel, I have obtained approval for numerous wage and hour class settlements that included release terms providing that class members who did not opt out of the settlement or mail in a claim form by the specified response date were deemed class members subject to the judgment at issue (and thus deemed to have released both the claims at issue and their settlement sum) even if their notices were ultimately returned to the claims administrator as undeliverable and address verification measures failed.

5.  The following is a list of some of the wage and hour class action settlements that I have presented to courts for approval and which (a) contained substantially the same release provisions described above in Paragraph 4; and (b) were approved by the court in question:

a.  *Ken Burns v. Merrill Lynch, Pierce, Fenner & Smith, et al.*, Case No. C 04-04135 MMC (United States District Court, Northern Dist. of California, San Francisco Div., settlement approved in 2006). The plaintiff claimed that the putative class members were entitled to unpaid compensation and business-related expenses.

b.  *Marguerite Cliver and Michele Jones, et al. v. Rainbow Apparel Company, et al.*, Case No. C 99-4425 PJH (United States District Court, Northern Dist. of California, San Francisco Division, settlement approved in 2001). The plaintiffs brought this class and collective action alleging that defendants' store managers were not paid overtime wages in violation of Federal and/or California law.

c.  *Raymond Vinole v. World Savings, Inc.*, Case No. 3:06-cv-05296-JSW (United States District Court, Northern Dist. of California, San Francisco Div., settlement preliminarily approved in 2008). The plaintiffs brought this class and collective action alleging that putative class members were entitled to unpaid overtime and business-related expenses.

d.  *Diana Schaeffer and Citizens Against Unfair Treatment, Inc. v. Merrill Lynch & Co., Inc., et al.*, Case No. GIC 796812 (Superior Court of the State of California, County of San Diego, settlement approved in 2004). The plaintiffs alleged that defendant employer did not properly compensate departing California employees for accrued but unused vacation and personal time.

e.  *Glenn Morris, et al. v. Guardsmark, Inc.*, Case No. 233252 (Superior Court of the State of California, County of Sonoma, settlement approved in 2005). The plaintiffs alleged that their employer had failed to properly reimburse them for necessary business (uniform) expenses required to be paid by California law.

f.  *Jaime Melgoza, et al. v. 99¢ Only Stores, et al.*, Case Nos. BC295342 and BC316867 (Superior Court of the State of California, County of Los Angeles,

Central Div., settlement approved in 2004). The plaintiff alleged that store managers were misclassified as "exempt" from overtime pay and other wage and hour requirements and that they were owed unpaid overtime wages.

    g. *Judicial Council Coordination Proceeding No. 4499 (99¢ Only Stores Litigation)*, including: *Vargas v. 99¢ Only Stores* Case No. CIV 241666 and *Washington v. 99¢ Only Stores*, Case No. BC 361232 (Superior Court of the State of California, County of Ventura, settlement approved in 2008). The plaintiffs claimed that their employer did not always provide them with meal and rest periods as required by California law and did not always pay them for all hours worked.

    h. *Kathyann Vincent vs. World Savings Inc., et al.*, Case No. BC 334029 (Superior Court of the State of California, County of Los Angeles, settlement approved in 2006). The plaintiff alleged that the employer violated employment laws by misclassifying them as "exempt" from overtime pay and other wage and hour requirements.

    i. *Benson v. World Savings, Inc.*, Case No. BC368149 (Superior Court of the State of California, County of Los Angeles, settlement approved in 2008). The plaintiff alleged that the employer violated employment laws by misclassifying them as "exempt" from overtime pay and other wage and hour requirements.

    j. *Donald Kingston et al. vs. Verizon California Inc., et al.* Case No. CIV 225934 (Superior Court of the State of California, County of Ventura, settlement approved in 2006.) The plaintiff alleged that the employer violated employment laws by misclassifying them as "exempt" from overtime pay and other wage and hour requirements.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate and that this declaration was executed on July 24, 2008 at San Francisco, California.

*/s/ Malcolm A. Heinicke*
_____
MALCOLM A. HEINICKE