Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. # 241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
web:     www.scalaw.com

Attorneys for Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMARA PARTRIDGE, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>vs.<br><br>SHEA MORTGAGE, INC,<br><br>                    Defendant. | **Case No.: C 07 04230 BZ**<br><br>**<u>CLASS</u> ACTION**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ADDRESSING PARAGRAPH 1.23 OF THE PARTIES' PROPOSED SETTLEMENT AGREEMENT**<br><br>Date:           *None Set*<br>Time:          *None Set*<br>Courtroom:  G, 15th Floor<br>Judge:         Hon. Bernard Zimmerman |

**I.     INTRODUCTION**

Per this Court's instruction, Plaintiff respectfully submits this Supplemental Memorandum of Points and Authorities addressing the issue of whether the Court may approve a settlement that may bind class members under California state law (Rule 23 "opt-out") as well as the FLSA ("opt-in").

**II.    POINTS AND AUTHORITIES**

Collective actions plead under the FLSA may be adjudicated and resolved in tandem with state law claims plead on a class-wide basis under Rule 23, so long as the procedures stated in Section 216(b) control the FLSA collective action, while Rule 23 procedures govern the state law

1 class claims. *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004). ("[There are]
2 several cases in which an opt-out state claim has been permitted to proceed in parallel to an opt-in
3 FLSA action (*citations omitted*)...[t]hese cases were primarily concerned with whether the opt-out
4 provision of Rule 23(b)(3) and opt-in provision of the FLSA are incompatible, and both cases
5 concluded they are not.)"

6 Not only are the opt-in and opt-out procedures contemplated by Rule 23 and FLSA 216(b)
7 *not* incompatible, but several courts have held that FLSA claims are often best resolved in
8 conjunction with state law class claims that are predicated on the same underlying facts, as joint
9 resolution of such claims would serve important policy interests - namely, "economy, convenience,
10 fairness, and comity." *Lindsay v. GEICO*, 448 F.3d 416,425 (C.A.D.C. 2006 ) For example, in a
11 recent mis-classification collective action alleging both violations of the FLSA's overtime
12 provisions and class-wide violations of New York State overtime laws, the Court of Appeals for the
13 District of Columbia found that the differences between the opt-in procedure mandated by § 216(b)
14 and the opt-out procedure mandated by Rule 23 *cannot*, as a matter of law, constitute a compelling
15 reason to decline supplemental jurisdiction over one set of claims, and reversed the trial court's
16 order on those grounds. *Lindsay*, 448 F.3d at 424-425. On remand, the trial court not only found that
17 it could and should exercise supplemental jurisdiction over the state law class claims, but went on
18 to certify the state law claims under Rule 23. *Lindsay v. GEICO*, 2008 WL 2673796 (July 3, 2008).
19 In so doing, the court pointed to the previously certified FLSA collective action as a reason why
20 class treatment of the state claims was a superior method of adjudication under the Rule 23 analysis:

> "Many courts have concluded that 'permitting [state] Labor Law claims to proceed as Rule 23(b)(3) class actions, along with the FLSA actions, is a "superior method" for adjudicating plaintiffs' claims - at least where, as here, plaintiffs' state law claims are based on the same facts as their federal law claims.' *Trinidad v. Breakaway Courier Systems, Inc.*, Civil Action No. 05-4116, 2007 WL 103073 at 9 (S.D.N.Y. January 12, 2007); *see also Frank v. Gold'n Plump Poultry, Inc*., Civil Action No. 041018JNERLE, 2005 WL 2240336 at 5 (D. Minn. Sept. 14, 2005) (stating that 'courts routinely certify FLSA opt-in classes and Rule 23 opt-out classes in the same action'); *Goldman v. Radioshack Corp.*, Civil Action No. 03-0032, 2005 WL 1124172 at 4 (E.D. Pa. May 9, 2005) (concluding that the superior method for adjudicating plaintiffs' state law claims was to certify an opt-out state law class alongside an opt-in FLSA class); *Westerfield v. Washington Mutual Bank*, Civil Action No. 06-2817, 2007 WL 2162989 at 2 (E.D.N.Y. July 26, 2007) (stating broadly that the "theory of inherent incompatibility" between the opt-in procedures of FLSA collective actions and the opt-out procedures of Rule 23 class actions is "an

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

imaginary legal doctrine.")

