SCOTT EDWARD COLE (State Bar No. 160744)
MATTHEW R. BAINER (State Bar No. 220972)
CARRIE S. LIN (State Bar No. 241849)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
Telephone:     (510) 891-9800
Facsimile:     (510) 891-7030
E-mail:        clin@scalaw.com

Attorneys for Plaintiff TAMARA PARTRIDGE


MALCOLM A. HEINICKE (State Bar No. 194174)
TYLER A. ROOZEN (State Bar No. 248669)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Tel: (415) 512-4000; Facsimile: (415) 512-4077
Email: Malcolm.Heinicke@mto.com

Attorneys for Defendant SHEA MORTGAGE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA PARTRIDGE individually, and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>   vs.<br><br>SHEA MORTGAGE INC.,<br><br>   Defendant. | CASE NO.  C07-04230 BZ<br><br>**STIPULATION RE: AMENDMENT OF STIPULATION REGARDING SETTLEMENT OF CLASS ACTION**<br><br>**[SUPPLEMENTAL JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND [AMENDED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL FILED CONCURRENTLY]**<br><br>DATE:   Motion heard July 23, 2008<br><br><br>**The Honorable Bernard Zimmerman** |

1  WHEREAS, Plaintiff Tamara Partridge has filed a putative collective and class action against Defendant Shea Mortgage Inc. alleging various employment claims, including the alleged failure to reimburse business expenses and the alleged failure to properly classify employees;

WHEREAS, the parties (through counsel for both parties) have conducted a mediation session and have reached a settlement agreement, and the parties sought preliminary approval of that settlement and associated authority to send notices to the proposed class;

WHEREAS, the Court held a hearing on the parties' joint motion for preliminary approval of their settlement and, without either granting or denying approval, requested additional briefing regarding certain aspects of the settlement and suggested various potential alterations to the Stipulation Re: Settlement of Class Action that would lead to preliminary approval;

WHEREAS, pursuant to the terms of the settlement agreement they initially executed, the parties hereby revise the settlement agreement to accommodate comments made by the Court during the July 23, 2008 hearing;

WHEREAS, Paragraphs 2.11.8 and 2.11.10 of the Stipulation Re: Settlement Of Class Action authorize the parties, through counsel, to amend the settlement agreement, and counsel signing below represent that they have express authority from their clients to enter this stipulation;

WHEREAS, all parties favor and will support Court approval of the settlement as amended herein;

WHEREAS, the parties through their counsel stipulate as follows:

IT IS HEREBY STIPULATED that the following amendments are made to the Stipulation Regarding Settlement Of Class And Collective Actions (with deletions appearing in strike-through text, and additions appearing in underlined text.)

(1) Paragraph 1.20 is amended to read: "The "Notice Response Deadline" shall be the date ~~thirty (30)~~ <u>forty five (45)</u> days after the Class Notice is mailed to the Class Members by the Claims Administrator.";

1     (2)  Paragraph 1.28 is amended to read: "A "Qualifying Work Week" is any calendar week or portion thereof in which a Class Member was employed by Shea Mortgage in California as a Loan Counselor during the Class Period.  A Class Member need not have worked during the entire calendar week period for it to qualify as a Qualifying Work Week.  The Settling Parties agree that the maximum number of Qualifying Work Weeks possible for a Class Member is approximately 25~~7~~9, *i.e.*, assuming the Class Member worked as a Loan Counselor in California during the entire Class Period, and assuming the Preliminary Approval date is ~~July 23~~August 6, 2008.  The Settling Parties agree that the total number of Qualifying Work Weeks worked by the Class is approximately 4,~~895~~786.  If, once the Class Period is complete and final review of the Class is performed, the number of Qualifying Work Weeks in the Class Period is more than 4,997, then the Settling Parties agree that the Maximum Settlement Portion for Payments to Participating Claimants shall be increased on a pro rata basis consistent with the Settlement Sum Variable, pursuant to Paragraph 1.15.";

    (3)  Paragraph 1.29 is amended to read:  " "Released Claims" shall collectively mean any and all claims, including Unknown Claims as defined in Paragraph 1.41 hereof, ~~demands, rights, liabilities and causes of action of every nature and description whatsoever by a Class Member against the Shea Mortgage Releasees, or any of them, relating to his or her employment with, or work for, Shea Mortgage in California, including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, that accrued prior to the Preliminary Approval Date, for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief,~~ based on the following categories of allegations: (1) (a) any and all claims relating to alleged misclassification as an exempt employee, including without limitation any claims for (i) failure to pay regular or premium overtime wages, (ii) failure to comply with payroll or wage record-keeping or itemization requirements, (iii) failure to provide meal and/or rest periods and/or to pay additional sums of money in lieu thereof, (iv) failure to timely pay wages due at termination or otherwise, (v) failure to pay standby or "on-call" wages; and (vi) improper wage deductions; (b)

