UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA PARTRIDGE, individually, and on behalf of all others similarly situated, <br><br>    Plaintiff(s), <br><br> v. <br><br> SHEA MORTGAGE INC., <br><br>    Defendant(s). | No. C 07-4230 BZ <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR AN ENHANCEMENT AWARD TO THE CLASS REPRESENTATIVE** |

    Before the Court is plaintiffs' Motion for an Order Granting an Enhancement Award to the Class Representative. Plaintiffs seek a $15,000 incentive payment for the class representative for her services to the class.

    In the Ninth Circuit, a court has discretion to award a class representative a reasonable incentive payment. <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 977 (9th Cir. 2003; <u>Mego Fin'l Corp. Sec. Litig. Nadler</u>, 213 F.3d 454, 463 (9th Cir. 2000). Many courts have approached such incentives cautiously as they

1

1  tend to undermine the class representative's incentive to
2  monitor suboptimal or collusive settlements, at the expense of
3  other class members whose interests the named plaintiff has a
4  duty to protect.  Staton, 327 F.3d 975 and cases cited
5  therein.
6       A court may consider the following criteria in
7  determining whether to award an incentive payment: "(1) the
8  risk to the class representative in commencing suit, both
9  financial and otherwise; (2) the notoriety and personal
10 difficulties encountered by the class representative; (3) the
11 amount of time and effort spent by the class representative;
12 (4) the duration of litigation; and (5) the personal benefit
13 (or lack thereof) enjoyed by the class representative as a
14 result of the litigation.  Van Vranken v. Atlantic Richfield
15 Co., 901 F.Supp. 294, 299 (N.D.Cal. 1995).
16      Here, Partridge has not established any of the factors
17 that support an incentive.  Because she was substituted as
18 class representative only after a tentative settlement was
19 reached, she faced little, if any, risk.  Her job was not at
20 risk.  She was then no longer employed by the defendant and
21 was engaging in conduct defendant desired.  She has made no
22 showing that her participation as class representative could
23 damage her in the future.
24      Partridge has made no showing that she encountered any
25 personal difficulties or notoriety over her role as class
26 representative which is not surprising since she was
27 participating in a settlement both sides wanted.  While she
28 spent some personal time helping counsel on the case,

performing such tasks as submitting a declaration, corresponding via email and teleconference with class counsel, and producing documents, it does not appear that her participation justifies additional payment beyond that which she will receive as a class member. Much of her participation was undertaken before she was substituted as named plaintiff. Plaintiffs' counsel assert that many other class members volunteered their time to the case, none of whom have asked for any incentive. Finally, as a class member she stands to receive a substantial payment as a result of the litigation, thus minimizing any need to provide an incentive payment.

    A judge of this court, in denying preliminary approval of a class action settlement, had this to say about incentive payments:

> So-called "incentive payments" are a recent invention by those who handle class actions. Class actions did much justice without them for many decades. While there is a theoretical rationale for incentive payments, there is also a major downside. The downside is that the payments lend themselves for use as side payments to induce named plaintiffs to go along with sweetheart deals. Ordinarily, named plaintiffs ought to receive no more or less than the absent class members they purport to represent. In this way, they are incentivized, out of self interest, to achieve the best possible result for the class.

<u>Kakani et al. V. Oracle Corporation</u>, Case No, 06-06493 WHA, Doc. 72 (Order Denying Preliminary Approval of Proposed Class Settlement) (June 19, 2007). Were Partridge to receive $15,000, the facts discussed above could be seen as presenting the unfortunate appearance that the incentive was a reward to a class member who was willing to accept the settlement after the class representative rejected it.

1      For all of the foregoing reasons, the court finds that Tamara Partridge is not entitled to any incentive payment.

Dated: December 22, 2008

*Bernard Zimmerman*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\PARTRIDGE V. SHEA MORTGAGE\ORDER DENYING INCENTIVE PAYMENT.wpd

4