1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAMARA PARTRIDGE, individually, and on behalf of all others similarly situated, | ) ) ) ) ) | No. C 07-4230 BZ |
| Plaintiff(s), | ) ) | **ORDER AWARDING ATTORNEYS' FEES AND COSTS** |
| v. | ) ) | |
| SHEA MORTGAGE INC., | ) ) | |
| Defendant(s). | ) ) ) ) | |

Before the Court is plaintiffs' Motion for Attorneys' Fees and Costs. Plaintiffs' seek an award of $107,920.81 in attorneys' fees and $10,579.19 in litigation costs and expenses incurred. Originally premised on an award of about 30% of the common fund, plaintiffs now also premise it on their lodestar.

The total settlement provides for a maximum payment by the defendant of $395,000. Included in the $395,000 is up to $107,920.81 for attorneys' fees and $10,579.19 for costs incurred, up to $10,000 for settlement costs, up to $15,000 as

1

an incentive payment to the named plaintiff, and up to $251,500 to compensate class members.

In the Ninth Circuit, district courts presiding over common fund cases have the discretion to award attorneys' fees based on either the lodestar method or the percentage method, which was proposed here. In Re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1296 (9th Cir. 1994). In my discretion, I have decided to adopt the common fund approach in this case, given that the lodestar claimed by plaintiffs, $462,320, is much greater than the total settlement amount.

The Ninth Circuit has established that in common fund cases, the "benchmark" award is 25 percent of the recovery obtained. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989). Selection of the benchmark, or any other rate, must be supported by findings that take into account all of the circumstances of the case. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002). The benchmark may be adjusted when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted or other relevant factors. Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

The Ninth Circuit has approved a number of factors to guide the district court's determination of the reasonable percentage recovery: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar

1 cases. In Re Omnivision Techs., Inc., 559 F. Supp. 2d 1036,
2 1046 (N.D. Cal. 2007).

3     For purposes of determining a fee award, I consider the
4 common fund to be $380,000, excluding the $15,000 incentive
5 award which was earmarked for the named plaintiff personally
6 and does not revert to the class.  After balancing the
7 relevant factors, I conclude that an attorneys' fees award of
8 $95,000, or 25% of the common fund, is reasonable and
9 justified.  This award recognizes that the common fund was
10 created for the class through the efforts of counsel, and that
11 class counsel have litigated this case despite having received
12 no compensation for their efforts and having no guaranty that
13 they would ever be paid for their efforts.  It also recognizes
14 a result which I have found beneficial to the class members.
15 It is also consistent with awards in similar cases.

16     Based on the record, I find no special circumstances to
17 justify plaintiffs' request of $107,920.81, roughly 28.4
18 percent of the common fund, especially given the concerns I
19 expressed at the preliminary approval hearing about whether
20 plaintiffs' attorney fully understood some of the issues that
21 were presented by the proposed settlement.  At the final
22 hearing, Mr. Cole, lead counsel, assured the Court that he had
23 been responsible for negotiating the terms of the settlement;
24 this relieved the Court of some of its concerns.

25     The $10,579.19 in litigation costs and expenses incurred
26 by class counsel through October 16, 2008 appear to have been
27 reasonably incurred for the benefit of the class.  I find that
28 their reimbursement is reasonable and justified.

3

1 **IT IS HEREBY ORDERED THAT** defendant shall pay class
2 counsel attorneys' fees in the amount of $95,000 and
3 reimbursement of costs and expenses in an amount not to exceed
4 $10,579.19 from the settlement fund.
5 Dated: December 22, 2008

            _____
                    Bernard Zimmerman
                United States Magistrate Judge

G:\BZALL\-BZCASES\PARTRIDGE V. SHEA MORTGAGE\ORDER Awarding ATTORNEYS FEES.wpd