```
 1
 2
 3
 4
 5
 6
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAMARA PARTRIDGE, individually, and on behalf of all others similarly situated, | ) ) ) ) | No. C 07-4230 BZ |
| Plaintiff(s), | ) ) | **JUDGMENT** |
| v. | ) ) | |
| SHEA MORTGAGE INC., | ) ) | |
| Defendant(s). | ) ) | |

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement, as amended (the "Stipulation").  Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

The Court, for purposes of this Judgment and Order of

1

Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action, as amended ("Stipulation") filed in this case.

1. The Court has jurisdiction over the subject matter of the Litigation, the other Members of the Settlement Class and Shea Mortgage.

2. The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and California law.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.  The Court further finds that the Settling Parties have further satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act.

3. The Court finds in favor of settlement approval.

4. The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation and the Orders of this Court.

5. Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and

timely requested exclusion from the Settlement Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Settlement Class.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.  Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule 23.

7.  With respect to the Settlement Class and for purposes of approving this settlement, this Court finds and concludes that:  (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Members of the Settlement Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Tamara Partridge are typical of the claims of the Members of the Settlement Class; (d) The Class Representative has fairly and adequately protected the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for The Class Representative, *i.e.*, Class Counsel, is qualified to serve as counsel for the plaintiff in her individual and representative capacities and for the Settlement Class.

8. By this Judgment, The Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims). The Released Claims, as more fully defined in the Stipulation, include, with the exception of the Fair Labor Standards Act claims of Settlement Class Members who do not become Participating Claimants, and otherwise without limitation, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the Shea Mortgage Releasees, or any of them, that accrued at any time on or prior to August 14, 2008 for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims, including without limitation claims for unpaid overtime wages or meal and rest period violations, alleging, or flowing from alleged, misclassification of employees as exempt employees, *i.e.*, employees who are exempt under federal and/or California law from premium overtime requirements, meal and rest period requirements, or all other wage and hour requirements imposed on employees who do not qualify for any exemption, including

4

without limitation the administrative, inside salesperson or outside salesperson exemptions set forth in state and federal law; (b) any and all claims for failure to reimburse or cover or pay for business costs, including without limitation claims for reimbursement of costs spent on or imposed for any type of business expenses.

9. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Shea Mortgage or any of the Shea Mortgage Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Shea Mortgage or any of the Shea Mortgage Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  In the event that the Effective Date does not occur, Shea Mortgage shall not be estopped or otherwise precluded from contesting class or collective action certification in the Litigation or other litigation on any grounds.  Shea Mortgage or any of the Shea Mortgage Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

 1        10.  The only Settlement Class Members entitled to
 2   payment pursuant to this Judgment are Participating Claimants,
 3   including four late claims the Court has **ORDERED** honored.
 4   Neither the Stipulation nor this Judgment will result in the
 5   creation of any unpaid residue or residual.  Shea Mortgage
 6   shall deliver the payments to the Participating Claimants as
 7   provided for in the Stipulation and this Court's Orders.
 8        11.  Shea Mortgage has agreed to pay Class Counsel their
 9   reasonable attorneys' fees as well as certain allowable costs
10   in this matter in the amount of $118,500.00, and Shea Mortgage
11   has agreed to pay an enhancement to the Class Representative
12   to reimburse her for her unique services in the amount of
13   $15,000.00.  The Court has issued separate orders on these
14   matters.  Shea Mortgage is directed to make such payments in
15   accordance with the Court's Orders.
16        12.  The Court reserves exclusive and continuing
17   jurisdiction over the Litigation, the Class Representative,
18   the Settlement Class and Shea Mortgage for the purposes of
19   supervising the implementation, enforcement, construction,
20   administration and interpretation of the Stipulation and this
21   Judgment.  The Litigation is dismissed with prejudice.
22        13.  This document shall constitute a judgment (and
23   separate document constituting said judgment) for purposes of
24   Federal Rule of Civil Procedure, Rule 58.
25   Dated: January 8, 2009
                                    _____
26                                         Bernard Zimmerman
                                       United States Magistrate Judge
27
28   G:\BZALL\-BZCASES\PARTRIDGE V. SHEA MORTGAGE\JUDGMENT1.8.09.wpd

                                    6

**EXHIBIT A**

<u>Class Members who are excluded from this Judgment</u>:

SHERRY R. CARR

JANEEN M. PATTERSON

HUGH TANNER