Numerous other courts have implicitly confirmed that FLSA collective actions and Rule 23 actions may and should proceed in conjunction, so long as the appropriate opt-in and opt-out procedures are applied to the respective claims. *See*, *e.g. Carter v. Anderson Mechandisers, LP*, No. EDCV 08-25-VAP (Opx), 2008 WL 2783193 (C.D. Cal. 2007) (analyzing plaintiffs' FLSA collective action claims under § 216(b) and noting that the plaintiffs' Oregon and California state wage and hour claims would proceed under class certification pursuant to Rule 23) and *In Re Farmers Ins. Exchange, Claims Representatives' Overtime Pay*, 481 F.3d 1119 (9th Cir. 2007) (noting that "The district court certified a FLSA collective action, which, under the Act, required any unnamed former or current claims adjusters to formally 'opt-in' if they wanted to participate, while addressing various state law wage and hour claims under Rule 23 and noting that '[e]ach of the state law classes was an opt-out class, that is, individuals were automatically included in the state law action unless they filed the appropriate notice with the district court.'").[1]

The Proposed Settlement Agreement at issue follows the rule above, by creating a *de facto* "opt in" process for resolution of class members' FLSA claims, while applying Rule 23's "opt-out" process for any claims arising from California wage and hour laws.[2] By only releasing the FLSA

---

[1] At the hearing on July 23, 200, the Court cited three cases, *Trezvant v. Fidelity Employer Services Corp.*, 434 F. Supp. 2d 40 (D. Mass. 2006), *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F. 2d 757 (9th Cir. 1981), and *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240 (11th Cir. 2003). These cases are not on point to the issue presented by the Court in relation to this case. For example, in *Trezvant*, the Court held that plaintiffs alleging violations of state overtime laws could not certify a class under Rule 23 ***because New Hampshire law expressly excludes employers from overtime liability where they are also subject to the Fair Labor Standards Act***. *Trezvant*, 434 F. Supp. 2d at 54. Because the plaintiffs were prohibited under New Hampshire state law from bringing a Rule 23 action for overtime wages, the appropriate procedure was to seek certification under the FLSA. *See, generally, id.* In *Trezvant*, the issue was not what procedure applied to joint adjudication of FLSA and class-wide state claims where the court has supplemental jurisdiction, but complete preemption of state claims by the FLSA (which does not exist under California law). Similarly, *Partlow* and *Cameron* do not address the issue of whether Section 216 should govern state law overtime claims plead in conjunction with FLSA overtime claims.

[2] Footnote 1, Paragrah 1.28 on pages 9 and 10 of the Settlement states: "Although all other Released Claims are released by all Settlement Class Members, the Settling Parties agree that

claims of those class members who take affirmative action and submit a claim for payment, the settlement gives effect to the FLSA § 216(b)'s mandate that "no employee shall be a party plaintiff...unless he gives his consent in writing." At the same time, the Settlement follows Rule 23 procedures with respect to class members' California labor code claims, by releasing these claims for any class member who does not opt-out. This procedure was recently approved by another Court within this District. *See*, *Raymond Vinole v. World Savings, Inc*., Case No. 3:06-cv-05296 JSW, Docket Entry Nos. 61 (Order granting preliminary approval), and 38 (Stipulation of Settlement, Para.1.36)

Date: July 25, 2008

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Carrie S. Lin
Carrie S. Lin, Esq.
Attorneys for the Plaintiff
And the Plaintiff Class

---

direct FLSA claims for unpaid overtime...are released with respect to Participating Claimants only." Participating claimants are, in turn, defined as "each Member of the Settlement Class who submits a Qualifying Settlement Claim Certification Form in response to the Notice re: Pendency of Class Action. *See, Stipulation Re: Settlement of Class Action* ("Stip") ¶ 1.23.