1  any and all claims for the reimbursement of business expenses, including without limitation
2  driving mileage reimbursements or home office expenses; (2) <u>(a)</u> any and all associated statutory
3  claims, including without limitation claims under the California Labor Code sections 218, 221,
4  226, 226.7, 512, 1174, 1194, 2802, 2698 et seq. and the Fair Labor Standards Act ("FLSA") and
5  the Portal to Portal Act,[1] and California Business & Professions Code section 17200 et seq., and
6  the California Industrial Welfare Commission Wage Orders; (<u>b</u><s>c</s>) any and all associated claims
7  for penalties, including without limitation claims under California Labor Code sections 203, 226,
8  226.7, 512 & 1194, 2698 et seq.; (<u>c</u><s>d</s>) any and all associated claims for interest, costs, or attorney
9  fees; and (<u>3</u><s>e</s>) to the extent not covered above, all claims pled in the Litigation.

10  <u>The term "claims," as used in this Paragraph, includes demands, rights, liabilities</u>
11  <u>and causes of action of every nature and description whatsoever by a Class Member against the</u>
12  <u>Shea Mortgage Releasees, or any of them, relating to his or her employment with, or work for,</u>
13  <u>Shea Mortgage in California, including without limitation statutory, constitutional, contractual or</u>
14  <u>common law claims, whether known or unknown, whether or not concealed or hidden, that</u>
15  <u>accrued prior to the Preliminary Approval Date, for any type of relief, including without</u>
16  <u>limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive</u>
17  <u>damages, interest, attorney fees, litigation costs, restitution, or equitable relief, that fall within the</u>
18  <u>categories of allegations listed in subparagraphs (1)(a) - (b) (including all Subparagraphs); (2)(a)-</u>
19  <u>(c); or (3).</u

20  This release extends to claims only to the extent they are covered by the <s>above</s>
21  definitions <u>in Subparagraphs (1)(a) - (b) (including all subparagraphs); (2)(a)-(c); or (3)</u>, and if so,
22  then this release shall cover such claims under California and federal statutes as well as any other
23  theories, and the release of known or unknown claims described above set forth herein shall
24  include a waiver of the protections of California Civil Code section 1542, again provided this

---

[1] Although all other Released Claims are released by all Settlement Class Members, the Settling Parties agree that direct FLSA claims for unpaid overtime, as opposed to state law claims predicated on the FLSA such as claims as California Business & Professions Code section 17200 (which are Released Claims), are released with respect to Participating Claimants only.

5647286.3                                 3            Stip. Re: Amendment of Stip. Re: Settlement of
                                                          Class Actions; Case No. C07-04230 BZ

1  release of unknown claims applies only to unknown claims that meet the definition of Released
2  Claims.";

3              (4)    Paragraph 2.4.2 shall be amended to read: "This Class Notice and its
4  envelope or covering shall be marked to denote the return address of the Claims Administrator, as
5  that address is listed at the bottom of the Claim Form herein, i.e., <u>Gilardi & Co. LLC, Re:
6  Partridge Litigation, 3301 Kemer Blvd., San Ramon, CA 94901, and the envelope will also bear
7  the legend "Important Legal Materials Enclosed"</u>.

8              (5)    Paragraph 2.4.6 is amended to read: "Unless the Claims Administrator
9  receives a Class Notice returned from the United States Postal Service for reasons discussed
10 below in this paragraph, that Class Notice shall be deemed mailed and received by the Class
11 Member to whom it was sent five days (5) days after mailing.  In the event that subsequent to the
12 first mailing of a Notice Re: Pendency of Class Action and prior to the Notice Response
13 Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service
14 with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to
15 that address, the notice will be deemed mailed at that point, and the forwarding address shall be
16 deemed the Updated Address for that Class Member.  In the event that subsequent to the first
17 mailing of a Class Notice, and prior to the Notice Response Deadline, ~~that~~ <u>a</u> Notice <u>that is mailed
18 to a Class Member who is no longer employed by Shea Mortgage</u> is returned to the Claims
19 Administrator by the United States Postal Service because the address of the recipient is no longer
20 valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall undertake
21 an Updated Address Verification Measure, and shall re-send the Class Notice to the updated
22 address, if any, and shall treat the updated address as the Last Known Address.  In the event that
23 subsequent to the first mailing of a Class Notice, and prior to the Notice Response Deadline, ~~that~~
24 <u>a</u> Notice <u>that is mailed to a Class Member who is no longer employed by Shea Mortgage</u> is
25 returned to the Claims Administrator by the United States Postal Service because the address of
26 the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," and the Updated
27 Address Verification Measure produces no new address, the Notice shall be sent again to the Last
28 Known Address.  In either of the last two events described, the Notice Re: Pendency of Class

1  Action shall be deemed received once it is mailed for the second time. In the event that
2  subsequent to the first mailing of a Class Notice, and prior to the Notice Response Deadline, a
3  Notice that is mailed to a Class Member who is currently employed by Shea Mortgage is returned
4  to the Claims Administrator by the United States Postal Service because the address of the
5  recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims
6  Administrator shall, within five business days of receiving the returned Notice, deliver a copy of
7  the Notice directly to the employee at his or her place of employment, and Shea Mortgage will
8  provide the Claims Administrator with the necessary information to do so. Nothing in this
9  Paragraph shall be deemed to extend the Notice Response Deadline.";

10      (6) Paragraph 2.5.5 is amended to read: "If a Class Member~~s who~~ submits
11  both a Settlement Claim Certification Form~~s~~ and an Opt Out~~s~~, the Claims Administrator shall
12  provide Class Counsel and Shea Mortgage with copies of both submissions. If, after reviewing
13  the Class Member's Settlement Claim Certification Form and Opt Out, counsel for either party
14  believes that it is unclear whether the Class Member intended to become a Participating Claimant
15  or Opt Out of the settlement, the parties shall jointly direct the Claims Administrator to ~~be send~~t a
16  cure letter to the Class Member ~~by the Claims Administrator~~ seeking clarification of which
17  response ~~they~~ he or she wants to submit. ~~Absent any cure,~~ If no such cure is provided within (15)
18  days of the mailing of the cure letter, the Class Member in question will be deemed a
19  Participating Claimant~~s~~. Alternatively, if, after reviewing the Class Member's submissions, both
20  Class Counsel and Defendant believe that the Class Member's intent to either become a
21  Participating Claimant or Opt Out of the settlement is clear, they shall jointly inform the Claims
22  Administrator of that intent and no cure letter will be necessary. Class Members who submit
23  incomplete Settlement Claim Certification Forms or Opt Outs or Change of Address Forms shall
24  be notified by the Claims Administrator and given an additional fifteen (15) days from the date of
25  mailing of the cure letter to cure such deficiencies provided the original submission was
26  submitted on or prior to the Notice Response Deadline.
27      (7) Paragraph 2.5.7 shall read: "Prior to the Settlement Hearing and consistent
28  with the rules imposed by the Court, the Class Representative and Shea Mortgage shall jointly

move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Through this motion, the Settling Parties shall advise the Court of the agreements in Paragraphs 2.8.1 and 2.8.2 of this Stipulation. The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in Paragraphs 2.8.1 and 2.8.2 this Stipulation. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. <u>The motion seeking entry of the Order of Final Approval will be accompanied by a declaration from the Claims Administrator that states: (1) the number of Class Members who validly submitted Opt Outs, accompanied by a list of their names, which may be submitted as an attachment to the proposed judgment; (2) the number of objections received from Class Members and a summary of each objection; (3) the total number of Participating Claimants; (4) the total number of Class Notices that were sent to Class Members who are no longer employed by Shea Mortgage and, after following the procedures described in Paragraph 2.4.6, were returned to the Claims Administrator as undeliverable (i.e., "Return to Sender") subsequent to the Notice Response Deadline, and (5) any other information the parties believe is relevant to their motion seeking entry of the Order of Final Approval and entry of the proposed judgment.</u> The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio*, and Shea Mortgage shall have no obligations to make any payments under the Stipulation."

(8) Paragraph 2.6.3 shall be amended to read: "Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of at least ninety (90) days from the date of mailing~~,~~ and <u>shall state on their face the amount of time for which they will remain negotiable.</u> ~~t~~<u>T</u>he funds associated with any checks which are not properly or timely negotiated shall remain the property of Shea Mortgage and shall not be paid to any Person other than Shea Mortgage. The Settling Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided for in this Stipulation; any finding to the contrary shall be grounds for Shea Mortgage to void the agreement. Participating

1   Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class

2   Members, remain subject to the terms of the Judgment."

3      (9) Paragraph 2.11.22 shall be added and it will read: "<u>A full copy of this

4   <u>Stipulation Re: Settlement of Class Action shall be made available to Class Members in PDF</u>

5   <u>format on the Claims Administrator website listed in the Class Notice.</u>"

6      (10) The "[Proposed] Notice to Class Members," attached as Exhibit 2 to the

7   Stipulation Re: Class Action Settlement, shall be amended to read as follows:

8      (a) The first paragraph of Section III of the Notice, Entitled

9   "Description of the Settlement," shall be amended to read:  "On behalf of other members of the

10  Settlement Class, the Class Representative has reached a voluntary settlement agreement with

11  Shea Mortgage.  Through this settlement, neither Shea Mortgage nor any of its affiliates or

12  employees has admitted any liability or wrongdoing.  A full copy of the settlement agreement,

13  which is entitled the Stipulation of Settlement re: Class Action, as preliminarily approved by the

14  Court, as well as other public documents filed with regard to this matter can be inspected in the

15  Office of the Court Clerk.  Please see Section IX of this Notice for further details.<u>  In addition, a</u>

16  <u>full copy of the Stipulation of Settlement re: Class Action is available online at [WEBSITE</u>

17  <u>ADDRESS], and the pass code to access this settlement agreement is [passcode].</u>";

18     (b) The fourth paragraph of Section III of the Notice, entitled

19  "Description of the Settlement" shall be amended to read: "Class Members who do not opt out of

20  the settlement will remain subject to the judgment and be precluded from bringing any "Released

21  Claims" against Shea Mortgage or any of its affiliates in the future, whether they submit claim

22  forms or not.  Specifically, those Class Members who do not opt out of the matter will be

23  precluded from bringing "Released Claims," which are defined as any claims, including unknown

24  claims, demands, rights, liabilities and causes of action of every nature and description

25  whatsoever by a Class Member relating to his or her employment with, or work for, Shea

26  Mortgage or any of its affiliates in California, including without limitation statutory,

27  constitutional, contractual or common law claims, whether known or unknown, whether or not

28  concealed or hidden, against Shea Mortgage or its employees, agents, or affiliates, that accrued at

1  any time between August 17, 2003 and [PRELIMINARY APPROVAL DATE] for any type of
2  relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated
3  damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief,
4  based on the following categories of allegations: (1) (a) any and all claims relating to alleged
5  misclassification as an exempt employee, including without limitation any claims for (i) failure to
6  pay regular or premium overtime wages, (ii) failure to comply with payroll or wage record-
7  keeping or itemization requirements, (iii) failure to provide meal and/or rest periods and/or to pay
8  additional sums of money in lieu thereof, (iv) failure to timely pay wages due at termination or
9  otherwise, (v) failure to pay standby or "on-call" wages; and (vi) improper wage deductions; (b)
10 any and all claims for the reimbursement of expenses, including without limitation driving
11 mileage reimbursements or home office expenses; (2)(a) any and all associated statutory claims,
12 including without limitation claims under the California Labor Code sections 218, 221, 226,
13 226.7, 512, 1174, 1194, 2802. 2698 et seq. and the federal Fair Labor Standards Act ("FLSA")
14 and the Portal to Portal Act, and California Business & Professions Code section 17200 et seq.,
15 and the California Industrial Welfare Commission Wage Orders; (be) any and all associated
16 claims for penalties, including without limitation claims under California Labor Code sections
17 203, 226, 226.7, 512 & 1194, 2698 et seq.; (cd) any and all associated claims for interest, costs, or
18 attorney fees; and (3e) to the extent not covered above, all claims pled in the Litigation.
19 Notwithstanding the foregoing, Class Members whoill only be deemed to have waived direct
20 FLSA claims for overtime pay if they do not become Participating Claimants will not be deemed
21 to have waived FLSA claims for unpaid overtime. In other words, only Class Members who
22 submit a claim for payment under the settlement will be deemed to have waived their direct
23 FLSA claims. All other Class Members will retain their direct FLSA claims. However, any
24 Class Members who do not opt out of the settlement but they will be deemed to have waived any
25 claims under California law predicated on the violation of the FLSA or other state or federal or
26 other laws.";
27            (c)   Section IX of the Notice, entitled "Examination of Papers Filed in
28 this Act," shall be amended to read: "This Notice does not fully describe the action. Members of

1  the public, including but not limited to those whose rights may be affected by this action, may
2  inspect the files through the Court Clerk at the following address:  Office of the Clerk, United
3  States District Court for the Northern District of California, 450 Golden Gate Avenue, San
4  Francisco, California 94102.  <u>A fully copy of the parties "Stipulation of Settlement re: Class
5  Action" is available online at [WEBSITE ADDRESS], and the pass code to access this settlement
6  agreement is [passcode]</u>."

9        I, Tyler A. Roozen, attest that I have obtained concurrence from Carrie S. Lin in
10  the filing of this Stipulation Re: Amendment of Stipulation Regarding Settlement of Class Action.
11  *See* N.D. Cal. General Order 45 § 10(B).

13        Respectfully submitted,

15  DATED:  August 1, 2008:      SCOTT COLE AND ASSOCIATES, APC

16        By:  */s/ Carrie S. Lin* _____
          CARRIE S. LIN

18  Class Counsel and Counsel to Plaintiff Tamara Partridge

20  DATED:  August 1, 2008:      MUNGER, TOLLES & OLSON LLP

21        By:  /s/ *Tyler A. Roozen*
          TYLER A. ROOZEN

23  Counsel for Defendant Shea Mortgage Inc.